IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     : Chapter 11
                                                           :
GREEN FIELD ENERGY SERVICES, INC., et                      : Case No. 13-12783 (_____)
al.,                                                       :
                                                           : Joint Administration Requested
        Debtors.[1]                                        :
---------------------------------------------------------- x

**MOTION OF DEBTORS FOR ORDER UNDER
11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM
ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION
INVOICES, (II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT,
AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of interim and final orders, under Section 366 of Title 11 of the United States Code (the "**Bankruptcy Code**"), (i) prohibiting the Debtors' utility service providers from altering, refusing or discontinuing service, (ii) approving an adequate assurance deposit as adequate assurance of postpetition payment to the utility companies and (iii) establishing procedures for resolving any subsequent requests by the utility companies for additional adequate assurance of payment. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions*, filed with the Court concurrently herewith (the "**Blackwell Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 366.

## BACKGROUND

2.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Blackwell Declaration and fully incorporated herein by reference.

3.      The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## RELIEF REQUESTED

4.      By this Motion, the Debtors request entry of interim and final orders approving procedures that would provide adequate assurance of payment to their utility service providers (the "**Utility Companies**")[2] under Bankruptcy Code Section 366, while allowing the

---

[2] The Utility Companies known to and identified by the Debtors to date are listed on Exhibit A hereto. While the Debtors have used their best efforts to list all of their Utility Companies on Exhibit A, it is

Debtors to avoid the threat of imminent termination of electricity, water, natural gas, oil, waste removal, telephone, telecommunications and similar utility products and services (collectively, the "**Utility Services**") from those Utility Companies.[3] Specifically, the Debtors request entry of interim and final orders (a) approving the Debtors' deposit of $56,481.50 (which is approximately 50% of the estimated monthly cost of the Utility Services, based on historical averages over the prior twelve (12) months) into a newly created, segregated, interest-bearing account, as adequate assurance of postpetition payment to the Utility Companies pursuant to Bankruptcy Code Section 366(b), (b) approving the additional adequate assurance procedures described below as the method for resolving disputes regarding adequate assurance of payment to Utility Companies and (c) prohibiting the Utility Companies from altering, refusing or discontinuing services to the Debtors except as may be permitted by the proposed procedures.

A. **The Debtors' Utility Companies**

5. As of the Petition Date, approximately fifteen (15) Utility Companies provide Utility Services to the Debtors at various locations through approximately forty-three (43) accounts. The Utility Companies service the Debtors' offices/facilities in Louisiana, Colorado, Texas and Pennsylvania. On average, prior to the Petition Date, the Debtors spent

---

(cont'd from previous page)
possible that certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtors reserve the right, under the terms and conditions of this Motion and without further order of the Court, to amend Exhibit A to add any Utility Companies that were omitted therefrom and to request that the relief requested herein apply to all such entities as well. In addition, the Debtors reserve the right to argue that any of the entities now or hereafter listed on Exhibit A is not a "utility" within the meaning of Bankruptcy Code Section 366(a).

[3] In addition to payments made to Utility Companies, the Debtors also make payments to certain of their landlords under real property leases on account of Utility Services used by the Debtors at the leased properties (the "**Leased Properties**"). The Debtors are not directly billed by the utility companies providing the Utility Services at the Leased Properties and, thus, (a) the Debtors do not believe that Bankruptcy Code Section 366 is applicable to such payments and (b) for the avoidance of doubt, the term Utility Companies does not include the utility companies providing the Utility Services at the Leased Properties. The Debtors intend to honor their postpetition obligations with respect to the Leased Properties consistent with the requirements of the Bankruptcy Code.

approximately $112,963.00 each month on utility costs and had a history of timely payment of utility costs. The Debtors are not currently aware of any past due amounts owed to any of the Utility Companies. However, because of the timing of the filings in relation to the Utility Companies' billing cycles, there may be utility costs that have been invoiced to the Debtors for which payment is not yet due and utility costs for services provided since the end of the last billing cycle that have not yet been invoiced to the Debtors.

6. The Utility Services are crucial to the Debtors' continued operations. If the Utility Companies refuse or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted, and the Debtors could be forced to cease operations.

B. **The Adequate Assurance Deposit**

7. The Debtors intend to pay all postpetition obligations owed to the Utility Companies in a timely manner. Nevertheless, to provide additional assurance of payment for future services to the Utility Companies, the Debtors will deposit $56,481.50, which is an amount equal to approximately 50% of the estimated monthly cost of the Utility Services, into a newly created, segregated, interest-bearing account, within twenty (20) days of the Petition Date (the "**Adequate Assurance Deposit**"). Subject to paragraph 8 below, the Adequate Assurance Deposit will be maintained during the Chapter 11 Cases with a minimum balance equal to 50% of the Debtors' estimated monthly cost of Utility Services, which may be adjusted by the Debtors to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with individual Utility Companies.

8. The Debtors propose that any amounts in the Adequate Assurance Deposit Account and/or provided to a Utility Company to resolve any Additional Adequate Assurance Request be returned to the Debtors' estates within ten (10) business days of the earlier of (a) the

effective date of any confirmed chapter 11 plan in these Chapter 11 Cases and (b) the closing of the sale of substantially all of the Debtors' assets, unless one or more Utility Companies have asserted a claim against the Adequate Assurance Deposit, in which case, such claim or claims, if not consensually resolved, will be resolved by the Court

9. The Debtors further propose that, to the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company shall file a written notice of such delinquency (the "**Delinquency Notice**") with the Court and serve such Delinquency Notice on (a) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn: Earl J. Blackwell, (b) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Josef S. Athanas, (c) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King String, Wilmington, Delaware 19801, Attn: Kara Hammond Coyle, (d) counsel to the official committee of unsecured creditors, if one is appointed, and (e) the United States Trustee for the District of Delaware, 844 N. King Street, Room 2707, Wilmington, Delaware 19801, Attn: Tiiara Patton (each, a "**Party in Interest**"). Such Delinquency Notice must (a) set forth the amount of the delinquency, (b) set forth the location for which utility services are provided and (c) provide the Debtors' account number with the Utility Company.

10. The Debtors propose that if such delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt thereof, the Debtors will be required to (a) remit to such Utility Company from the Adequate Assurance Deposit the amount of postpetition charges claimed as delinquent in the Delinquency Notice and (b) replenish the Adequate Assurance Deposit for the amount remitted to such Utility Company. If a Party in Interest objects to the Delinquency Notice, then the Court would hold a hearing to

resolve the dispute and determine whether a payment should be remitted from the Adequate Assurance Deposit and, if such payment is warranted, how much should be remitted.

11. The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business, constitutes sufficient adequate assurance to the Utility Companies. If any Utility Company believes that additional assurance is required, it may request such assurance pursuant to the Additional Adequate Assurance Procedures described below.

C. **The Additional Adequate Assurance Procedures**

12. In the event that any Utility Company requests additional adequate assurance of payment pursuant to Bankruptcy Code Section 366(c)(2), the Debtors propose that such request be addressed pursuant to the following procedures (the "**Additional Adequate Assurance Procedures**"):

(a) Except as provided by the Additional Adequate Assurance Procedures, the Utility Companies are forbidden to (i) alter, refuse or discontinue services to, or discriminate against, the Debtors on account of unpaid prepetition invoices or any objections to the Debtors' Adequate Assurance Deposit, or due to the commencement of the Chapter 11 Cases or (ii) require the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than the establishment of the Adequate Assurance Deposit.

(b) The Debtors will serve on the Utility Companies (i) copies of this Motion and the interim order granting the relief requested herein within forty-eight (48) hours after the entry of the interim order and (ii) a copy of the final order granting the relief requested herein within forty-eight (48) hours after the entry of the final order.[4]

(c) In the event that a Utility Company asserts that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Bankruptcy Code Section 366(c)(2), that Utility Company must serve a written request (an "**Additional Adequate Assurance Request**") for

---

[4] Rule 9013-1(m)(iv) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") requires service of all first day motions and orders on affected parties within forty-eight (48) hours of entry of the first day order.

01:14282700.3
HN\1086738.8

adequate assurance in addition to or in lieu of its rights in the Adequate Assurance Deposit. All Additional Adequate Assurance Requests shall be delivered by mail and email to each of the following: (i) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn: Earl J. Blackwell, E-mail: gbarton@alvarezandmarsal.com; (ii) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Josef S. Athanas, E-mail: josef.athanas@lw.com; and (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King String, Wilmington, Delaware 19801, Attn: Kara Hammond Coyle, E-mail: kcoyle@ycst.com.

(d) Any Additional Adequate Assurance Request must (i) set forth the location(s) for which Utility Services are provided, (ii) set forth the account number(s) for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit(s), (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment and (v) provide a facsimile number and an email address to which the Debtors may respond to the Additional Adequate Assurance Request.

(e) Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will promptly negotiate with the Utility Company to resolve the Additional Adequate Assurance Request.

(f) Without further order of the Court, the Debtors may resolve an Additional Adequate Assurance Request by entering into agreements granting additional adequate assurance to the requesting Utility Company if the Debtors, in their sole discretion but subject to any postpetition financing or cash collateral order (or accompanying budget) entered by this Court, determine that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternative consensual provisions.

(g) If the Debtors determine that the Additional Adequate Assurance Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Company, the Debtors will request a hearing before this Court (the "**Determination Hearing**").

(h) The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Bankruptcy Code Section 366(c)(3).

(i) Any Utility Company that does not serve an Additional Adequate Assurance Request will be deemed to have received adequate assurance of

01:14282700.3
HN\1086738.8

    payment that is satisfactory to such Utility Company within the meaning of Bankruptcy Code Section 366(c)(2).

  (j)  All Utility Companies, including subsequently added Utility Companies, will be prohibited from altering, refusing or discontinuing Utility Services to the Debtors, or from discriminating against the Debtors with respect to the provision of Utility Services, absent further order of this Court.

  13.  The Debtors request a final hearing on this Motion to be held within twenty-five (25) days after the Petition Date to ensure that, if a Utility Company argues that the Adequate Assurance Deposit and the Additional Adequate Assurance Procedures are not satisfactory and that the Utility Company is entitled to unilaterally alter, refuse or discontinue Utility Services to the Debtors immediately following the thirtieth (30th) day after the Petition Date, the Debtors will have the opportunity, to the extent necessary, to request that the Court make such modifications to the proposed adequate assurance of payment in time to avoid any potential termination of Utility Services.

### D.  Subsequently Identified Utility Companies

  14.  The Debtors seek authority, in their sole discretion, to amend <u>Exhibit A</u> attached hereto to add or delete any Utility Company. To the extent that the Debtors subsequently identify any additional Utility Companies that provide Utility Services to them, the Debtors propose to add such Utility Companies to <u>Exhibit A</u> and to have the terms of the orders with respect to this Motion apply to any such Utility Companies. The Debtors will serve on any of the subsequently identified Utility Companies a copy of this Motion and the order entered with respect to the Motion, along with an amended <u>Exhibit A</u> that includes such Utility Company.

### BASIS FOR RELIEF

  15.  Congress enacted Bankruptcy Code Section 366 to protect debtors from utility service cutoffs upon a bankruptcy filing while, at the same time, providing utility

companies or providers with adequate assurance that the debtors will pay for postpetition services.  See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306.  In the context of chapter 11 cases, the statutory framework for debtor protections and adequate assurance obligations was modified by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**"), which added the provisions of Bankruptcy Code Section 366(c).

16.     Under Bankruptcy Code Section 366(c), a utility may alter, refuse or discontinue utility service if a debtor has not provided satisfactory adequate assurance within thirty (30) days of its bankruptcy filing.  In addition, Bankruptcy Code Section 366(c) restricts the factors that a court can consider when determining whether an adequate assurance proposal is, in fact, adequate.  Specifically, courts may not consider (a) the absence of a security deposit before the debtor's petition date, (b) the debtor's history of timely payments or (c) the availability of an administrative expense priority, in determining the amount of a deposit.  However, while restricting such factors, Bankruptcy Code Section 366(c) does not limit the court's ability to determine the amount of payment necessary, if any, to provide adequate assurance.  Instead, Bankruptcy Code Section 366(c) gives courts the same discretion in determining the amount of payment necessary for adequate assurance as they previously had under Bankruptcy Code Section 366(b).  Compare 11 U.S.C. § 366(b) (2004) (pre-BAPCPA) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance."), with 11 U.S.C. § 366(c)(3)(A) (2005) (post-BAPCPA) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2)."); see also Richard Levin & Alesia Ranney-Marinelli,

<u>The Creeping Repeal of Chapter 11: The Significant Business Provisions of the Bankruptcy Abuse Protection and Consumer Protection Act of 2005</u>, 79 Am. Bankr. L.J. 603, 608-09 (2005) (stating that courts would likely continue to determine the amount and form of adequate protection after the implementation of the BAPCPA).

17.  By making the Adequate Assurance Deposit and establishing the Additional Adequate Assurance Procedures, the Debtors seek to provide adequate assurance to the Utility Companies and to implement an orderly process to determine any challenges to the adequacy of that adequate assurance. Without the Additional Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by Utility Companies in an unorganized manner at a critical period in their efforts to reorganize. The orderly process contemplated by the Additional Adequate Assurance Procedures, therefore, is necessary for a smooth transition by the Debtors into Chapter 11.

18.  The relief requested herein does not undermine the rights of the Utility Companies under the Bankruptcy Code. First, the Adequate Assurance Deposit is one of the acceptable forms of adequate protection set forth in Bankruptcy Code Sections 366(b) and 366(c)(1). Accordingly, the Debtors are not seeking to bypass the limits on forms of security imposed by the Bankruptcy Code. Second, the Utility Companies may exercise their rights under Bankruptcy Code Section 366(c)(2) in accordance with the Additional Adequate Assurance Procedures. Finally, whatever rights the Utility Companies have under Bankruptcy Code Section 366(c)(3) would be preserved.

19.  The Debtors maintain that the relief requested herein strikes a fair balance between the rights of Utility Companies and the rights of the Debtors under the Bankruptcy Code

01:14282700.3
HN\1086738.8

and the need for the Debtors to continue to receive the Utility Services upon which their business depends.

20.   Similar relief to the relief requested herein has been granted by numerous courts, including this Court, subsequent to the 2005 amendments to the Bankruptcy Code. See, e.g., In re A123 Systems, Inc., Case No. 12-12859 (KJC) (Bankr. D. Del. Oct. 18, 2012, Nov. 8, 2012); In re Graceway Pharms., LLC, Case No. 11-13036 (PJW) (Bankr. D. Del. Sept. 30, 2011, Oct. 17, 2011); In re Freedom Commc'ns Holdings, Inc., Case No. 09-13046 (BLS) (Bankr. D. Del. Sept. 2, 2009, Oct. 6, 2009); In re Sun-Times Media Group, Inc., Case No. 09-11092 (CSS) (Bankr. D. Del. Apr. 1, 2009, Apr. 29, 2009); In re Spansion Inc., Case No. 09-10690 (KJC) (Bankr. D. Del. Mar. 4, 2009, Mar. 23, 2009); In re Pliant Corp., Case No. 06-10001 (MFW) (Bankr. D. Del. Jan, 4, 2006, Feb. 8, 2006).

## WAIVER OF BANKRUPTCY RULES

21.   To the extent that any aspect of the relief sought herein is subject to Bankruptcy Rule 6003, the Debtors submit that the Court may grant such relief within twenty-one (21) days after the Petition Date because it is necessary to avoid immediate and irreparable harm.

22.   In addition, the Debtors seek a waiver of the fourteen (14)-day stay under Bankruptcy Rule 6004(h), to the extent applicable. As described above, the relief that the Debtors seek in this Motion is immediately necessary in order for the Debtors to be able to continue to operate their business and preserve the value of their estates. The Debtors respectfully request that the Court waive the fourteen (14)-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

01:14282700.3
HN\1086738.8

## NOTICE OF MOTION AND INTERIM ORDER

23. Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Debtors' postpetition secured lender; (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender; (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (h) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (i) the United States Attorney General for the District of Delaware; and (j) the Attorneys General for the states in which the Debtors conduct business (collectively, the "**Initial Notice Parties**"). The Debtors submit that, under the circumstances, no other or further notice is required.

24. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

25. In the event the Court enters an interim order granting this Motion (the "**Interim Order**"), within five (5) business days thereafter, the Debtors propose to serve notice of such entry on the Initial Notice Parties and all parties that have filed prior to such service date requests for notice pursuant to Bankruptcy Rule 2002. The notice will provide that any objections to the relief granted in the Interim Order must be filed with the Court and served upon counsel for the Debtors no later than seven days prior to the final hearing to be held on the Motion (the "**Objection Deadline**"). If an objection is timely filed and served prior to the

12

01:14282700.3
HN\1086738.8

Objection Deadline, such objection will be heard at the final hearing on the Motion. If no objections are timely filed and served, the Debtors' counsel will file a certification of counsel to that effect attaching a final form of order.

**WHEREFORE,** the Debtors respectfully request that the Court enter the proposed interim and final orders substantially in the forms attached hereto as <u>Exhibits B</u> and <u>C</u>, respectively, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 27, 2013
Wilmington, Delaware

Respectfully Submitted,

/s/ Michael R. Nestor
_____
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Josef S. Athanas
Caroline A. Reckler
Sarah E. Barr
Matthew L. Warren
LATHAM & WATKINS LLP
Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Proposed Counsel for Debtors and Debtors in Possession