# EXHIBIT A

**Proposed Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           : Chapter 11
                                                                 :
GREEN FIELD ENERGY SERVICES, INC., et                            : Case No. 13-12783 (____)
al.,                                                             :
                                                                 : Jointly Administered
             Debtors.[1]                                         :
---------------------------------------------------------------- x

## INTERIM ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION EMPLOYEE OBLIGATIONS, INCLUDING COMPENSATION, BENEFITS, EXPENSE REIMBURSEMENTS AND RELATED OBLIGATIONS, (II) CONFIRMING RIGHT TO CONTINUE EMPLOYEE PROGRAMS ON POSTPETITION BASIS, (III) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (IV) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OWING TO ADMINISTRATORS OF, OR THIRD PARTY PROVIDERS UNDER, EMPLOYEE PROGRAMS AND (V) DIRECTING BANKS TO HONOR PREPETITION CHECKS AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS

Upon the motion (the "**Motion**")[2] of the Debtors for interim and final orders under Bankruptcy Code Sections 105(a), 363(b), 363(c), 507(a), 541, 1107(a) and 1108 and Bankruptcy Rule 6003 (i) authorizing the Debtors to pay certain prepetition amounts owing to or for the benefit of current and former employees and retirees for compensation, benefits and reimbursable expenses; (ii) confirming the Debtors' right to continue postpetition, in the ordinary course of business, the employee-related plans, programs and policies in effect immediately prior to the filing of these cases; (iii) authorizing the Debtors to pay any and all local, state and federal withholding and payroll-related or similar taxes relating to prepetition periods; (iv) confirming

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

01:14282597.4

HN\1066559.19

the Debtors' right to continue to deduct and to transmit deductions from payroll checks as authorized by employees or required under any employee-related plan, program or policy or as required by law; (v) authorizing the Debtors to pay any prepetition claims owing to the administrators of, or third party providers under, such plans, programs and policies as necessary to ensure the delivery of compensation, benefits and expense reimbursements to their employees; and (vi) authorizing and directing all banks to receive, process, honor and pay all of the Debtors' prepetition checks and fund transfers on account of any obligations authorized to be paid hereunder; and the Court having reviewed the Motion and the Blackwell Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Pending entry of a final order, the Debtors are authorized to pay or otherwise honor the Prepetition Employee Obligations to, or for the benefit of, the Employees under the Employee Programs, up to the aggregate amount of $3.65 million, which amount

includes approximately (a) $1.2 million on account of payroll and Deductions, (b) $80,000 on account of the 401(k) plan, (c) $700,00 on account of PTO, (d) $1.2 million on account of prepetition amounts owed to third party medical providers, (e) $405,000 on account of Employee Benefits and (f) $37,000 on account of reimburseable business expenses.

3. Notwithstanding any other provision of this interim order, pending entry of the final order, no payments to any individual Employee shall exceed the amounts set forth in Bankruptcy Code Sections 507(a)(4) and 507(a)(5).

4. The Debtors are authorized to continue each of the Employee Programs, including but not limited to maintaining the Employee Benefits, in the ordinary course of business during the pendency of these cases in the manner and to the extent that such Employee Programs were in effect immediately prior to the filing of these cases and to continue to fund and to make payments in connection with the costs of and the expenses incurred in the administration of any Employee Program.

5. Pending entry of the final order, nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of prepetition bonus or severance obligations, or which are subject to Bankruptcy Code Section 503(c); or (2) authorize the Debtors to cash out PTO time upon termination of an employee, unless applicable state law requires such payment.

6. The Debtors are authorized to reimburse the Employees for business related expenses incurred prior to the Petition Date and prepetition relocation expenses, and to pay any prepetition amounts owed to Employees under the Transportation Assistance Plan and the Vehicle Allowance Plan, up to an aggregate amount of $37,000.

7. The Debtors are authorized to continue to honor the Debtors' practice of making severance payments to Employees pursuant to Employment Agreements and to pay severance under such Employment Agreements in accordance with the Debtors' past practice to Employees who are terminated postpetition, <u>provided</u>, <u>however</u>, that in no event shall the

Debtors make any severance payments to insiders in excess of amounts that would be permitted under Bankruptcy Code Section 503(c)(2).

8. The Debtors are authorized to pay any and all local, state and federal withholding and payroll-related or similar taxes related to the Prepetition Employee Obligations including, but not limited to, all withholding taxes, social security taxes and medicare taxes, whether such taxes relate to the period before or after the Petition Date.

9. The Debtors are authorized to pay any Prepetition Employee Obligations owed on account of unpaid Employee Benefits as set forth in paragraph two (2) of this interim order.

10. The Debtors are authorized in their discretion to pay claims of the Administrators, in connection with administering and delivering payments or other benefits to Employees for prepetition services rendered and claims for reimbursement based on prepetition disbursements made by the Administrators.

11. The Debtors are authorized to pay or otherwise honor the Prepetition Employee Obligations to the Independent Contractor, or for the benefit of, the Independent Contractor, up to an aggregate amount of $14,000.

12. The banks upon which any checks or wire transfers are drawn in payment of the Prepetition Employee Obligations or any other obligations authorized to be paid hereunder, either before, on or after the Petition Date, are authorized and directed to receive, process, honor and pay any such checks or wire transfers; and such banks are authorized and directed to rely on the representations of the Debtors as to which checks and wire transfers are in payment of such obligations. Further, the Debtors are authorized to issue new postpetition checks to replace any checks that may be dishonored and to reimburse any expenses that Employees or other persons may incur as a result of any bank's failure to honor a prepetition check.

13. Any person receiving payment from the Debtors is authorized to rely upon the representations of the Debtors as to which payments are authorized by this interim order.

14. Neither the provisions of this interim order, nor any payments made or not made by the Debtors pursuant to this interim order, shall be deemed an assumption or rejection of any Employee Program, agreement or contract, or otherwise affect the Debtors' rights under Bankruptcy Code Section 365 to assume or reject any contract between the Debtors and any Employee, Independent Contractor or other person.

15. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this interim order shall create any rights in favor of, or enhance the status of any claim held by, any Employee, Independent Contractor or other person.

16. Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with, or prohibited by, any cash collateral and/or postpetition financing order entered by this Court or any agreements approved thereby and no payment shall be made by the Debtors unless (a) such payment is permitted by the budget then in effect under any cash collateral order entered by this Court and (b) the cash collateral order and/or postpetition financing order, as applicable, is in effect and has not been terminated in accordance with its terms.

17. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this order shall be effective and enforceable immediately upon entry hereof.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this interim order.

20. The final hearing to consider the entry of a final order granting the relief requested in the Motion shall be held on _____, 2013, at ____ __.m. Prevailing Eastern Time.

21. Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on (a) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn: Earl J. Blackwell, (b) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Josef S. Athanas, (c) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King String, Wilmington, Delaware 19801, Attn: Kara Hammond Coyle, (d) counsel to the official committee of unsecured creditors, if one is appointed, and (e) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Tiiara Patton, no later than _____, 2013, at 5:00 p.m. Prevailing Eastern Time.

Dated: _____, 2013
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE