## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x

In re:                                                      :    Chapter 11

                                                            :
GREEN FIELD ENERGY SERVICES, INC., et    :    Case No. 13-12783 (_____)
al.,
                                                            :    Joint Administration Requested

                 Debtors.[1]                           :

------------------------------------------------------------ x

### DEBTORS' MOTION FOR AUTHORITY TO FILE FEE LETTER UNDER SEAL

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"),

hereby move this Court (the "**Motion**") for entry of an order, pursuant to section 107(b) of title

11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 9018 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(b) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "**Local Rules**"), authorizing the Debtors to file, under seal, the Fee

Letter, attached hereto as Exhibit A, related to the Debtors' entry into that certain post-petition

debtor-in-possession Bridge Note[2] by and among the financial institutions party thereto as

lenders (collectively, the "**DIP Lenders**"), GB Credit Partners, LLC and ICON Capital, LLC, as

co-administrative agents for the DIP Lenders (in such capacity, the "**Co-Administrative**

**Agents**"), and Green Field Energy Services, Inc., Hub City Tools, Inc., and Proppant One, Inc.

(collectively, the "**Borrowers**") for purposes of obtaining a proposed postpetition bridge loan

(the "**Bridge Loan**").  In support of this Motion, the Debtors respectfully state:

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or
organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827);
and Proppant One, Inc. (6035).  The above-captioned Debtors' mailing address is 4023 Ambassador Caffery
Parkway, Suite #200, Lafayette, LA 70503.

[2]        Unless otherwise defined, all capitalized terms used herein shall have the meaning ascribed to such term in
the Bridge Note.

## Jurisdiction

1.        This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.        The statutory bases for the relief requested herein is Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## Background

### A.        The Debtors Generally

3.        On the date hereof (the "**Petition Date**"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.   Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these Chapter 11 Cases.

4.        A description of the Debtors' business, the reasons for commencing these Chapter 11 Cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions* (the "**Blackwell Declaration**") filed contemporaneously with this Motion.

### B.        Debtor-in-Possession Financing

5.        Contemporaneously herewith, the Debtors filed the *Motion of the Debtors for Entry of (A) Interim Order (I) Authorizing Debtors to Obtain Post-Petition Financing Pursuant*

01:14285247.2

*to 11 U.S.C. §§ 105, 361, 362, 364 and 507(b), and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c), and (B) a Final Order Approving and Authorizing the Foregoing Substantive Relief* (the "**DIP Motion**").  By the DIP Motion, the Debtors are seeking authority to enter into the Bridge Note and to immediately begin borrowing under the Bridge Loan.

   6. As consideration for the Co-Administrative Agent's efforts in connection with the Bridge Note, the Co-Administrative Agents have requested, and the Borrowers have agreed to pay, certain fees to the Co-Administrative Agents for services performed in connection with the Bridge Note (the "**Co-Administrative Agent's DIP Fees**"), the amounts of which are disclosed in the Fee Letter.

**Relief Requested and Basis Therefor**

   7. The Debtors respectfully request that the Court enter an order authorizing the Debtors to file the Fee Letter under seal and directing that it shall remain under seal, confidential, and not be made available to anyone, except that copies shall be provided to any statutory committee appointed in these Chapter 11 Cases (the "**Committee**"), the Co-Administrative Agents, counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration), counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender, the U.S. Trustee, and their legal and financial advisors, all on a confidential basis.

   8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --

01:14285247.2

    (1)     protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

    (2)     protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

    9.     Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code Section 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information…." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

    10.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." Id.

    11.     The Debtors believe that the Fee Letter contains commercially sensitive information, thus satisfying one of the categories in Section 107(b) of the Bankruptcy Code for sealing documents. "Commercial information is information which would give a competitor an

unfair advantage." In re Handy Andy Home Improvement Centers, Inc., 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996). See also Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 697 (D. Nev. 1994) ("Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained."). The Co-Administrative Agents have represented to the Debtors that the disclosure of the terms of the Fee Letter would prejudice the economic interests of the Co-Administrative Agents. Because the Fee Letter contains "confidential information" with respect to the Co-Administrative Agents, the Debtors believe that the Fee Letter should be sealed as a matter of right. See 11 U.S.C. 107(b)(1); Orion Pictures Corp., 21 F.3d at 27.

12.    Moreover, Courts in this jurisdiction have previously determined that certain documents entered into in connection with postpetition and/or exit financing, such as fee letters, can qualify as "confidential commercial information" within the meaning of Section 107(b) of the Bankruptcy Code and have authorized the filing of such documents under seal. See, e.g., In re Tribune Company, Ch. 11 Case No. 08-13141 (KJC) (December 10, 2008) (allowing Debtors to file postpetition fee letter under seal); In re GWLS Holdings, Inc., Ch. 11 Case No. 08-12430 (PJW), (authorizing Debtors to file administrative agent's fee letter under seal); In re Kaiser Aluminum Corporation, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. February 1, 2005) (determining that fee letter in connection with proposed exit financing is confidential and may be filed under seal); In re Classic Communications, Inc., Ch. 11 Case No. 01-11257 (Bankr. D. Del. April 15, 2002) (authorizing certain portions of proposed amendment to postpetition financing facility to be filed under seal).

13.    The Debtors and Co-Administrative Agents have also sought to limit any prejudice to parties if the Fee Letter is sealed and have agreed to provide copies of the Fee Letter

as stated in paragraph 7 above. The Debtors believe that providing copies of the Fee Letter to those parties will provide sufficient representation with respect to all interested parties regarding the narrow issues that might be raised in connection with the Debtors' entry into the Fee Letter. Accordingly, the Debtors believe the Fee Letter should be filed under seal.

### Notice

14.     Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Debtors' postpetition secured lender; (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender; (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) the Governmental Units; (h) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (i) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (j) the United States Attorney General for the District of Delaware; and (k) the Attorneys General for the states in which the Debtors conduct business. The Debtors submit that, under the circumstances, no other or further notice is required.

15.     A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

01:14285247.2

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form annexed hereto as <u>Exhibit B</u> authorizing the Debtors to file the Fee Letter under seal and grant such other and further relief as is just and proper.

Dated: October 27, 2013
       Wilmington, Delaware

Respectfully Submitted,

_____

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

     -and-

Josef S. Athanas
Caroline A. Reckler
Sarah E. Barr
Matthew L. Warren
LATHAM & WATKINS LLP
Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Proposed Counsel to the Debtors

01:14285247.2