IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        :   Case No. 13-12783 (_____)
al.,                                                         :
                                                             :   Joint Administration Requested
                Debtors.[1]                                   :
                                                             :
                                                             :
------------------------------------------------------------ x

### DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") file this application (the "**Application**") for entry of an order, substantially in the form of Exhibit A hereto (the "**Retention Order**"), authorizing the employment and retention of Prime Clerk LLC ("**Prime Clerk**") as administrative advisor ("**Administrative Advisor**") in the Debtors' chapter 11 cases effective *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the *Declaration of Michael J. Frishberg, Co-President and Chief Operating Officer of Prime Clerk* (the "**Frishberg Declaration**"), attached hereto as Exhibit B, and respectfully represent as follows:

### JURISDICTION

1.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

01:14283903.3
HN\1075875.5

28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue of these cases and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal authority for the relief requested herein is sections 105(a) and 327 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

2. On October 27, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions*, filed with the Court concurrently herewith (the "**Blackwell Declaration**"), which is fully incorporated herein by reference.

3. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## RELIEF REQUESTED

4. Contemporaneously herewith, the Debtors have filed an application (the "**Section 156(c) Application**") for an order appointing Prime Clerk as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f). The Debtors believe that administration of these Chapter 11 Cases will require Prime Clerk to

perform duties outside the scope requested in the Section 156(c) Application. Therefore, to enable Prime Clerk to provide services outside the scope of any order approving the Section 156(c) Application, the Debtors submit this Application, pursuant to Bankruptcy Code Section 327, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, for an order authorizing the Debtors to employ and retain Prime Clerk as Administrative Advisor for the Debtors in accordance with the Engagement Agreement attached hereto as <u>Exhibit C</u> (the "**Engagement Agreement**").

## PRIME CLERK'S QUALIFICATIONS

5.  Prime Clerk is a relatively new chapter 11 administrator, but it is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.

## SERVICES TO BE PROVIDED

6.  Pursuant to the Engagement Agreement, the Debtors seek to retain Prime Clerk to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

   (a) Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

   (b) Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c) Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs (the "**Schedules**") and gather data in conjunction therewith;

(d) Provide a confidential data room, if requested;

(e) Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f) Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "**Clerk**").

## PROFESSIONAL COMPENSATION

7. The fees Prime Clerk will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Prime Clerk's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Prime Clerk as Administrative Advisor. The Debtors believe Prime Clerk's rates are more than reasonable given the quality of Prime Clerk's services and its professionals' bankruptcy expertise. Additionally, Prime Clerk will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

8. Prime Clerk intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides pursuant to the Engagement Agreement. Prime Clerk will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Fee Guidelines and any orders entered in these Chapter 11 Cases regarding professional compensation and reimbursement of expenses.

9. Prior to the Petition Date, the Debtors provided Prime Clerk a retainer in the amount of $25,000. Prime Clerk seeks to first apply the retainer to all prepetition invoices. Subject to approval by the Court, Prime Clerk seeks to hold any excess retainer amount, after application of the retainer to all prepetition invoices, as security for the payment of fees and expenses incurred under the Engagement Agreement.

10. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Prime Clerk and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Prime Clerk's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these Chapter 11 Cases.

**DISINTERESTEDNESS**

11. Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Frishberg Declaration, Prime Clerk is a "disinterested person" within the meaning of Bankruptcy Code Section 101(14), as required by Bankruptcy Code Section 327(a), and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

12. Prime Clerk believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Prime Clerk will

supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## BASIS FOR RELIEF

13. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

14. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

15. Local Rule 2014-1 further requires that an entity seeking to employ a professional under Bankruptcy Code Section 327 must file:

> ... a supporting affidavit or verified statement of the professional person and a proposed order for approval. Promptly after learning of any additional material information relating to such employment (such as potential or actual conflicts of interest), the professional employed or to be employed shall file and serve a supplemental affidavit setting forth the additional information.

Del. Bankr. L.R. 2014-1(a).

16. In light of the size and complexity of these Chapter 11 Cases, the Debtors respectfully submit that retaining and employing Prime Clerk pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all

01:14283903.3
HN\1075875.5

6

parties in interest to these Chapter 11 Cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

17.  Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' Chapter 11 Cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Prime Clerk as the Administrative Advisor in these Chapter 11 Cases pursuant to Bankruptcy Code Sections 327(a), 330 and 331, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## NOTICE

18.  Notice of this Application will be given to: (a) the United States Trustee for the District of Delaware, (b) counsel to the Debtors' postpetition secured lender, (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender, (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (h) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (i) the United States Attorney General for the District of Delaware; and (j) the Attorneys General for the states in which the Debtors conduct business (collectively, the "**Initial Notice Parties**"). The Debtors submit that, under the circumstances, no other or further notice is required.

19.  A copy of the Application is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Application are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at

http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: October 27, 2013  
Wilmington, Delaware

Respectfully Submitted,

*Earl J. Blackwell*  
Earl J. Blackwell  
Chief Financial Officer  
GREEN FIELD ENERGY SERVICES, INC.  
on behalf of itself and the affiliated debtors in possession