IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                    :    Chapter 11
                                                          :
GREEN FIELD ENERGY SERVICES, INC., et                     :    Case No. 13-12783 (____)
al.,                                                      :
                                                          :    Joint Administration Requested
            Debtors.[1]                                   :
---------------------------------------------------------------- x    Docket Ref. Nos. 4 and 13

**DEBTORS' MOTION TO REDACT FOR PUBLIC FILING MATERIAL INCLUDED IN THEIR ENGAGEMENT LETTER WITH PRIME CLERK LLC**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move this Court (the "**Motion**") for entry of an order, in substantially the form attached hereto as Exhibit A, to redact for public filing material included in their engagement letter (the "**Engagement Letter**") with Prime Clerk LLC ("**Prime Clerk**"), the Debtors' proposed claims and noticing agent and administrative advisor. In support of this Motion, the Debtors respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

2.	The statutory bases for the relief requested herein are Sections 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3.	On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions*, which is fully incorporated herein by reference.

4.	The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

5.	On the Petition Date, the Debtors filed the *Debtors' Application for Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Docket No. 4] and the *Debtors' Application for an Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* [Docket No. 13] (together, the "**Applications**"). The Applications seek (i) the appointment of Prime Clerk as claims and noticing agent in the Chapter 11 Cases effective *nunc pro tunc* to the Petition Date; and (ii) the appointment and retention of Prime Clerk as administrative advisor effective *nunc pro tunc* to the Petition Date, each in accordance with the Engagement Letter entered into between the Debtors and Prime Clerk.

6. The Debtors redacted certain commercial information from the Engagement Letter as attached to the Applications. In particular, the Debtors redacted fee and expense details agreed to by the Debtors and Prime Clerk.

## Relief Requested

7. By this Motion, the Debtors seek entry of a protective order approving its redaction of certain commercial terms from the Engagement Letter.

## Basis for Relief

8. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to redact confidential commercial information from the Engagement Letter. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b) (2010).

9. Bankruptcy Rule 9018 sets forth the procedure by which a party-in-interest may obtain a protective order authorizing the redaction of confidential information from a document. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018 (2010).

10. Once the Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no

discretion to deny the application." <u>Video Software Dealers Ass'n v. Onion Pictures Corp. (In re Onion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994). Courts have also found that such relief should be granted if the information sought to be protected is "commercial information." <u>See</u> <u>In re Global Crossing</u>, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury). Courts have also stated that commercial information need not rise to the level of a trade secret in order to be protected under section 107(b) of the Bankruptcy Code. <u>See</u> <u>Onion</u>, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to protect is "confidential and commercial" in nature).

11. The Debtors submit that the fee structure contained in the Engagement Letter falls well within the scope of confidential information that may be protected pursuant to section 107(b)(1) of the Bankruptcy Code. Specifically, the fee and expense detail set forth in the Engagement Letter constitutes detailed proprietary information not typically disclosed to the public or to competing institutions. In light of the highly competitive nature of these industries, it is of critical importance to Prime Clerk that the details of the fee structure set forth in the Engagement Letter be kept confidential so that their competitors may not use the information contained therein to gain a strategic advantage in the marketplace. For these reasons, the Engagement Letter contains commercial information that is entitled to protection under section 107(b) of the Bankruptcy Code. As such, the Debtors request that the Court grant the relief requested in this Motion.

12. The Debtors provided the Office of the United States Trustee for the District of Delaware with an unredacted version of the Engagement Letter.

13. Because redactions of sensitive information are common practice in chapter 11 cases and because the United States Trustee has been served with an unredacted version of the Engagement Letter, the Debtors submit that the relief requested herein is appropriate, in the best interests of the Debtors and their estates, and should be granted in all respects.

## Notice

14. Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Debtors' postpetition secured lender; (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender; (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) the Governmental Units; (h) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (i) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (j) the United States Attorney General for the District of Delaware; and (k) the Attorneys General for the states in which the Debtors conduct business. The Debtors submit that, under the circumstances, no other or further notice is required.

15. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

WHEREFORE, the Debtors respectfully requests that this Court enter the Order, substantially in the form attached hereto as Exhibit A, (a) approving the Debtors' redaction of confidential commercial information from the Engagement Letter and (b) granting such other and further relief as this Court deems appropriate.

Dated: October 27, 2013
       Wilmington, Delaware

Respectfully Submitted,

_/s/ Michael R. Nestor_

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Josef S. Athanas
Caroline A. Reckler
Sarah E. Barr
Matthew L. Warren
LATHAM & WATKINS LLP
Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Proposed Counsel to the Debtors