IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        : Case No. 13-12783 (_____)
al.,                                                         :
                                                             : Joint Administration Requested
                    Debtors.[1]                              :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x

**MOTION OF DEBTORS FOR ORDER UNDER
11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016(a) AND DEL.
BANKR. L.R. 2016-2 ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, under Sections 105(a) and 331 of Title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), establishing procedures for interim compensation for professional services and reimbursement of professional expenses during these chapter 11 cases. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions*, filed with the Court concurrently herewith (the "**Blackwell Declaration**") [Docket no. 2]. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

01:14275841.1
HN\1087702.5

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a) and 331, Bankruptcy Rule 2016(a), and Local Rule 2016-2.

## BACKGROUND

2. On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Blackwell Declaration and fully incorporated herein by reference.

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RETENTION OF PROFESSIONALS

4. The Debtors, under Bankruptcy Code Section 327, are seeking (or currently intending to seek) authority to retain and employ (a) Latham & Watkins LLP as restructuring co-counsel; (b) Young Conaway Stargatt & Taylor, LLP as restructuring co-counsel, (c) Carl Marks Advisory Group LLC as investment bankers, (d) Alvarez & Marsal North

America, LLC as restructuring advisors, (e) Ernst & Young LLP as tax consultants, and (f) Prime Clerk LLC as administrative advisors. The Debtors anticipate that they may need to retain other professionals in the Chapter 11 Cases under Bankruptcy Code Section 327, which professionals would likewise be subject to the compensation and reimbursement procedures set forth in this Motion. In addition, any statutory committee of unsecured creditors (the "**Committee**") that may be appointed in the Chapter 11 Cases likely will retain counsel and other professionals under Bankruptcy Code Section 1103 to assist in the performance of its statutory duties (such professionals collectively with the Debtors' professionals, the "**Professionals**").

## RELIEF REQUESTED

5.   By this Motion, the Debtors request the entry of an order authorizing and establishing procedures for compensating and reimbursing Professionals on a monthly basis, comparable to those procedures established in other chapter 11 cases filed in the District of Delaware. Such an order would enable the Court, the Office of the United States Trustee (the "**U.S. Trustee**"), and all other interested parties to monitor the fees and expenses incurred by the Professionals in the Chapter 11 Cases.

## BASIS FOR RELIEF

6.   Specifically, the Debtors propose that the monthly payment of compensation for services rendered and reimbursement of expenses incurred by each of the Professionals be structured as follows (the "**Compensation Procedures**"):[2]

> (a)   No earlier than the 15th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with this Court pursuant to Bankruptcy Code Section 331 for interim allowance of compensation for services

---

[2]   All time periods referenced in this Motion will be calculated in accordance with Bankruptcy Rule 9006(a).

3

01:14275841.1
NY\3384855.2
HN\1087702.1
HN\1087702.5

rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"), and serve a copy of such Monthly Fee Application on the following parties (collectively, the "**Notice Parties**"): (i) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn: Earl J. Blackwell, (ii) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Josef S. Athanas, (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, (iv) Jones Day, 222 East 41st Street, New York, New York, Attn: Paul D. Leake, (v) Liskow & Lewis, First City Tower, 1001 Fannin Street, Suite 1800, Houston, Texas 77002, Attn: Michael D. Rubenstein, (vi) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Tiiara Patton, and (vii) counsel to any Committee appointed in the Chapter 11 Cases. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Third Circuit law. The first Monthly Fee Application submitted by each Professional serving as of the Petition Date will cover the period from the Petition Date through and including November 30, 2013.

(b)   Each Notice Party will have eighteen (18) days after service of a Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "**CNO**") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized to pay the applicable Professional an amount (the "**Actual Monthly Payment**") equal to the lesser or (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

(c)   If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with this Court and serve on such Professional and each other Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. Any such Objection will identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the

Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court will consider and rule on the Objection if requested by the parties.

(d) With respect to the first full three-month (including any prior partial month) period after the Petition Date, and each subsequent three-month period, each Professional will file with this Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such full three-month period (the "**Interim Fee Period**") pursuant to Bankruptcy Code Section 331. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by this Court or required by the Local Rules. Interim Fee Applications will be filed with this Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional will file its first Interim Fee Application on or before March 15, 2014, and the first Interim Fee Application will cover the Interim Fee Period from the Petition Date through and including January 31, 2014. Objections, if any, to the Interim Fee Applications will be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the eighteenth (18th) day (or the next business day if such day is not a business day) following service of the application Interim Fee Application.

(e) The Debtors will request that this Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as this Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors will be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or this Court with respect to the allowance of interim or final applications

for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by this Court.

(h)  Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due will be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application Request is filed and served by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

(i)  Professionals will file final applications for compensation and reimbursement (the "**Final Fee Applications**") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court. All Final Fee Applications will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

(j)  Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications and notices of any hearings thereon (each a "**Hearing Notice**") must be served upon only the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 will be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, Interim Fee Application and each Final Fee Application. Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

7.  The procedures suggested herein will enable all parties to closely monitor costs of administration. Moreover, such procedures will permit the Debtors to maintain a more predictable cash flow and an efficient cash management system.

8.  The Debtors further request that each member of the Committee in these cases be permitted to submit statements of out-of-pocket expenses (excluding the fees and expenses of any member's counsel) and supporting vouchers to counsel for the Committee, and that counsel for the Committee be required to collect such statements and vouchers and submit a request for reimbursement of the documented expenses in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

6

## APPLICABLE AUTHORITY

9.  The right of the Professionals to seek interim payments from the Debtors' estates is governed by Bankruptcy Code Section 331, which provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Absent an order of this Court, Bankruptcy Code Section 331 limits payment of fees and expenses to Professionals rendering services in these Chapter 11 Cases to only three times per year.

10.  Congress' intent in enacting Section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

11.  Bankruptcy Code Section 105(a) provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Id. § 105(a). Thus, the Court has authority to enter an order authorizing procedures for interim payment of monthly compensation and reimbursement of expenses.

12.  The implementation of the proposed Compensation Procedures is justified in these cases. The Debtors' Chapter 11 Cases will add further complexities to the day-to-day

administrative burden already being shouldered by the Debtors' staff. It is anticipated that the Professionals will provide integral advice and services to the Debtors in administering these cases. Absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Debtors, the Professionals, the Court and other parties. By contrast, the proposed Compensation Procedures will enable the Debtors to monitor closely the costs of administration of these cases, maintain a level cash flow and implement efficient cash management procedures. Moreover, these procedures will also allow the Court and the key parties in interest to verify the reasonableness and necessity of the compensation and reimbursement sought pursuant to such Compensation Procedures.

13. The Debtors submit that the procedures sought herein are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this District. See, e.g., In re Digital Domain Media Group, Inc., Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012); In re AES Eastern Energy, Case No. 11-14138 (KJC) (Bankr. D. Del. Jan. 26, 2012); In re Graceway Pharmaceuticals, LLC., Case No. 11-13036 (MFW) (Bankr. D. Del. Sept. 30, 2011); and In re NEC Holdings Corp., Case No. 10-11890 (PJW) (Bankr. D. Del. July 13, 2010).

14. The Debtors submit that the procedures sought herein are appropriate given the size of the Debtors' estates and the anticipated complexity of the Chapter 11 Cases.

**NOTICE**

15. Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware, (b) counsel to the Debtors' postpetition secured lender, (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender, (d) counsel to the Indenture Trustee under the Debtors' prepetition 2016 Senior Secured Notes (as defined in the Blackwell

Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (h) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (i) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (j) the United States Attorney General for the District of Delaware; and (k) the Attorneys General for the states in which the Debtors conduct business (collectively, the "**Initial Notice Parties**"). The Debtors submit that, under the circumstances, no other or further notice is required.

16. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 27, 2013
Wilmington, Delaware

Respectfully Submitted,

*/s/ Michael R. Nestor*

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Josef S. Athanas
Caroline A. Reckler
Sarah E. Barr
Matthew L. Warren
LATHAM & WATKINS LLP
Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Proposed Counsel for Debtors and Debtors in Possession