# EXHIBIT A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                          : Chapter 11
                                                                :
GREEN FIELD ENERGY SERVICES, INC., et                           : Case No. 13-12783 (____)
al.,                                                            :
                                                                : Jointly Administered
            Debtors.[1]                                         :
                                                                x Re: Docket No. ___
----------------------------------------------------------------

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 331, FED. R. BANKR. P. 2016(a) AND
DEL. BANKR. L.R. 2016-2 ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, under Bankruptcy Code Sections 105(a) and 331, Bankruptcy Rule 2016(a) and Local Rule 2016-2, establishing procedures for interim compensation for professional services and reimbursement of professional expenses on a monthly basis; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise ordered by this Court, each professional whose retention in the Chapter 11 Cases has been approved by order of the Court under Bankruptcy Code Section 327 or 1103 (a "**Professional**") may seek interim compensation for services and reimbursement of expenses in accordance with the following procedures (the "**Compensation Procedures**"):

   a. No earlier than the 15th day of each calendar month following the month for which compensation is sought, each Professional seeking interim allowance of its fees and expenses may file an application (including the relevant time entry and description and expense detail) with this Court pursuant to Bankruptcy Code Section 331 for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"), and serve a copy of such Monthly Fee Application on the following parties (collectively, the "**Notice Parties**"): (i) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn: Earl J. Blackwell, (ii) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Josef S. Athanas, (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, (iv) Jones Day, 222 East 41st Street, New York, New York, Attn: Paul D. Leake, (v) Liskow & Lewis, First City Tower, 1001 Fannin Street, Suite 1800, Houston, Texas 77002, Attn: Michael D. Rubenstein, (vi) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Tiiara Patton, and (vii) counsel to any Committee appointed in the Chapter 11 Cases. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable Third Circuit law. The first Monthly Fee Application submitted by each Professional serving as of the Petition Date will cover the period from the Petition Date through and including November 30, 2013.

b. Each Notice Party shall have eighteen (18) days after service of a Monthly Fee Application (the "**Objection Deadline**") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Professional may file with the Court a certificate of no objection (a "**CNO**") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtor is authorized to pay the applicable Professional an amount (the "**Actual Monthly Payment**") equal to the lesser or (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "**Maximum Monthly Payment**") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

c. If any Notice Party objects to a Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with this Court and serve on such Professional and each other Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Professional (the "**Incremental Amount**"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court shall consider and rule on the Objection if requested by the parties.

d. With respect to the first full three-month (including any prior partial month) period after the Petition Date, and each subsequent three-month period, each Professional will file with this Court and serve on the Notice Parties an application (an "**Interim Fee Application**") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during each such full three-month period (the "**Interim Fee Period**") pursuant to Bankruptcy Code Section 331. The Interim Fee Application must identify the covered Monthly Fee Applications and include any other information requested by this Court or required by the Local Rules. Interim Fee Applications will be filed with this Court and served on the Notice Parties within forty-five (45) days after the end of the applicable Interim Fee Period. Each Professional will file its first Interim Fee Application on or before March 15, 2014, and the first Interim Fee Application will cover the Interim Fee Period from the Petition Date through and including January 31, 2014. Objections, if any, to the Interim Fee Applications will be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the eighteenth (18th) day (or the next business day if such day is not a business day) following service of the application Interim Fee Application.

3

   e. The Debtors shall request that this Court schedule a hearing on Interim Fee Applications at least once every six (6) months or at such other intervals as this Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing, upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

   f. The pendency of an Objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

   g. Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application shall bind any party in interest or this Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by this Court.

   h. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Application or an Interim Fee Application Request is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

   i. Professionals shall file final applications for compensation and reimbursement (the "**Final Fee Applications**") by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

   j. Copies of all Monthly Fee Applications, Interim Fee Applications, Final Fee Applications and notices of any hearings thereon (each a "**Hearing Notice**") must be served upon only the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice in connection with each Monthly Fee Application, Interim Fee Application and each Final Fee Application. Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

   3. Each member of any Committee (once appointed) shall be permitted to submit statements of out-of-pocket expenses and supporting vouchers to counsel to such

Committee, which shall collect such statements and vouchers and submit a request for reimbursement of the documented expenses in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals; provided, however, that no member of any Committee shall be reimbursed for any attorneys' fees and expenses incurred by such member except by order of the Court upon a separate application filed by such member and following a hearing upon proper notice.

        4.     All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

        5.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2013
       Wilmington, Delaware

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

01:14275841.1
HN\1087702.5