IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        :    Case No. 13-12783 (_____)
al.,                                                         :
                                                             :    Joint Administration Requested
            Debtors.[1]                                      :
                                                             :
------------------------------------------------------------ x

**MOTION OF DEBTORS FOR ORDER UNDER
11 U.S.C. §§ 105(a), 327, 330 AND 331 AUTHORIZING EMPLOYMENT AND
PAYMENT OF PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, under Sections 105(a), 327, 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), authorizing, but not directing, the Debtors to employ and pay professionals utilized in the ordinary course of business as of the commencement of these cases or the applicable date of engagement, in accordance with the procedures proposed herein. In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

01:14283858.3

HN\1066784.10

States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 105(a), 327, 330 and 331.

## BACKGROUND

2.  On October 27, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**Blackwell Declaration**"), filed on the Petition Date and fully incorporated herein by reference.

3.  The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in these Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4.  The Debtors customarily retain the services of various attorneys, accountants and other professionals to represent them in matters arising in the ordinary course of their business, unrelated to these Chapter 11 Cases (each an "**Ordinary Course Professional**" and, collectively, the "**Ordinary Course Professionals**"). An initial list of the Debtors' current Ordinary Course Professionals is attached hereto as Exhibit A-1 (listing the Ordinary Course Professionals who are expected to incur $10,000 or less of fees and expenses per month, on average) and Exhibit A-2 (listing the Ordinary Course Professionals who are expected to incur greater than $10,000 but less than $50,000 of fees and expenses per month, on average). As

discussed more fully below, the Debtors reserve the right to supplement these exhibits in the future.

5. By this Motion, the Debtors seek entry of an order (a) under Bankruptcy Code Sections 105(a) and 327, authorizing, but not directing, the Debtors to retain the Ordinary Course Professionals without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (b) under Bankruptcy Code Sections 330 and 331, authorizing, but not directing, the Debtors to pay the Ordinary Course Professionals for postpetition services rendered and expenses incurred, subject to certain limits set forth below, without the necessity of additional court approval.

6. In contrast, individual retention applications will be required for any professionals that the Debtors seek to employ in connection with the conduct of these Chapter 11 Cases or in connection with special matters not appropriate for ordinary course treatment (the "**Chapter 11 Professionals**"). Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the United States Trustee Fee Guidelines (the "**Guidelines**") and any orders entered in these Chapter 11 Cases governing professional compensation and reimbursement for services rendered and expenses incurred.

## BASIS FOR RELIEF

7. The Debtors desire to continue to employ and retain the services of the Ordinary Course Professionals while operating as debtors in possession under the Bankruptcy Code to enable them to continue the normal business activities that are essential to the achievement of their chapter 11 objectives. Moreover, the work of the Ordinary Course

Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtors' estates, even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a fraction of that value. Although the automatic stay and other issues in these cases may decrease the Debtors' need for the services of certain Ordinary Course Professionals, the Debtors cannot now quantify or qualify their needs.

8. It would severely hinder the administration of the Debtors' estates if the Debtors were required (a) to submit to the Court an application, affidavit and proposed retention order for each Ordinary Course Professional, (b) to wait until such order is approved before such Ordinary Course Professional continues to render services and (c) to withhold payment of the normal fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to the Chapter 11 Professionals.

9. Under such conditions, there is a significant risk that some Ordinary Course Professionals would be unwilling to provide services, and that others would suspend services pending a specific court order authorizing the services. Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay or need to replace professionals could have significant adverse consequences. For example, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date were lost, the estates undoubtedly would incur additional and unnecessary expenses because the Debtors would be forced to retain other professionals without such background and expertise, at potentially higher rates. It is therefore in the best interest of the Debtors' estates to avoid any disruption to the professional services required in the day-to-day operation of the Debtors' business.

10.    Moreover, requiring the Ordinary Course Professionals to file retention pleadings and participate in the payment approval process along with the Chapter 11 Professionals would unnecessarily burden the Clerk's Office, the Court and the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), while adding significantly to the administrative costs of these cases without any corresponding benefit to the Debtors' estates.

11.    To the best of the Debtors' knowledge, none of the Ordinary Course Professionals represents or holds any interest materially adverse to the Debtors or to their estates with respect to the matter in which such Ordinary Course Professional is to be employed. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors, the Debtors do not believe that any of such claims constitute interests materially adverse to the Debtors, their estates, their creditors or other parties in interest. By this Motion, the Debtors are neither requesting authorization to pay prepetition amounts owed to any of the Ordinary Course Professionals nor requiring the Ordinary Course Professionals to waive any claim against the Debtors.

**PROPOSED RETENTION PROCEDURE**

12.    By this Motion, the Debtors request that they be permitted to employ and retain the Ordinary Course Professionals without submitting separate applications for, and obtaining separate orders approving, retention of each of the professionals. The Debtors recognize, however, the importance of providing information regarding the Ordinary Course Professionals to the Court, the U.S. Trustee and other key parties in these Chapter 11 Cases.

A.    **Submission of Rule 2014 Declarations**

13.    The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals currently listed in Exhibit A-1 and Exhibit A-2 attached

hereto (each an "**Initial Ordinary Course Professional**" and, collectively, the "**Initial Ordinary Course Professionals**"). Within thirty (30) calendar days of the later of (a) the date of entry of an order granting the relief requested herein and (b) the date on which each retained Initial Ordinary Course Professional commences postpetition services for the Debtors, each Initial Ordinary Course Professional will be required to provide to the Debtors and their counsel, for filing with the Court and service upon (a) the U.S. Trustee, (b) counsel to the agent for the Debtors' postpetition lenders, (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender, (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration), (e) counsel to the ad hoc group of holders of 2016 Senior Secured Notes, and (f) counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "**Notice Parties**"), a declaration, substantially in the form attached hereto as Exhibit B, certifying that the professional does not represent or hold any interest adverse to the Debtors or the estates with respect to the matter(s) on which the professional is to be employed (the "**Declaration**").

14.   The Debtors further request that upon service of each required Declaration, the Notice Parties will have fourteen (14) calendar days (the "**Objection Deadline**") to object to the retention of the Initial Ordinary Course Professional in question. Any such objections must be filed with the Court and served upon the Debtors, the Debtors' counsel, the Notice Parties and the subject Initial Ordinary Course Professional by the Objection Deadline. If any such objection cannot be resolved and withdrawn within fourteen (14) calendar days after service of the objection, the matter will be scheduled for hearing before the Court on the next regularly-scheduled hearing date or such other date that may be agreeable to the Initial Ordinary Course Professional, the Debtors and the objecting party. If no objection is received on or before the

Objection Deadline, if any objection submitted is timely withdrawn or if any objection submitted is timely resolved, the Debtors will be authorized to retain the Initial Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

B. **Additional Ordinary Course Professionals**

15. The Debtors also request that they be authorized to employ and retain additional Ordinary Course Professionals not currently listed in Exhibit A-1 or Exhibit A-2 as future circumstances require (each an "**Additional Ordinary Course Professional**" and, collectively, the "**Additional Ordinary Course Professionals**") by filing with the Court a supplement to Exhibit A-1 or Exhibit A-2, as applicable (the "**Supplement**"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered, and serving a copy of the Supplement upon the Notice Parties.

16. The Debtors propose that, as with the Initial Ordinary Course Professionals listed on Exhibit A-1 and Exhibit A-2, each Additional Ordinary Course Professional be required to provide to the Debtors and their counsel, for filing with the Court and service upon the Notice Parties, a Declaration within thirty (30) calendar days after the filing of the Supplement. The Notice Parties then would be given fourteen (14) calendar days after service of each required Declaration to object to the retention of the Additional Ordinary Course Professional in question. Any objection would be handled as set forth herein. If no objection is timely submitted, the objection submitted is timely withdrawn or the objection is timely resolved, the Debtors would be authorized to retain the Additional Ordinary Course Professional as a final matter without further order, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

**PROPOSED PAYMENT PROCEDURE**

17.     The Debtors will not pay any fees and expenses to any Ordinary Course Professional unless (a) such Ordinary Course Professional has executed its Declaration and such Declaration was filed with the Court and served on the Notice Parties, (b) the applicable Objection Deadline has expired and (c) no timely objection is pending. If a timely objection is received, no payment will be made until such objection is either resolved or withdrawn or otherwise overruled by the Court.

18.     Subject to the foregoing, the Debtors seek authority to pay, without formal application to and order from the Court (but subject to any postpetition financing or cash collateral order entered by this Court), the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the postpetition services rendered and expenses incurred, provided that such payments do not exceed the applicable payment caps proposed below. The Debtors, however, recognize that bills exceeding the proposed payment caps should be subject to the approval procedures otherwise applicable to the Chapter 11 Professionals.

A.      **Payment Caps**

19.     The Debtors propose that they be permitted to pay to each of the Ordinary Course Professionals, without formal application to the Court by any Ordinary Course Professional, one-hundred percent (100%) of the fees and expenses of each of the Ordinary Course Professionals upon the submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date, so long as such fees and expenses for each of the Ordinary Course Professionals, except those listed in Exhibit A-2 and any Supplement to Exhibit A-2, do not exceed $10,000 per month on average over a

rolling three (3) month period during the pendency of these Chapter 11 Cases. As to the Ordinary Course Professionals listed in <u>Exhibit A-2</u> and any Supplement to <u>Exhibit A-2</u>, payments would be limited to $50,000 per month on average over a rolling three (3) month period during the pendency of these Chapter 11 Cases. Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtors would not be subject to the applicable monthly cap.

20. Notwithstanding the foregoing, the Debtors believe that it may be appropriate to allow a monthly cap in excess of $10,000, or $50,000 if applicable, for any Ordinary Course Professional who likely will exceed such monthly cap but who should not otherwise be required to follow the payment procedure applicable to the Chapter 11 Professionals. If the Debtors are able to obtain the agreement of the Notice Parties to a higher cap for any Ordinary Course Professional, the agreement would be evidenced by the filing of a notice of increased cap amount, and the increased cap amount would be deemed approved upon the filing of such notice, without further action by this Court. Absent such an agreement, the caps set forth above will be enforced, subject to the right of the Debtors to file a motion, on notice to the Notice Parties, seeking an order increasing the caps.

21. The Debtors propose that payments to a particular Ordinary Course Professional would become subject to court approval based upon an application for allowance of fees and expenses under Bankruptcy Code Sections 330 and 331, pursuant to the same procedures that are established for the Chapter 11 Professionals, only if such payments exceed the caps set forth above or any other applicable incremental amount agreed to by the Notice Parties or ordered by the Court as set forth in the preceding paragraph.

22. As a routine matter, prior to the commencement of these Chapter 11 Cases, the Debtors carefully reviewed all bills received from the Ordinary Course Professionals to ensure that the fees charged were reasonable and that the expenses incurred were necessary. This type of review will continue postpetition and, coupled with the proposed monthly and case caps, will protect the Debtors' estates against excessive and improper billings.

B. **Periodic Statements of Payments Made**

23. Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month period after the Petition Date (including any initial partial month in the first period), the Debtors propose to file a periodic payment summary statement with the Court and to serve such statement upon the Notice Parties. The summary statement will include the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional, (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period and (c) a general description of the services rendered by such Ordinary Course Professional. The obligation to file summary statements will terminate upon confirmation of a chapter 11 plan in these cases, provided that a summary statement will be filed with respect to the final period (or partial period) ending on such confirmation date.

## APPLICABLE AUTHORITY

24. The Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of Bankruptcy Code Section 327(a). According to the case law, the following factors are used to determine whether an entity is a "professional" in this context:

    a. whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

  b.  whether the entity is involved in negotiating the terms of a plan of reorganization;

  c.  whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

  d.  whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

  e.  the extent of the entity's involvement in the administration of the debtor's estate; and

  f.  whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

See, e.g., In re Am. Tissue, Inc., 331 B.R. 169, 173 (Bankr. D. Del. 2005); In re First Merchants Acceptance Corp., 1997 WL 873551, at *2 (D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of Bankruptcy Code Section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of administration of the debtor's estate").

  25.  These factors must be considered in the totality—none of the factors alone is dispositive. See First Merchants Acceptance Corp., 1997 WL 873551, at *3. Considering all of these factors, the Debtors believe that the Ordinary Course Professionals are not "professionals" within the meaning of Bankruptcy Code Section 327(a) whose retention must be approved by the Court. In particular, the Ordinary Course Professionals will not be involved in the administration of these Chapter 11 Cases, but rather will provide services in connection with the Debtors' ongoing business operations and services ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy as to the Debtors' employment and

payment of the Ordinary Course Professionals during these Chapter 11 Cases. The Debtors will seek specific court authority under Bankruptcy Code Section 327 to retain any professionals involved in the actual administration of these Chapter 11 Cases.

26. This Court and others have routinely granted the same or similar relief to Debtors in other large cases. See, e.g., In re A123 Sys., Inc., Case No. 12-12859 (KJC) (Bankr. D. Del. Nov. 7, 2012); In re Vertis Holdings, Inc., Case No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012); In re Digital Domain Media Grp., Inc., Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 31, 2012); In re Ritz Camera & Image, L.L.C., Case No. 12-11868 (KG) (Bankr. D. Del. Aug. 24, 2012); In re WP Steel Venture LLC, Case No. 12-11661 (KJC) (Bankr. D. Del. June 19, 2012); In re Traffic Control and Safety Corp., Case No. 12-11287 (KJC) (Bankr. D. Del. May 7, 2012); In re AES E. Energy, Case No. 11-14138 (KJC) (Bankr. D. Del. Jan. 24, 2012); In re Lee Enter., Inc., Case No. 11-13918 (KG) (Bankr. D. Del. Jan. 11, 2012); In re Graceway Pharm., LLC, Case No. 11-13036 (PJW) (Bankr. D. Del. Oct. 17, 2011); In re Dallas Stars, L.P., Case No. 11-12935 (PJW) (Bankr. D. Del. Oct. 17, 2011); In re NewPage Corp., Case No. 11-12804 (KG) (Bankr. D. Del. Oct. 4, 2011); In re Jackson Hewitt Tax Service, Inc., Case No. 11-11587 (MFW) (Bankr. D. Del. July 25, 2011); In re Indianapolis Downs, LLC, Case No. 11-11046 (BLS) (Bankr. D. Del. Apr. 26, 2011).

27. The Debtors and their estates would be well served by the continued retention of the Ordinary Course Professionals because of their prior relationships with the Debtors and their understanding of the Debtors and their operations. It is in the best interest of all creditors and parties in interest to avoid any disruption in the Ordinary Course Professionals' services.

## NOTICE

28. Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Debtors' postpetition secured lender; (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender; (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) parties that have entered their appearance pursuant to Bankruptcy Rule 2002; (h) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (i) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (j) the United States Attorney General for the District of Delaware; and (k) the Attorneys General for the states in which the Debtors conduct business (collectively, the "**Initial Notice Parties**"). The Debtors submit that, under the circumstances, no other or further notice is required.

29. A copy of the Motion is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Motion are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  October 27, 2013
Wilmington, Delaware

Respectfully Submitted,

*/s/ Michael R. Nestor*
_____
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Josef S. Athanas
Caroline A. Reckler
Sarah E. Barr
Matthew L. Warren
LATHAM & WATKINS LLP
Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 876-7700
Facsimile:   (312) 993-9767

Proposed Counsel for Debtors and Debtors in Possession