## EXHIBIT C

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        : Case No. 13-12783 (_____)
al.,                                                         :
                                                             : Jointly Administered
                   Debtors.[1]                               :
                                                             : **Re: Docket No.**
------------------------------------------------------------ x

### ORDER UNDER 11 U.S.C. §§ 105(a), 327, 330 AND 331 AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**")[2] of the Debtors for an order, under Bankruptcy Code Sections 105(a), 327, 330 and 331, authorizing, but not directing, the Debtors to (a) retain professionals utilized in the ordinary course of business (each an "**Ordinary Course Professional**" and, collectively, the "**Ordinary Course Professionals**"), including, but not limited to those set forth on Exhibit A-1 and Exhibit A-2 attached hereto; and (b) pay each such Ordinary Course Professional for postpetition services rendered and expenses incurred, subject to certain limits set forth below, without the necessity of additional court approval; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing that this Court has jurisdiction over this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on Exhibit A-1 and Exhibit A-2 attached hereto (each an "**Initial Ordinary Course Professional**" and, collectively, the "**Initial Ordinary Course Professionals**") without the need to file individual retention applications and obtain retention orders for each such Initial Ordinary Course Professional. Such authorization is effective as of the Petition Date or the applicable date of engagement.

3. Within five (5) business days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional. Thereafter, within thirty (30) calendar days of the later of (a) the date of entry of this Order and (b) the date on which each retained Initial Ordinary Course Professional commences postpetition services for the Debtors, each such Initial Ordinary Course Professional shall provide to the Debtors and their counsel, for filing with the Court and service upon (i) the U.S. Trustee for the District of Delaware, (ii) counsel to the agent for the Debtors' postpetition lenders, (iii) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender, (iv) counsel to the ad

hoc group of holders of 13% Senior Secured Notes Due 2016, and (v) counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "**Notice Parties**"), a declaration, substantially in the form attached hereto as Exhibit B, certifying that the professional does not represent or hold any interest adverse to the Debtors or the estates with respect to the matter(s) on which the professional is to be employed (the "**Declaration**").

4.  The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain Ordinary Course Professionals not currently listed in Exhibit A-1 or Exhibit A-2 hereto (each an "**Additional Ordinary Course Professional**," collectively, the "**Additional Ordinary Course Professionals**" and, collectively with the Initial Ordinary Course Professionals, the "**Ordinary Course Professionals**") by filing with the Court, and serving on the Notice Parties, a supplement to Exhibit A-1 or Exhibit A-2, as applicable (a "**Supplement**"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order. Such authorization is effective *nunc pro tunc* to the date of filing the Supplement or the applicable date of engagement. For purposes of complying with the Declaration requirement above, for each Additional Ordinary Course Professional, the thirty (30) calendar day deadline for the filing of the Declaration by such Additional Ordinary Course Professional shall run from the filing of the Supplement with the Court, but all other requirements and deadlines shall remain the same.

5.  The Notice Parties shall have fourteen (14) calendar days after service of each Ordinary Course Professional's Declaration (the "**Objection Deadline**") to object to the retention of such professional. Any such objections shall be filed with the Court and served upon the Debtors, the Debtors' counsel, the Notice Parties and the subject Ordinary Course Professional by the Objection Deadline. If any such objection cannot be resolved and withdrawn

within fourteen (14) calendar days after service, the matter may be scheduled for hearing before the Court on the next regularly-scheduled hearing date or such other date otherwise agreeable to the Ordinary Course Professional, the Debtors and the objecting party. If no objection is received on or before the Objection Deadline, if any objection submitted is timely withdrawn or if any objection submitted is timely resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

6.  The Debtors shall not pay any fees and expenses to any Ordinary Course Professional unless (a) such Ordinary Course Professional has executed its Declaration and such Declaration was filed with the Court and served on the Notice Parties, (b) the applicable Objection Deadline has expired and (c) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved or withdrawn or otherwise overruled by the Court.

7.  Without the need for a further hearing or order from the Court, the Debtors are authorized, but not directed, to make monthly payments for postpetition fees and expenses to each of the Ordinary Course Professionals, in the full amount billed by any such Ordinary Course Professional, subject to the provisions of paragraph 6 above, upon receipt therefrom of invoices setting forth in reasonable detail the nature of the professional services rendered and expenses incurred and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' rights to dispute any such invoices); provided, however, that without further order of the Court (a) the Debtors shall not pay any individual Ordinary Course Professional, except for those listed in Exhibit A-2 and any Supplement to Exhibit A-2, amounts in excess of $10,000 per month on average over a rolling three (3) month

period during the pendency of these Chapter 11 Cases, and (b) the Debtors shall not pay any individual Ordinary Course Professional listed in <u>Exhibit A-2</u> and any Supplement to <u>Exhibit A-2</u> amounts in excess of $50,000 per month on average over a rolling three (3) month period during the pendency of these Chapter 11 Cases, each subject to a possible increase as provided in paragraph 8 below. Any contingency fees earned by Ordinary Course Professionals on account of recoveries realized on behalf of the Debtors shall not be subject to the applicable monthly cap.

8. Notwithstanding the foregoing, the Debtors are authorized, but not directed, to seek the agreement of the Notice Parties to a higher cap for any Ordinary Course Professional who likely will exceed its cap, but who should not otherwise be required to follow the payment procedures applicable to the Chapter 11 Professionals. If the Debtors are able to obtain the agreement of the Notice Parties to a higher cap for any Ordinary Course Professional, the agreement shall be evidenced by the filing of a notice of increased cap amount, and the increased cap amount shall be deemed approved upon the filing of such notice, without further action by this Court. Absent such an agreement, the caps set forth above will be enforced, subject to the right of the Debtors to file a motion, on notice to the Notice Parties, seeking an order increasing the caps.

9. The payments to a particular Ordinary Course Professional shall be subject to court approval based upon an application for allowance of fees and expenses under Bankruptcy Code Sections 330 and 331, pursuant to the same procedures that are established for the Chapter 11 Professionals, only if such payments exceed the applicable caps set forth in paragraph 7 above or any other applicable incremental amount agreed to by the Notice Parties or ordered by the Court as set forth in paragraph 8 above, but the Debtors need not file an

application to retain such Ordinary Course Professional under Bankruptcy Code Section 327 or 328.

10. Within thirty (30) calendar days after the end of, and with respect to, each full three (3) month period after the Petition Date (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional, (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period and (c) a general description of the services rendered by such Ordinary Course Professional. The obligation to file summary statements shall terminate upon confirmation of a chapter 11 plan in these cases, provided that a summary statement shall be filed with respect to the final period (or partial period) ending on such confirmation date.

11. Notwithstanding anything to the contrary in this Order, the procedures and limitations set forth in this Order shall not apply to professionals who are retained and paid by third parties to provide services on behalf of the Debtors or in connection with their assets, nor shall they apply to those professionals who are retained by the Debtors but who are paid directly by third parties. Such professionals shall be paid by such third parties, as applicable, without regard to the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines or the procedures approved herein.

12. This Order shall not apply to any professional retained by the Debtors under a separate order of this Court.

13. Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with, or prohibited by, any cash collateral and/or postpetition financing order entered by this Court or any agreements approved thereby.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2013
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A-1

## List of Ordinary Course Professionals Expected to Incur Less than $10,000 of Fees and Expenses per Month, on Average

| Ordinary Course Professional | Mailing Address | Phone / Fax / Email (if available) | Type of Service | Estimated Monthly Spending |
|---|---|---|---|---|
| Atlantis Tax Management | 400 North Main Street, #101 Grapevine, TX 76051 | (817) 488-7432 | Property Tax Service | $2,100 |
| Ballard & Littelfield, LLP | 3700 Buffalo Speedway, Houston, TX 77098 | (713) 403-6400 | Litigation Services | $4,000 |
| BoyarMiller | 4265 San Felipe, Ste 1200, Houston, TX 77027 | (713) 850-7766 | Litigation Services | $6,300 |
| Breaux, Matthew (d/b/a MAB Services, LLC)[1] | MAB Services, LLC. 100 Settlers Trace Blvd. Lafayette, LA 70508 | (504) 616-5289 | Financial Service | $4,200 |
| Continuous Health, LLC | 5 Concourse Parkway, Suite 2250 Atlanta, GA 30328 | (678) 736-6895 | Dependent Eligibility Audit Service | $2,200 |
| Curtis Tax Law, P.C. | 1177 West Loop South, Ste 1600 Houston, TX 77027 | (713) 888-2570 | Litigation Services | $8,000 |
| Darnall, Sikes, Gardes & Federick | P. O. Box 2517 Lafayette, LA 70502 | (337) 232-3312 | Audit & Tax Services | $8,500 |

---

[1]   Breaux, Matthew (d/b/a MAB Services, LLC) is in the process of changing their name to Evangeline Capital Advisors.

| Ordinary Course Professional | Mailing Address | Phone / Fax / Email (if available) | Type of Service | Estimated Monthly Spending |
|---|---|---|---|---|
| Dennard Rupp Gray & Lascar | 1800 West Loop South #200, Houston, TX 77027 | (713) 529-6600 | Investor Relation Services | $5,300 |
| Dorsey & Whitney, LLP | P.O. Box 1680, Minneapolis, MN 55480 | (302) 425-7171 | Litigation Services | $1,000 |
| Homer Ed Barousse Jr. | P.O. Box 1305, Crowley, LA 70527 | (337) 785-1000 | Litigation Services | $3,000 |
| Howard & Associates International, Inc. | 1416 S Hugh Wallis Rd Lafayette, LA 70508 | (337) 264-1199 | Engineering Services | $2,000 |
| Jones Walker | 201 St. Charles Ave- 50th Floor New Orleans, LA 70170-5100 | (504) 582-8000 | Litigation Services | $3,500 |
| Landmark Safety, Inc. | 4400 Ambassador Caffery, Ste. A#310 Lafayette, LA 70508-6706 | (337) 207-4023 | Health, Safety & Environmental Consultant | $4,000 |
| Mahtook & Lafleur, LLC | P.O. Box 3089, Lafayette, LA 70502 | (337) 266-2189 | Litigation Services | $2,300 |
| Martin, Disiere, Jefferson & Wisdon, LLP | 808 Travis, 20th Floor, Houston, TX 77002 | (713) 632-1700 | Litigation Services | $2,000 |
| Preis & Roy | P O Office Drawer 94-C Lafayette, LA 70509 | (337) 237-6062 | Litigation Services | $1,800 |
| ProNexus Business Solutions, Inc. | 33014 Tamina Road Magnolia, TX 77354 | (281) 280-9940 | IT Consultant | $450 |

| Ordinary Course Professional | Mailing Address | Phone / Fax / Email (if available) | Type of Service | Estimated Monthly Spending |
|---|---|---|---|---|
| RR Donnelley | PO Box 730216 Dallas, TX 75373-0216 | (775) 677-3795 | Printing Service | $2,400 |
| Randazzo, Giglio & Bailey, LLC | P.O. Box 51347, Lafayette, LA 70505 | (337) 291-4900 | Litigation Services | $4,000 |
| Solvpro, LLC | P.O. Box 257 Lake Arthur, LA 70549 | (337) 246-1340 | IT Consultant | $8,000 |
| The Rand Group | 6575 W. Loop South, Suite 700 Bellaire, TX 77401 | (713) 850-0747 | Accounting Software Services | $1,900 |
| William J Davis | 614 Gerald Dr. Lafayette, LA 70503 | (337) 789-4565 | IT Consultant | $400 |
| WRN International, Inc. | C/O Reed Noel 3126 Willow Oak Lane Sealy, TX 77474 | | Sales Consultant | $3,500 |
| **TOTAL** | | | | **$80,850** |

## EXHIBIT A-2

**List of Ordinary Course Professionals Expected to Incur Greater than $10,000 but Less than $50,000 of Fees and Expenses per Month, on Average**

| Ordinary Course Professional | Mailing Address | Phone / Fax / Email (if available) | Type of Service | Estimated Monthly Spending |
|---|---|---|---|---|
| Babineaux, Poche, Anthony & Slavich, LLC | PO Box 52169 Lafayette, LA 70505-2169 | (337) 984-2505 | Litigation Services | $14,000 |
| Ernst & Young | Wells Fargo Bank, NA PO Box 933514 Atlanta, GA 31193-3514 | (404) 874-8300 | Audit & Tax Services | $46,000 |
| Grant Thornton LLP | 700 Milam Street Suite 300 Houston, TX 77002 | (832) 476-3600 | Valuation Services | $22,000 |
| Marion Dale Doucet | 311 Lepinay S. Lafayette, LA 70508 | (337) 654-4697 | Procurement Consultant | $11,000 |
| Willem Mast | 425 Kidder Rd Carencro, LA 70520 | (337) 266-5577 | Engineering Services | $32,000 |
| **TOTAL** | | | | **$125,000** |

## EXHIBIT B

**Form of Declaration**

01:14283858.3
HN\1066784.10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        : Case No. 13-12783 (_____)
al.,                                                         :
                                                             : Jointly Administered
                    Debtors.¹                                x
------------------------------------------------------------

### DECLARATION IN SUPPORT OF EMPLOYMENT OF [_____] AS PROFESSIONAL UTILIZED IN ORDINARY COURSE OF BUSINESS

I, _____, declare that the following is true to the best of my knowledge, information and belief:

1. I am a [position] of [Firm], located at [Street, City, State ZIP Code] (the "**Firm**"), which has been employed by the debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") in the ordinary course of the Debtors' business. The Debtors wish to retain the Firm to continue providing ordinary course services during these Chapter 11 Cases, and the Firm has consented to provide such services. This Declaration is submitted in compliance with the Order Under 11 U.S.C. §§ 105(a), 327, 330 and 331 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business (the "**Ordinary Course Professionals Order**").

2. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these Chapter 11 Cases for persons that are parties in interest in these Chapter 11 Cases. The Firm does not perform

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys or accountants that would be adverse to the Debtors or their estates.

3. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in these Chapter 11 Cases.

4. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

5. Neither I nor any principal, partner, director or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

6. The Firm intends to bill the Debtors for professional services rendered in connection with these Chapter 11 Cases, in accordance with the Ordinary Course Professionals Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal [attorneys and paralegals/other professionals]/[employees] designated to represent the Debtors and their current standard rates are:

[PLACEHOLDER FOR LIST OF PROFESSIONALS AND HOURLY RATES]

7. The rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Such rates are the Firm's standard rates for work of this nature.

The rates are set at a level designed to fairly compensate the Firm for the work of its [attorneys and paralegals/other professionals]/[employees] and to cover fixed and routine overhead expenses.

8. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, [PLACEHOLDER FOR DESCRIPTION OF EXPENSES] and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

9. No representations or promises have been received by the Firm[, nor by any principal, partner, director, officer or professional thereof,] as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

10. The Debtors owe the Firm $[_____] for fees and expenses incurred prior to and unpaid as of the date these Chapter 11 Cases were commenced (the "**Petition Date**"), the payment of which is subject to the limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Firm understands that it must file a proof of claim for such fees and expenses unless the amount thereof is properly listed in the Debtors' schedules of liabilities and is not designated therein as contingent, unliquidated or disputed.

11. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with the Debtors. [A copy of such agreement is attached as Exhibit A to this Declaration.]

3

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

                                                   _____
[Name]
[Title]

[FIRM NAME]
Address:
Telephone:
Facsimile:
Email: