IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        :   Case No. 13-12783 (KG)
al.,                                                         :
                                                             :   Joint Administration Requested
                    Debtors.[1]                        :
                                                             :
------------------------------------------------------------ x

### APPLICATION OF DEBTORS FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS ATTORNEYS FOR THE DEBTORS PURSUANT TO 11 U.S.C. §§ 327(a), 329, AND 1107, FED. R. BANKR. P. 2014(a) AND 2016 AND DEL. BANKR. L.R. 2014-1 AND 2016-1, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby apply to the Court (the "**Application**") for entry of an order, under Sections 327(a), 329 and 1107 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to employ and retain Latham & Watkins LLP ("**L&W**") as their attorneys, *nunc pro tunc* to October 27, 2013 (the "**Petition Date**"). In support of the Application, the Debtors submit the Declaration of Josef S. Athanas, attached hereto as Exhibit A (the "**Athanas Declaration**"). In further support of the Application, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

## JURISDICTION

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue for these cases and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are Bankruptcy Code Sections 327(a), 329 and 1107, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

2. On the Petition Date, the Debtors filed voluntary petitions in the Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 2] (the "**Blackwell Declaration**").

3. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## RELIEF REQUESTED

4. By this Application, the Debtors seek to retain and employ L&W as their attorneys in the Chapter 11 Cases *nunc pro tunc* to the Petition Date.

## SERVICES TO BE PROVIDED

5. The Debtors require L&W to render a variety of legal services during the Chapter 11 Cases and to assist the Debtors in addressing the myriad of issues that may arise in the Chapter 11 Cases. The services L&W is expected to provide to the Debtors during the Chapter 11 Cases include, without limitation:

   a) seeking to obtain approval of the initial requests for relief and thereafter reviewing documents and preparing schedules and statements;

   b) advising and consulting on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11;

   c) preparing such administrative and procedural applications and motions as may be required for the sound conduct of the case;

   d) prosecuting and defending litigation that may arise during the course of the case;

   e) consulting with the Debtors concerning and participating in the formulation, negotiation, preparation and filing of the plan or plans of reorganization and disclosure statement(s) to accompany the plan(s);

   f) reviewing and objecting to claims;

   g) analyzing, recommending, preparing and bringing any causes of action created under the Bankruptcy Code;

   h) taking all steps necessary and appropriate to bring the Chapter 11 Cases to a conclusion; and

   i) performing the full range of services normally associated with matters such as the Chapter 11 Cases that the firm is in a position to provide.

6. The Debtors wish to retain L&W because of L&W's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations, and its expertise and experience practicing before bankruptcy courts. L&W has been actively involved in major chapter 11 cases over the last decade, and has represented numerous debtors in chapter 11 cases, including, without limitation, A123 Systems, Inc., Graceway Pharmaceuticals, LLC, RHI Entertainment, Inc., National Envelope Corporation, Freedom Communications Holdings,

Inc., Boston Generating, LLC, Spectrum Brands, Inc., Regent Communications, Inc., Eddie Bauer Holdings, Inc., Spansion, Inc., Bally Total Fitness Corporation, Consolidated Freightways, Inc., Trump Hotels and Casino Resorts, Inc., Leap Wireless International, Inc., Cricket Communications, Inc. and Assisted Living Concepts, Inc.

7. In addition, L&W has represented the Debtors with respect to various matters since June 28, 2011. L&W is intimately familiar with the Debtors' business and affairs and will be able to expeditiously and efficiently address the legal issues that may arise in the context of the Chapter 11 Cases. Accordingly, the Debtors believe that L&W both is well-qualified and uniquely able to represent them in the Chapter 11 Cases in an efficient and timely manner.

8. The Debtors have chosen to retain Young Conaway Stargatt & Taylor, LLP ("**YCST**") to act as their Delaware counsel in the Chapter 11 Cases. The Debtors will submit a separate application to retain YCST, and L&W has assured the Debtors that it will take care not to duplicate the efforts of YCST or any special counsel the Debtors may retain in the Chapter 11 Cases.

## TERMS AND CONDITIONS OF L&W'S RETENTION

9. The terms and conditions of L&W's retention are set forth in the engagement letter between GFES and L&W dated June 28, 2011 (the "**Engagement Letter**"). L&W intends to charge the Debtors for its services on an hourly basis, and will seek reimbursement of the actual and necessary out-of-pocket expenses and other charges that L&W incurs in the course of representing the Debtors. The Debtors understand that the rate structure that L&W will utilize in the Chapter 11 Cases is similar to the rate structures L&W utilizes with its other clients in restructuring and other matters, regardless of whether a fee application is required. L&W's proposed hourly rates reflect that the restructuring and other matters in which

it is involved are typically national in scope and typically involve great complexity, high stakes and severe time pressures.

10. L&W's hourly rates are set at a level designed to compensate L&W fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first L&W fee application following such adjustments). In particular, L&W's current hourly rates for matters related to the Chapter 11 Cases are expected to be within the following ranges:

| Position | Range of Hourly Rates |
|---|---|
| Partners | $830 to $1,150 an hour |
| Counsel | $875 to $970 an hour |
| Associates | $485 to $795 an hour |
| Paraprofessionals | $245 to $485 an hour |

11. The following L&W professionals are presently expected to have primary responsibility for providing services to the Debtors: Josef S. Athanas, Michael Chambers, Caroline A. Reckler, Sarah E. Barr, Matthew L. Warren, Kathryn K. George, Mary S. Maher and Patrick M. Foley. In addition, as necessary, other L&W professionals and paraprofessionals will provide services to the Debtors.

12. L&W intends to apply to this Court for compensation and reimbursement of expenses in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and orders of this Court.

13. It is L&W's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not

have been incurred except for representation of that particular client. Except as otherwise described herein, it is L&W's policy to charge its clients only the amount actually incurred by L&W in connection with such items. Examples of such expenses are postage, transportation, overtime expenses, computer assisted legal research, photocopying, long-distance telephone calls, airfare, meals, and lodging. However, (a) for fee-based research databases, L&W may charge its clients 90% of the third-party vendor rate or 125% of its volume-discounted cost (depending on the vendor) and (b) for couriers and air freight expenses, L&W may charge its clients 110% of its volume-discounted cost. L&W charges $0.10 per page for standard duplication. L&W does not charge its clients for facsimile transmissions.

14.    To ensure compliance with all applicable deadlines in the Chapter 11 Cases, L&W may utilize the services of overtime secretaries and may bill the Debtors for such services. In addition, L&W professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

## PREPETITION PAYMENTS TO L&W

15.    In September 2013, the Debtors asked L&W to represent the Debtors in their restructuring and likely Chapter 11 Cases. Within the one year preceding the Petition Date, the total aggregate amount of payments received by L&W from the Debtors, as identified and accounted for by L&W as of the date hereof, was $1,637,665.77.

16.    As set forth in the table attached as Appendix 3 to the Athanas Declaration, during the 90-day period prior to the Debtors' bankruptcy filing, the Debtors paid L&W a total of $964,845.26. Of such amount, $828,322.90 was paid in the form of retainers applied to subsequent invoices (the "**Retainer**"). The Retainer was paid or replenished on each of September 27 and October 16 as set forth on the Payment Chart. The balance of such amount

was paid as payment in the ordinary course of business of invoices issued by L&W. Accordingly, the Debtors do not believe that L&W received any preferential payments in the 90 days preceding the Petition Date.

17. Other than as set forth in the Athanas Declaration, no arrangement is proposed between the Debtors and L&W for compensation to be paid in these cases. L&W has informed the Debtors that, except for sharing arrangements among the partners of L&W, it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Bankruptcy Code Section 504(b)(1).

18. The Debtors submit that the engagement and retention of L&W on the terms and conditions set forth in the Engagement Letter is necessary and in the best interests of the Debtors, their estates and their creditors, and thus should be approved.

## L&W'S DISINTERESTEDNESS

19. To the best of the Debtors' knowledge, and except as otherwise set forth herein and in the Athanas Declaration, the partners, counsel and associates of L&W do not have any connection with any of the Debtors, their affiliates, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the District of Delaware or the Judge presiding over these cases.

20. As specifically set forth herein and in the Athanas Declaration and the appendices thereto, L&W has in the past represented or currently represents certain of the Debtors' creditors, equity security holders or other parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases. However, the Debtors understand that except as otherwise set forth in the Athanas Declaration:

    (a)    Neither L&W nor any attorney at L&W holds or represents an interest adverse to the Debtors' estates.

(b) As of the date of this Application, neither L&W nor any attorney at L&W is a creditor, an equity security holder or an insider of the Debtors.

(c) Neither L&W nor any attorney at L&W is or was within two years before the Petition Date, a director, officer or employee of the Debtors.

(d) L&W does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

21. Pursuant to Bankruptcy Code Section 327(c), L&W is not disqualified from acting as the Debtors' counsel merely because it has represented or currently represents certain of the Debtors' creditors, equity security holders or other parties in interest in matters unrelated to the Chapter 11 Cases. L&W is a "disinterested person," as that phrase is defined in Bankruptcy Code Section 101(14), as modified by Bankruptcy Code Section 1107(b), and L&W's employment is necessary and in the best interests of the Debtors and their estates and creditors.

22. L&W has informed the Debtors that throughout the Chapter 11 Cases, it will continue to conduct periodic disclosure analyses to determine whether it is performing or has performed services for any significant parties in interest in these cases and that it will promptly update the Athanas Declaration and disclose any material developments regarding the Debtors or any other pertinent relationships that come to L&W's attention by way of a supplemental declaration.

23. The Debtors will retain conflicts counsel as necessary, if neither L&W nor YCST is available for a particular matter because of a conflict.

## NOTICE

24. Notice of this Application will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Debtors' postpetition secured lender; (c) counsel

to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender; (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (h) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (i) the United States Attorney for the District of Delaware; and (j) the Attorneys General for the states in which the Debtors conduct business (collectively, the "**Initial Notice Parties**"). The Debtors submit that, under the circumstances, no other or further notice is required.

25.    A copy of the Application is available on the Court's website: www.deb.uscourts.gov. Additional copies of the Application are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: October 28, 2013
Wilmington, Delaware

**GREEN FIELD ENERGY SERVICES, INC. on behalf of itself and the affiliated debtors in possession**

By: /s/ Earl J. Blackwell
Name: **Earl J. Blackwell**
Title: **Chief Financial Officer**