IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                         :    Chapter 11
                                                               :
GREEN FIELD ENERGY SERVICES, INC., et                          :    Case No. 13-12783 (KG)
al.,                                                           :
                                                               :    Joint Administration Requested
        Debtors.[1]                                              :
                                                               :
                                                               :
------------------------------------------------------------- x

## APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby apply to this Court (the "**Application**") for entry of an order (the "**Order**"), in substantially the form attached hereto as Exhibit C, authorizing and approving the retention of Young Conaway Stargatt & Taylor, LLP (the "**Firm**" or "**Young Conaway**") as attorneys to the Debtors in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below), pursuant to Section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of this Application, the Debtors rely upon the declaration of Michael R. Nestor, Esquire (the "**Nestor Declaration**") attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully state:

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 40503.

## JURISDICTION

1. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code Section 327(a) and Bankruptcy Rule 2014.

## BACKGROUND

2. On October 27, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions in the Court commencing cases for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions*, [Docket No. 2] (the "**Blackwell Declaration**").

3. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## RELIEF REQUESTED

4. By this Application, the Debtors seek entry of an order by this Court authorizing the Debtors to employ and retain Young Conaway as their bankruptcy co-counsel with regard to the filing and prosecution of their Chapter 11 Cases, effective *nunc pro tunc* to the Petition Date.

01:14238844.2

**BASIS FOR THE RELIEF REQUESTED**

A. <u>Young Conaway's Qualifications</u>

5. The Debtors seek to retain Young Conaway as their attorneys because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Additionally, the Debtors submit that Young Conaway's expertise, experience, and knowledge practicing before this Court will be efficient and cost effective for the Debtors' estates. In preparing for these cases, Young Conaway has become familiar with the Debtors' businesses and affairs and many of the potential legal issues which may arise in the context of these Chapter 11 Cases. Accordingly, the Debtors believe that Young Conaway is both well qualified and uniquely able to represent them as bankruptcy co-counsel in these Chapter 11 Cases in a most efficient and timely manner. The Debtors are also seeking to retain the firm of Latham & Watkins, LLP ("**Latham**") as bankruptcy co-counsel. Young Conaway and Latham have discussed a division of responsibilities and will make every effort to avoid duplication of effort in these cases.

B. <u>Payment of Fees and Expenses</u>

6. Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"). The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

    a) Michael R. Nestor, Partner    $675.00
    b) Kara Hammond Coyle, Associate    $430.00

      c) Justin H. Rucki, Associate         $325.00
      d) Melissa Romano, Paralegal     $190.00

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described.

    7. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

    8. Young Conaway was retained by the Debtors pursuant to an engagement agreement dated September 26, 2013 (the "**Engagement Agreement**"). Young Conaway received a retainer in the amount of $100,000 on October 16, 2013 (the "**Retainer**") in connection with the planning and preparation of initial documents and its proposed postpetition representation of the Debtors (including anticipated filing fees). A portion of the Retainer has

01:14238844.2

been applied to outstanding balances existing as of the Petition Date.[2] The remainder will constitute a general retainer for postpetition services and expenses.[3]

9.  In these cases, the general security retainer is appropriate for several reasons. See In re Insilco Tech., Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) (Carey, J.) ("Factors to be considered, include . . . whether terms of an engagement agreement reflect normal business terms in the marketplace; . . . the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation[] [and] . . . whether the retention, as proposed, is in the best interests of the estate[] . . ."); see also In re CTC Commc'ns Group, Inc., Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43, May 22, 2003 ("I agree and adopt wholeheartedly Judge Carey's decision in the Insilco case."). First, these types of retainer agreements reflect normal business terms in the marketplace. See In re Insilco Tech., Inc., 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtors are sophisticated business entities that have negotiated the retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtors' estates because the retention agreement and retainer allow the Debtors to maintain the prepetition relationship established with Young Conaway. Thus, under the standards articulated in In re Insilco Tech., Inc., and adopted In re CTC Commc'ns Group, Inc., the facts and circumstances of these cases support the approval of the security retainer.

---

[2]  Young Conaway has not yet completed its final reconciliation of prepetition fees and expenses applied against its retainer. Details regarding such final reconciliation will be included in the Firm's first application for interim compensation.

[3]  Young Conaway's statement pursuant to Bankruptcy Rule 2016 is attached hereto as Exhibit B.

01:14238844.2

10. As set forth in the Nestor Declaration, Young Conaway has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by Section 504 of the Bankruptcy Code.

C. Services to Be Provided

11. The professional services that Young Conaway will render to the Debtors include, but shall not necessarily be limited to, the following:

- a) to provide legal advice with respect to the Debtors' powers and duties as debtors-in-possession in the continued operation of their business, management of their properties, and sale of their assets;

- b) to prepare and pursue confirmation of a plan and approval of a disclosure statement;

- c) to prepare on behalf of the Debtors necessary applications, motions, answers, orders, reports, and other legal papers;

- d) to appear in Court and to protect the interests of the Debtors before this Court; and

- e) to perform all other legal services for the Debtors which may be necessary and proper in these proceedings.

D. Bankruptcy Rule 2014 Disclosure

12. To the best of the Debtors' knowledge, and except as disclosed herein and in the Nestor Declaration, Young Conaway has not represented the Debtors, their creditors, or any other parties-in-interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Young Conaway is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

- a) are not creditors, equity security holders, or insiders of the Debtors;

- b) are not and were not, within two (2) years before the Petition Date, directors, officers, or employees of the Debtors; and

- c) do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by

reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

13.     For the above reasons, the Debtors submit that Young Conaway's employment is necessary and in the best interests of the Debtors and their estates.

## NOTICE

14.     Notice of this Application will be given to: (a) the United States Trustee for the District of Delaware, (b) counsel to the Debtors' postpetition secured lender, (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender, (d) counsel to the Indenture Trustee under the Debtors' prepetition 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (h) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (i) the United States Attorney for the District of Delaware; and (j) the Attorneys General for the states in which the Debtors conduct business (collectively, the "**Initial Notice Parties**").  The Debtors submit that, under the circumstances, no other or further notice is required.

15.     A copy of the Application is available on the Court's website: www.deb.uscourts.gov.  Additional copies of the Application are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

01:14238844.2

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit C, authorizing and approving the retention of Young Conaway Stargatt & Taylor, LLP as attorneys to the Debtors in these Chapter 11 Cases, *nunc pro tunc* to the Petition Date, pursuant to Section 327(a) the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

Dated: October 28, 2013  
Wilmington, Delaware

Respectfully Submitted,

*Earl J. Blackwell*  
Earl J. Blackwell  
Chief Financial Officer  
GREEN FIELD ENERGY SERVICES, INC.  
on behalf of itself and the affiliated debtors  
in possession