## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        :   Case No. 13-12783 (KG)
al.,                                                         :
                                                             :   Joint Administration Requested
                    Debtors.¹                                :
------------------------------------------------------------ x
```

### DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 365 AND FED R. BANKR. P. 6006 AUTHORIZING REJECTION OF CERTAIN UNEXPIRED CONTRACT AND LEASES

The above-captioned debtors and debtors-in-possession (collectively, the

"**Debtors**") hereby file this motion (the "**Motion**") pursuant to 11 U.S.C. § 365 for entry of an

order (the "**Order**"), in substantially the form attached hereto as Exhibit A, authorizing the

rejection of the unexpired leases of non-residential real property, including any amendments or

modifications thereto, as set forth on the attached Exhibit B (the "**Leases**") by the Debtors *nunc*

*pro tunc* to the earlier of October 25, 2013 (the "**Petition Date**"), or the date on which the

Debtors vacate the premises (the "**Lease Rejection Date**").  Additionally, the Debtors hereby

file this Motion for entry of an Order authorizing the rejection of the contract, including any

amendments or modifications thereto, as set forth on the attached Exhibit C (the "**Contract**") by

the Debtors *nunc pro tunc* to the date of filing this Motion.  In support of this Motion, the

Debtors respectfully state as follows:

---

¹ The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035).  The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

HN\1066755.9

01:14288921.1

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**").

## BACKGROUND

### A.      Introduction

3.      On October 25, 2013, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      By separate motion filed contemporaneously herewith, the Debtors have requested that these Chapter 11 Cases be jointly administered for procedural purposes only.

5.      As the date hereof, the Office of the United States Trustee has not appointed an official committee of unsecured creditors for the Chapter 11 Cases.

### B.      The Debtors' Business

6.      The Debtors design and develop turbine-powered fracturing pumps and provide hydraulic fracturing, cementing, coiled tubing, pressure pumping, acidizing, and other pumping services to oil and natural gas drilling and production companies.  As of the Petition Date, the Debtors have facilities in Louisiana, Texas, Colorado, and Pennsylvania.  The factual

background regarding the Debtors, including their business operations, their capital and debt

structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the

*Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions*

[Docket No. 2] (the "**Blackwell Declaration**"), which is fully incorporated herein by reference.

    7.  The Debtors have begun a comprehensive review of their contracts and

leases to determine which to assume and which to reject.  As a result of their preliminary review,

the Debtors have decided to reject the Leases identified on the list annexed hereto as Exhibit B,

and the Contract annexed hereto as Exhibit C, because such Contract and Leases are of no

benefit to the Debtors' estates.  The monthly payments for the Contract and Leases are

substantial.  As set forth in Exhibit B, the monthly payments for the Leases total approximately

$85,006.51 per month.  As set forth in Exhibit C, the monthly payment under the Contract is

approximately 342,000.00.

## THE LEASES

    8.  On or about October 1, 2012, Debtor Green Field Energy Systems, Inc.

("**GFES**")[2] and City Center Development Co. LP, *et al.*[3] ("**City Center**") entered into a Lease

Agreement for office space located on the 21st floor of the D.R. Horton Tower at 301 Commerce

Street, in Fort Worth, Texas (previously and hereinafter referred to as the "**Horton Lease**").  The

Horton Lease, by its terms, does not expire until April 30, 2016.  On or about October 1, 2012,

GFES and Woodbine Acquisition Corporation ("**Woodbine**") entered into a Sublease Agreement

for a portion of the premises covered by the Horton Lease (previously and hereinafter referred to

---

[2]  As set forth in the Blackwell Declaration, GFES was previously named Hub City Industries, LLC.

[3]  The Landlord Co-Owners include; City Center Development Co., L.P., a Texas limited
partnership; SRB City Investments, L.P., a Texas limited partnership; T-L City Investments, L.P., a Texas limited
partnership, and DDR/DTC City Investments, L.P., a Texas limited partnership.

as the "**Horton Sublease**"). The Horton Sublease, by its terms, does not expire until July 31, 2014. Prior to the Petition Date, GFES remitted control of the premises under the Horton Lease.

9.      On or about June 6, 2011 GFES and HTD-Hudson Bay, LLC, a Delaware limited liability company ("**HTD**") entered into a Lease Agreement for the premises located at 1600 Stout Street, in Denver, Colorado (previously and hereinafter referred to as the "**Hudson Bay Lease**"). By its terms, the Hudson Bay Lease expires on October 31, 2014. Prior to the Petition Date, the Debtors vacated the premises covered by the Hudson Bay Lease.

10.     On or about December 21, 2012, GFES and 2013 MP Sub Two, LLC, a Texas limited liability company ("**MP**") entered into a Lease Agreement for the premises located at 12914 West County Road 91, in Midland, Texas (previously and hereinafter referred to as the "**West County Lease**"). By its terms, the West County Lease expires on January 31, 2016. Prior to the Petition Date, the Debtors vacated the premises covered by the West County Lease.

11.     On or about January 1, 2013, GFES and JBK Commerical ("**JBK**") entered into a Lease agreement for the premises located at 99 Pullins Drive, in Pleasanton, Texas (previously and hereinafter referred to as the "**Pullins Lease**"). By its terms, the Pullins Lease expires on January 1, 2016. The Debtors are currently in the process of vacating the premises covered by the Pullins Lease.

## THE CONTRACT

12.     On or about May 25, 2012, GFES and Signor Catering & Logistics, LLC ("**Signor**") entered into a Contract for temporary housing and catering services at the Debtors' property, located at 200 Egg Road, in Carrizo Springs, Texas (previously and hereinafter referred to as the "**Signor Contract**"). By its terms, the Signor Contract expires on June 30, 2015. The Debtors ceased using the services provided under the Signor Contract prior to the Petition Date.

**RELIEF REQUESTED**

13.     By this Motion, pursuant to Section 365 of the Bankruptcy Code the

Debtors seek authority to reject, *nunc pro tunc* to the Lease Rejection Date, the Leases, which

are, in the Debtors' business judgment, no longer necessary to the operations of the Debtors'

business.  Additionally, by this Motion, pursuant to section 365 of the Bankruptcy Code, the

Debtors seek authority to reject *nunc pro tunc* to the Date of this Motion, the Contract, which, in

the Debtors' business judgment, is no longer necessary or beneficial to the Debtors' business.

**BASIS FOR RELIEF REQUESTED**

14.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, as

follows: "[T]he trustee, subject to the court's approval, may assume or reject any executory

contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

15.     Under Section 365(a), a debtor-in-possession is authorized, subject to the

court's approval, to reject any executory contract or unexpired lease if rejection is a reasonable

exercise of its business judgment.  See N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523

(1984) (citing Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R. Co.,

318 U.S. 523, 500 (1943)); Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon

Steel Corp.), 872 F.2d 36, 40 (3d. Cir. 1989); In re Federal-Mogul Global Inc., 293 B.R. 124,

126 (Bankr. D. Del. 2003) ("motions to reject executory contracts are evaluated under the

business judgment test").  Under the business judgment test, the debtor-in-possession need only

demonstrate that the rejection of the unexpired lease or executory contract will benefit the estate.

See Sharon Steel Corp., 872 F.2d at 39-40; Krebs Chrysler-Plymouth, Inc. v. Valley Motors,

Inc., 141 F.3d 490, 492 (3d Cir. 1998).  Generally in such situations, "absent a showing of bad

faith, or an abuse of business discretion, the debtor's business judgment will not be altered." In

re G. Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (citing In re Bildisco, 682 F.2d

72, 79 (3d Cir. 1982), aff'd sub nom. N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 104 S. Ct. 1188).

16.    Maximization of the value of the Debtors' estates depends in large measure on their ability to relieve the estates from, among other things, burdensome contracts and unnecessary operating costs.  For these reasons, the Debtors have determined, in the exercise of sound business judgment, to reject the Contract and Leases.  The Debtors respectfully request that the Court authorize the rejection of the Contract and Leases *nunc pro tunc* to the Lease Rejection Date or the Petition Date, as applicable, pursuant to section 365(a) of the Bankruptcy Code as an appropriate exercise of their business judgment.

17.    Bankruptcy courts have the discretion to approve retroactive rejections of executory contracts and unexpired leases based on the equities of the circumstances.  See In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (finding that "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of §365(a)" and that the appropriate date was the day the Debtors surrendered the premises to the landlords); see also In re Fleming Cos., Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that, while not the norm, rejection has been allowed *nunc pro tunc* to the date the premises were surrendered).

18.    Courts that have permitted retroactive rejection generally have permitted rejection of an executory contract or unexpired lease to be effective as of the date on which the non-debtor party to the executory contract or unexpired lease was given definitive notice of the debtor's intent to reject.  See, e.g., In re FLYi, Inc., Case No. 05-20011 (MFW) (Bankr. D. Del. Aug. 21, 2006); In re Imperial Home Décor Group, Inc., Case No. 00-19 (MFW) (Bankr. D. Del. Feb. 25, 2000) (authorizing rejection *nunc pro tunc* of a car lease as of the date the car was returned to the lessor).

19.     By notice of this Motion, the parties to the Contract and Leases were informed of the Debtors' unequivocal intent to terminate their respective Contract and Leases as of that date.  Consequently, any effective date of rejection later than the Date of this Motion could force the Debtors to pay additional costs associated with the Contract and Leases, causing the estates to incur substantial charges and thereby damaging the Debtors' estates.  The Debtors firmly believe that due to their financial condition and the need to reduce unnecessary costs and administrative claims against their estates, the equities weigh heavily in favor of retroactive rejection of the Contract and Leases effective as of the Date of this Motion.

20.     Therefore, the Debtors respectfully request that the Court authorize immediate rejection of the Contract and Leases *nunc pro tunc* to the Date of this Motion and hereby provide notice of their intent to reject the same.

## REJECTION DAMAGES

21.     The Debtors request that the Court direct that claims (if any) for damages arising as a result of the rejection of the Contract and Leases must be filed by such date as is fixed by the Court as the claims bar date in these Chapter 11 Cases.

## RESERVATION OF RIGHTS

22.     Nothing contained herein should be construed as a waiver of any of the Debtors' rights, defenses or counterclaims with respect to any of the Contract and Leases rejected hereby.  Nor does anything contained herein constitute an acknowledgement that any particular agreement, contract, or lease constitutes an executory contract under section 365 of the Bankruptcy Code.

## CONCLUSION

23.     For the reasons set forth above, the Debtors seek the entry of an order substantially in the form submitted herewith authorizing the rejection of the Contract and Leases.

## NOTICE

24.     Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Debtors' postpetition secured lender; (c) counsel to Shell Western Exploration and Production, Inc., the Debtors' prepetition lender; (d) counsel to the Indenture Trustee under the 2016 Senior Secured Notes (as defined in the Blackwell Declaration); (e) the Securities and Exchange Commission; (f) counsel to the Environmental Protection Agency; (g) the counterparties to the Contract and Leases; (h) counsel to the ad hoc group of holders of 2016 Senior Secured Notes; (i) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors; (j) the United States Attorney General for the District of Delaware; and (k) the Attorneys General for the states in which the Debtors conduct business.  The Debtors submit that, under the circumstances, no other or further notice is required.

25.     A copy of the Motion is available on the Court's website: www.deb.uscourts.gov.  Additional copies of the Motion are available for free on the website of the Debtors' proposed claims and noticing agent, Prime Clerk LLC, at http://cases.primeclerk.com/gfes, or can be requested by calling (855) 410-7359 from within the United States or +1 (646) 795-6960 if calling from outside the United States.

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  October 28, 2013
Wilmington, Delaware

Respectfully Submitted,

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Josef S. Athanas
Caroline A. Reckler
Sarah E. Barr
Matthew L. Warren
LATHAM & WATKINS LLP
Suite 5800
233 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 876-7700
Facsimile:   (312) 993-9767

Proposed Counsel for Debtors and Debtors-in-Possession