**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| GREEN FIELD ENERGY SERVICES, INC., et al., | : | Case No. 13-12783 (KG) |
| | : | Jointly Administered |
| Debtors.[1] | : | **Re: Docket No. 5** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345, 363 AND 364, FED. R. BANKR. P. 6003, AND DEL. BANKR. L.R. 2015-2 (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, INCLUDING MAINTENANCE OF EXISTING BANK ACCOUNTS, CHECKS AND BUSINESS FORMS, (II) AUTHORIZING CONTINUATION OF EXISTING INVESTMENT AND DEPOSIT PRACTICES AND (III) AUTHORIZING CONTINUATION OF INTERCOMPANY TRANSACTIONS**

Upon the motion (the "**Motion**")[2] of the Debtors for an order, pursuant to Bankruptcy Code Sections 105(a), 345, 363 and 364, Bankruptcy Rule 6003 and Local Rule 2015-2, (i) authorizing, but not directing, the Debtors to continue to maintain and use their existing cash management system, including maintenance of the Debtors' existing bank accounts, checks and business forms; (ii) granting the Debtors a waiver of certain bank account and related requirements of the Office of the United States Trustee to the extent that such requirements are inconsistent with (a) the Debtors' existing practices under the cash management system or (b) any action taken by the Debtors in accordance with any order granting this Motion or any other order entered in the Debtors' Chapter 11 Cases; (iii) authorizing, but not directing, the Debtors to continue to maintain and use their existing investment and deposit practices notwithstanding the

---

1 The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

2 Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

provisions of Bankruptcy Code Section 345(b), and (iv) authorizing, but not directing, the Debtors to continue certain ordinary course intercompany transactions; and the Court having reviewed the Motion and the Blackwell Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtors are authorized to continue to use their existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Order. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly.

3. The Debtors are authorized to (a) designate, maintain and continue to use any and all of their respective operating, disbursement, depository and other accounts

(collectively, the "**Bank Accounts**") in existence as of the Petition Date, with the same account numbers, styles and document forms as are currently employed, including but not limited to the accounts identified in the attachments to the Motion, (b) if necessary, open new accounts wherever they are needed; provided, however, that in the event that the Debtors open or close any additional bank accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the Office of the United States Trustee for the District of Delaware and counsel to any official committee of unsecured creditors appointed in these cases (subsequent to its appointment) within fifteen (15) days, provided, further, however, that the Debtors shall open such new bank account(s) at banks that have executed a uniform depository agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement, (c) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, electronic fund transfers, or other items presented, issued or drawn on the Bank Accounts, (d) pay ordinary course bank fees in connection with the Bank Accounts, including any fees arising prior to the Petition Date, (e) perform their obligations under the documents and agreements governing the Bank Accounts, and (f) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacities as debtors in possession; provided, however, that the Debtors may open new Bank Accounts only with Banks that agree to be bound by the terms of this Order and, in particular, the Cash Management System. The Debtors are further authorized to close Bank Accounts in the ordinary course of business.

4. Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their existing checks and business forms without alteration or change and without the designation "Debtor-in-Possession" or a "debtor-in-possession case number" imprinted upon

them, provided, however, any new check stock used by the Debtors shall contain the designation "Debtor in Possession." To the extent the Debtors open or close Bank Accounts, they shall provide prompt notice to the United States Trustee and any and any statutory committee appointed in these Chapter 11 Cases.

5. *Nunc pro tunc* to the Petition Date, and subject to the terms of this Order, all Banks at which the Bank Accounts are maintained are authorized and directed to continue to administer, service and maintain the Bank Accounts as such accounts were administered, serviced and maintained prepetition, without interruption and in the ordinary course (including making deductions for bank fees), and to honor any and all checks, wire transfers, ACH transfers, electronic funds transfers or other items presented, issued or drawn on the Bank Accounts; provided, however, that except as otherwise provided in this Order or in a separate order of the Court, the Banks shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date.

6. Each Bank that maintains a disbursement account shall implement reasonable handling procedures designed to effectuate the terms of this Order. No Bank that implements such handling procedures and then honors a prepetition check, wire transfer, ACH transfer, electronic funds transfer or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in the good-faith belief that the Court has authorized such prepetition check, wire transfer, ACH transfer, electronic funds transfer or other item to be honored, or (c) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

7. Subject to the provisions of this Order, the Banks are authorized to honor all representations from the Debtors as to which checks, wire transfers, ACH transfers, electronic funds transfers or other items should be honored or dishonored.

8. The Debtors are authorized to implement such reasonable changes to the Cash Management System as the Debtors may deem necessary or appropriate, including, without limitation, closing any of the Bank Accounts or opening any additional Bank Accounts following the Petition Date (the "**New Accounts**"), wherever the Debtors deem that such accounts are needed or appropriate. Notwithstanding the foregoing, any New Account that the Debtors open will be (a) with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the FDIC or the Federal Savings and Loan Insurance Corporation and (b) designated a "Debtor in Possession" account by the relevant bank. The New Accounts are deemed to be Bank Accounts and are similarly subject to the rights, obligations and relief granted in this Order. The Debtors shall provide the United States Trustee with prompt notice of any New Accounts that are opened. The Banks are authorized to honor the Debtors' requests to open or close (as the case may be) any Bank Account(s) provided, however, in the event that the Debtors open or close any additional bank accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the Office of the United States Trustee for the District of Delaware and counsel to any official committee of unsecured creditors appointed in these cases (subsequent to its appointment) within fifteen (15) days, provided, further, however, that the Debtors shall open such new bank account(s) at banks that have executed a uniform depository agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

9. For Banks at which the Debtors hold accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days from the date of entry of this Order the Debtors shall (a) contact each Bank, (b) provide the Bank with each of the Debtors' employer identification numbers, and (c) identify each of their accounts held at such Banks as being held by a debtor in possession.

10. For Banks that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall use their good-faith efforts to cause the bank to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of entry of this Order.

11. The United States Trustee's requirement that all existing Bank Accounts be closed and new "Debtor In Possession" accounts opened is hereby waived to the extent that such requirements are inconsistent with (a) the Debtors' existing practices under the Cash Management System or (b) any action taken by the Debtors in accordance with this Order or any other order entered in these chapter 11 cases.

12. The Debtors are authorized to deposit and invest funds in accordance with their established deposit and investment practices in effect as of the commencement of these Chapter 11 cases and, to the extent such deposit practices are not consistent with the requirements of Bankruptcy Code Section 345(b) or the United States Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived, the Debtors are granted an initial 60-day extension from the Petition Date to: (a) comply with the requirements of Section 345 of the Bankruptcy Code or Local Rule 4001-3; (b) file a motion seeking authority to deviate from such requirements; or (c) file a motion seeking a further extension.

13. The Debtors are authorized to continue to engage in Intercompany Transactions necessary to execute the Cash Management System and manage the day-to-day operations of their business, and the Debtors shall continue to maintain records with respect to all transfers of cash (including pursuant to such transactions) so that all Intercompany Transactions may be readily ascertained, traced and recorded properly on applicable intercompany accounts and distinguished between prepetition and post-petition transactions and shall make such records available to the Office of the United States Trustee for the District of Delaware upon request.

14. Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with or prohibited by any financing or cash collateral order entered by this Court or any agreements approved thereby and no payment shall be made by the Debtors unless (a) such payment is permitted by the budget then in effect under the financing or cash collateral order entered by this Court and (b) the financing or cash collateral order is in effect and has not been terminated in accordance with its terms.

15. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

16. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

17. Nothing contained in this Order shall create or alter the priority or status of any security interest in favor of any Bank in any way that would be inconsistent with, or prohibited by, any cash collateral and/or postpetition financing order entered by this Court or any agreements approved thereby.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

19. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: Oct 29, 2013
Wilmington, Delaware

KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE