IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                          : Chapter 11
                                                :
GREEN FIELD ENERGY SERVICES, INC., et           : Case No. 13-12783 (KG)
al.,                                            :
                                                : Jointly Administered
            Debtors.[1]                         :
                                                : Re: Docket No. 6
------------------------------------------------------------ x

ORDER UNDER 11 U.S.C. §§ 105(a), 363(b), 506(a), 507(a)(8) AND 541
AND FED. R. BANKR. P. 6003 AUTHORIZING PAYMENT OF
PREPETITION TAXES AND FEES

Upon the motion (the "**Motion**")[2] of the Debtors for an order, under Bankruptcy Code Sections 105(a), 363(b), 506(a), 507(a)(8) and 541 and Bankruptcy Rule 6003, authorizing the Debtors, in their discretion, to pay any prepetition Taxes and Fees owing to Governmental Units; and the Court having reviewed the Motion and the Blackwell Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:14288215.2

consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, in their sole discretion, but subject to the terms and provisions hereof, to pay all Taxes and Fees owing to Governmental Units in the ordinary course of their business, as and when due.

3. The Debtors are authorized, in their sole discretion, but subject to the terms and provisions hereof, to pay all currently due or overdue Taxes and Fees owing to Governmental Units on account of those Taxes and Fees incurred prior to the Petition Date, up to an aggregate amount of $4 million.

4. This Order is without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds that they deem appropriate.

5. The Debtors' banks and financial institutions shall be and hereby are authorized to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Taxes and Fees that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks and other financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this Order.

6. Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with, or prohibited by, any cash collateral and/or postpetition financing order entered by this Court or any agreements approved thereby.

7. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Governmental Unit.

8. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: Oct 29, 2013
Wilmington, Delaware

_____
KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

01:14288215.2