## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
GREEN FIELD ENERGY SERVICES, INC., et    :    Case No. 13-12783 (KG)
al.,                                                :
                                                    :    Jointly Administered
            Debtors.[1]                             :
------------------------------------------------------- x    **Re: Docket No. 7**

### INTERIM ORDER UNDER 11 U.S.C. §§ 105(a) AND 366
### (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR
### DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES,
### (II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT,
### AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS
### BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

Upon the motion (the "**Motion**")[2] of the Debtors for interim and final orders,

under Bankruptcy Code Sections 105(a) and 366 (i) prohibiting the Debtors' Utility Companies

from altering, refusing or discontinuing service, (ii) approving an adequate assurance deposit as

adequate assurance of postpetition payment to the Utility Companies and (iii) establishing

procedures for resolving any subsequent requests by the Utility Companies for additional

adequate assurance of payment; and the Court having reviewed the Motion and the Blackwell

Declaration; and the Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further notice

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax
or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827);
and Proppant One, Inc. (6035).  The above-captioned Debtors' mailing address is 4023 Ambassador Caffery
Parkway, Suite #200, Lafayette, LA 70503.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in
the Motion.

is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      Absent further order of this Court, and subject to the Additional Adequate Assurance Procedures set forth below, the Utility Companies listed on Exhibit A hereto, including any subsequently added Utility Companies, are hereby prohibited from altering, refusing or discontinuing service to, or discriminating against, the Debtors on account of unpaid prepetition invoices or due to the commencement of the Chapter 11 Cases, or requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

3.      The Debtors shall serve a copy of the Motion and this interim order on the Utility Companies within forty-eight (48) hours after entry of this order.

4.      The Debtors shall deposit a total of $56,481.50 into a newly created, segregated, interest-bearing account (the "**Adequate Assurance Deposit**") within twenty (20) days after the Petition Date. The Adequate Assurance Deposit shall serve as a cash security deposit to provide adequate assurance of payment for Utility Services provided to the Debtors after the Petition Date and through the pendency of these cases. The balance of the Adequate Assurance Deposit may be reduced by the Debtors, without further order, to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with a Utility Company.

5.      Any amounts in the Adequate Assurance Deposit Account and/or provided to a Utility Company to resolve any Additional Adequate Assurance Request shall be returned to the Debtors' estates within ten (10) business days of the earlier of (a) the effective date of any confirmed chapter 11 plan in these Chapter 11 Cases and (b) the closing of the sale of substantially all of the Debtors' assets, unless one or more Utility Companies have asserted a claim against the Adequate Assurance Deposit, in which case, such claim or claims, if not consensually resolved, will be resolved by the Court.

6.      The Debtors further propose that, to the extent the Debtors become delinquent with respect to a Utility Company's account, such Utility Company shall file a written notice of such delinquency (the "**Delinquency Notice**") with the Court and serve such Delinquency Notice on (a) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn: Earl J. Blackwell, (b) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn: Josef S. Athanas, (c) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King String, Wilmington, Delaware 19801, Attn: Kara Hammond Coyle, (d) counsel to the official committee of unsecured creditors, if one is appointed, and (e) the United States Trustee for the District of Delaware, 844 N. King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Tiiara Patton (each, a "**Party in Interest**"). Such Delinquency Notice must (a) set forth the amount of the delinquency, (b) set forth the location for which utility services are provided and (c) provide the Debtors' account number with the Utility Company.

7.      If the delinquency is not cured and no Party in Interest has objected to the Delinquency Notice within ten (10) days of the receipt thereof, the Debtors shall (a) remit to such Utility Company from the Adequate Assurance Deposit the amount of postpetition charges

claimed as delinquent in the Delinquency Notice and (b) replenish the Adequate Assurance

Deposit for the amount remitted to such Utility Company.  If a Party in Interest objects to the

Delinquency Notice, the Court shall hold a hearing to resolve the dispute and determine whether

a payment should be remitted from the Adequate Assurance Deposit and, if such payment is

warranted, how much shall be remitted.

8.    The following procedures (the "**Additional Adequate Assurance**

**Procedures**") are hereby approved with respect to all Utility Companies, including all

subsequently added Utility Companies:

(a)    Except as provided by the Additional Adequate Assurance Procedures, all Utility Companies are forbidden to (i) alter, refuse, or discontinue services to, or discriminate against, the Debtors on account of unpaid prepetition invoices or any objections to the Debtors' Adequate Assurance Deposit, or due to the commencement of the Chapter 11 Cases or (ii) require the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than the establishment of the Adequate Assurance Deposit.

(b)    In the event that a Utility Company asserts that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Bankruptcy Code Section 366(c)(2), that Utility Company must serve a written request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights in the Adequate Assurance Deposit.  All Additional Adequate Assurance Requests shall be delivered by mail and email to each of the following: (i) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn:  Earl J. Blackwell, E-mail: gbarton@alvarezandmarsal.com; (ii) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois 60606, Attn:  Josef S. Athanas, E-mail:  josef.athanas@lw.com; and (iii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King String, Wilmington, Delaware 19801, Attn:  Kara Hammond Coyle, E-mail: kcoyle@ycst.com.

(c)    Any Additional Adequate Assurance Request must (i) set forth the location(s) for which Utility Services are provided, (ii) set forth the account number(s) for which Utility Services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposit(s), (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment and

(v) provide a facsimile number and an email address to which the Debtors may respond to the Additional Adequate Assurance Request.

(d)     Upon the Debtors' receipt of an Additional Adequate Assurance Request, the Debtors will promptly negotiate with the Utility Company to resolve the Additional Adequate Assurance Request.

(e)     Without further order of the Court, the Debtors may resolve an Additional Adequate Assurance Request by entering into agreements granting additional adequate assurance to the requesting Utility Company if the Debtors, in their sole discretion but subject to any postpetition financing or cash collateral order (or accompanying budget) entered by this Court, determine that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternative consensual provisions.

(f)     If the Debtors determine that the Additional Adequate Assurance Request is not reasonable and are not able to promptly reach an alternative resolution with the Utility Company, the Debtors shall request a hearing before this Court (the "**Determination Hearing**").

(g)     The Determination Hearing shall be an evidentiary hearing at which the Court shall determine whether the Adequate Assurance Deposit and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to Bankruptcy Code Section 366(c)(3)(A).  The Determination Hearing shall be without prejudice to the right of any Utility Company to seek relief under Bankruptcy Code Section 366(c)(3) through a separate hearing on notice to the Debtors. Nothing set forth herein is intended to, nor shall it, modify or alter the burdens of proof in connection with the Determination Hearing or any such separate hearing.

(h)     Any Utility Company that does not serve an Additional Adequate Assurance Request shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Bankruptcy Code Section 366(c)(2).

(i)     All Utility Companies, including subsequently added Utility Companies, shall be prohibited from altering, refusing or discontinuing Utility Services to the Debtors, or from discriminating against the Debtors with respect to the provision of Utility Services, absent further order of this Court.

9.     The Debtors are authorized, in their sole discretion, to amend Exhibit A attached to the Motion to add or delete any Utility Company, and this interim order shall apply in all respects to any such Utility Company that is subsequently added to Exhibit A to the Motion.

For those Utility Companies that are subsequently added to <u>Exhibit A</u>, the Debtors shall serve a copy of the Motion and this interim order on such Utility Company, along with an amended <u>Exhibit A</u> that includes such Utility Company.

10.    The Debtors are authorized to pay on a timely basis in accordance with their prepetition practices all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Companies to the Debtors.

11.    The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this interim order.

12.    Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with, or prohibited by, any postpetition financing or cash collateral order entered by this Court or any agreements approved thereby.

13.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this interim order shall be effective and enforceable immediately upon entry hereof.

14.    Nothing in this interim order or the Motion shall be deemed to constitute the assumption or adoption of any agreement under Bankruptcy Code Section 365.

15.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this interim order.

16.    The final hearing to consider the entry of a final order granting the relief requested in the Motion shall be held on November 26, 2013, at 10:00 a.m. Prevailing Eastern Time.

17.    Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on (a) Green Field Energy Services, Inc., 4023 Ambassador Caffery Parkway, Suite 200, Lafayette, Louisiana 70503, Attn: Earl J.

Blackwell, (b) Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800, Chicago, Illinois

60606, Attn:  Josef S. Athanas, (c) Young Conaway Stargatt & Taylor, LLP, Rodney Square,

1000 North King String, Wilmington, Delaware 19801, Attn:  Kara Hammond Coyle, (d)

counsel to the official committee of unsecured creditors, if one is appointed, and (e) the United

States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, DE 19801 (Attn: Tiiara Patton), no later than November 19, 2013, at 4:00 p.m.

Prevailing Eastern Time.

Dated: _Oct. 29_, 2013
Wilmington, Delaware

_____
KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE