IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                                           :    Chapter 11
                                                                 :
GREEN FIELD ENERGY SERVICES, INC., et                            :    Case No. 13-12783 (KG)
al.,                                                             :
                                                                 :    Jointly Administered
         Debtors.[1]                                             :
---------------------------------------------------------------- x    Re: Docket No. 9

**ORDER UNDER 11 U.S.C. §§ 105, 363, 1107 AND 1108 AND FED. R. BANKR. P. 6003 AUTHORIZING DEBTORS TO PAY PREPETITION INSURANCE OBLIGATIONS AND MAINTAIN POSTPETITION INSURANCE COVERAGE; TO CONTINUE HONORING SURETY BOND OBLIGATIONS, WORKERS' COMPENSATION OBLIGATIONS, AND AN INSURANCE PREMIUM FINANCE AGREEMENT; AND CONTINUING GRANT OF SECURITY INTEREST TO THE INSURANCE PREMIUM FINANCING COMPANY**

Upon the motion (the "**Motion**")[2] of the Debtors for an order, under Bankruptcy Code Sections 105, 363, 1107, and 1108 and Bankruptcy Rule 6003, authorizing the Debtors (i) to pay all Insurance Obligations owed under or with respect to the Insurance Policies; (ii) to maintain necessary insurance coverage by honoring their postpetition obligations under the Insurance Policies and obtaining renewal coverage or new insurance arrangements as and when required; (iii) to continue honoring their surety bond obligations under applicable law; (iv) to continue honoring their obligations pursuant to their workers' compensation policies and programs as required by applicable law; (v) to continue honoring their obligations under a prepetition insurance premium finance agreement entered into with TMC Bank (as defined below) for the purpose of financing the purchase of certain insurance coverage; and (vi) to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

01:14287283.2

continue to grant a security interest to TMC Bank in certain of the Debtors' assets as security for the Debtors' performance of their obligations under such insurance premium finance agreement; and the Court having reviewed the Motion and the Blackwell Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to continue their Insurance Policies and to pay the Insurance Obligations.

3. Without further order of this or any other Court, the Debtors are authorized to honor their postpetition commitments under the Insurance Policies and to renew the existing Insurance Policies or enter into new insurance arrangements in the ordinary course of business, as may be required as the annual terms of existing arrangements expire.

4. The Debtors are authorized, but not directed, to honor all (a) postpetition commitments and (b) prepetition commitments up to an aggregate amount of $2.2 million, owed to Landry Harris or the Insurance Carriers in connection with the Insurance Policies.

5. The Debtors are authorized to continue their workers' compensation programs and to pay any outstanding prepetition claims, taxes, charges, assessments, premiums, collateral requirements and third party administrator fees arising under the workers' compensation policies and or programs in which they participate, including the Wildcat Security Deposit. In addition, the Debtors are authorized, in their sole discretion, to lift the automatic stay of Bankruptcy Code Section 362, to allow workers' compensation claimants to proceed with their claims under the applicable insurance policy or program and to allow the Debtors or their insurance providers and/or third party administrators to negotiate, settle and/or litigate workers' compensation claims, and pay resulting amounts, whether such claims arose before or after the Petition Date.

6. The Debtors are authorized, but not directed, to pay their installment payments under the Finance Agreement as they become due in the ordinary course of business. The Debtors are further authorized, but not directed, to pay the July Financing Down-Payment plus any outstanding amounts due and owing under the Finance Agreement as of the Petition Date, if any.

7. The Debtors are authorized, but not directed, to continue honoring, in the ordinary course of business, their Finance Agreement, and renew or enter into new financing arrangements as the terms of the existing arrangements expire, without further order of the Court.

8. The Debtors' banks and financial institutions shall be and hereby are authorized and directed to receive, process, honor, and pay all prepetition and postpetition checks

and fund transfers on account of the Insurance Obligations, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors' banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Order.

9. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim or security interest held by, any person to whom any of the Insurance Obligations may be owed.

10. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create or alter the priority or status of any security interest in favor of any person to whom any of the Insurance Obligations may be owed in any way that would be inconsistent with, or prohibited by, any cash collateral and/or postpetition financing order entered by this Court or any agreements approved thereby.

11. Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an assumption of any contract, or otherwise shall constitute a waiver of the Debtors' rights under Bankruptcy Code Section 365 or an admission by the Debtors that any of the Insurance Policies or any related agreements or contracts constitutes an executory contract within the meaning of Bankruptcy Code Section 365.

12. Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

13. Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with, or prohibited by, any cash collateral and/or postpetition financing order entered by this Court or any agreements approved thereby.

14. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

16. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: Oct. 29, 2013
Wilmington, Delaware

_____
KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE