# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Green Field Energy Services, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-12783 (KG)<br>(Jointly Administered)<br><br>Re: Docket Nos. 14 and 52 |

**MOTION OF THE UNITED STATES TRUSTEE
PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(m)(v),
BANKRUPTCY RULES 9023 AND 9024 AND FEDERAL RULE OF CIVIL
PROCEDURE 59(e) AND 60(b)(6) FOR (A) RECONSIDERATION OF THE ORDER
GRANTING MOTION TO REDACT FOR PUBLIC FILING MATERIAL INCLUDED
IN THEIR ENGAGEMENT LETTER WITH PRIME CLERK LLC; AND (B)
SCHEDULING A HEARING FOR THE DEBTORS' MOTION TO REDACT FOR
PUBLIC FILING MATERIAL INCLUDED IN THEIR ENGAGEMENT LETTER WITH
<u>PRIME CLERK, LLC</u>**

Roberta A. DeAngelis, the United States Trustee for Region 3 ("<u>United States Trustee</u>"), by and through her undersigned attorney, respectfully moves (the "<u>Motion</u>") pursuant to Rule 9013-1(m)(v) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>") for entry of an (a) reconsidering the Prime Clerk Seal Order (as defined herein) as further set forth below; and (b) scheduling a hearing for the Debtors' *Motion to Redact for Public Filing Material Included in Their Engagement Letter with Prime Clerk, LLC* (Docket No. 14) (the "<u>Prime Clerk Seal Motion</u>"). In support of this Motion, the United States Trustee respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

**Jurisdiction**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on this Motion.

**Background**

4. On October 27, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

5. On the same date, the Debtors filed their *Application for Appointment of Prime Clerk LLC as Claims and Noticing Agent* (Docket No. 4) ("Section 156 Application"), and the Debtors' *Application for an Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date* (Docket No. 13) ("Section 327 Application," and collectively with the Section 156 Application, the "Applications").

6. The Court scheduled the first day hearing for October 29, 2013 (the "First Day Hearing"). The Section 156 Application was scheduled to be heard at the First Day Hearing. The Section 327 Application is scheduled for hearing on November 26, 2013.

7. On October 29, 2013, the same date as the First Day Hearing, the Debtors filed their *Motion to Redact for Public Filing Material Included in Their Engagement Letter with Prime Clerk, LLC* (Docket No. 14) (the "Prime Clerk Seal Motion"). In the Prime Clerk Seal Motion the Debtors requested an order authorizing the redaction of certain terms of the Prime Clerk engagement letter (the "Prime Clerk Engagement Letter"). If granted, the Prime Clerk Seal Motion would redact terms of compensation for both the Applications.

8. On the same date of the First Day Hearing, the Court entered an order granting the Prime Clerk Seal Motion (Docket No. 60) (the "Prime Clerk Seal Order").

**Relief Requested**

9. By this Motion, the United States Trustee seeks this Court's reconsideration of the Prime Clerk Seal Order to require the Debtor to satisfy its burden of proof regarding the sealing of compensation information, and permit parties in interest a meaningful opportunity to review the Prime Clerk Seal Motion and comment on same. In addition, the United States Trustee is requesting that the Court schedule the Prime Clerk Seal Motion for hearing on a date that would provide sufficient notice to parties in interest, and require the Debtors to provide notice of the same.

10. The Court should reconsider the Prime Clerk Seal Order pursuant to Local Bankruptcy Rule 9013-1(m)(v), Bankruptcy Rules 9023 and 9024 and Federal Rules 59 and 60(b)(6), and schedule the Prime Clerk Seal Motion for hearing on November 26, 2013 for two reasons. *First*, parties in interest were not provided a reasonable opportunity to review and

comment on the relief requested in the Prime Clerk Seal Motion because the Prime Clerk Seal Motion was filed on the same date as the First Day Hearing, and was presented to the Court for consideration without any notice to parties in interest. *Second*, the Prime Clerk Seal Order applies to the Section 327 Application, which has not been heard by the Court and is not scheduled to be considered until November 26, 2013.

11. Local Bankruptcy Rule 9013-1(m)(v), in turn, provides that:

> Any party in interest may file a motion to reconsider any First Day Order, other than any order entered under 11 U.S.C. §§ 363 and 364 with respect to the use of cash collateral and/or approval of postpetition financing, within thirty (30) days of the entry of such order, unless otherwise ordered by the Court. Any such motion for reconsideration shall be given expedited consideration by the Court. The burden of proof with respect to the appropriateness of the order subject to the motion for reconsideration shall remain with the debtor notwithstanding the entry of such order.

Del. Bankr. L.R. 9013-1(m)(v).

12. Additionally, Bankruptcy Rule 9024 incorporates Federal Rule 60 in bankruptcy proceedings and provides the means for reconsideration of this Court's orders. Specifically, pursuant to Federal Rule 60(b)(6):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6). A motion under Federal Rule 60 must be made within a reasonable time. The United States Court of Appeals for the Third Circuit has stated "[i]t is well settled that a bankruptcy court has the power to vacate or modify its orders, as long as it is equitable to do so." *Marcus Hook Dev. Park, Inc. v. T.A. Title Ins. Co. (In re Marcus Hook Dev. Park, Inc.)*, 943 F.2d 261, 265 n.5 (3d Cir. 1991) (citation omitted); *see also Vision Metals v. SMS Demag,*

4

*Inc. (In re SMS Demag, Inc.)*, 311 B.R. 692, 697 – 98 (Bankr. D. Del. 2004) ("[T]he bankruptcy court may exercise more liberally its power to vacate orders granted under Rule 60(b)(6) if it is necessary to "accomplish justice" or to deal with "unforeseen contingencies."). In addition, Federal Rule 59(e) (made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure) permits alteration or amendment of an order in certain instances.

13. The Prime Clerk Seal Order authorizes the Debtors to redact and keep from public disclosure certain terms of the Prime Clerk Engagement Letter, specifically the compensation terms. Generally terms of compensation are publicly disclosed; unless the Debtors can satisfy their burden seal/redact the same under section 107 of the Bankruptcy Code.

14. As set forth above, the United States Trustee believes that providing parties with a meaningful opportunity to review the relief being requested by the Debtors' in the Prime Clerk Seal Motion, and requiring the Debtors to meet its burden will be in the best interest of parties in interest.

**WHEREFORE,** for all the foregoing reasons, the United States Trustee respectfully requests that this Court enter the order attached hereto as Exhibit A granting the relief requested in the Motion and such further relief as it just and proper.

Dated: November 7, 2013  
       Wilmington, Delaware

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By: */s/ Tiiara N. A. Patton* .
    Tiiara N. A. Patton
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    Phone:   (302) 573-6491
    Fax:      (302) 573-6497