IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Green Field Energy Services, Inc., *et al.*,[1]<br>                    Debtors. | Chapter 11<br><br>Case No. 13-12783 (KG)<br><br>Jointly Administered<br><br>**Objection Deadline:**<br>**December 30, 2013 at 4:00 p.m.**<br>**Hearing Date:**<br>**January 7, 2014 at 3:00 p.m.** |

### APPLICATION FOR EMPLOYMENT OF CONWAY MACKENZIE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO NOVEMBER 11, 2013

The Official Committee of Unsecured Creditors (the "Committee") of Green Field Energy Services, Inc., and its affiliated debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors" or the "Company"), hereby files this Application (the "Application") for Authority to Employ Conway MacKenzie, Inc. as Financial Advisor to the Committee *nunc pro tunc* to November 11, 2013. This Application is supported by the Affidavit of John T. Young, Jr. (the "Young Affidavit"), attached hereto as **Exhibit A**. In support of this Application, the Committee respectfully states as follows:

### BACKGROUND

**A.    Chapter 11 Cases**

    1.    On October 27, 2013 (the "Petition Date"), each of the Debtors commenced its case under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

and manage their property as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee or examiner has been requested or appointed in any of the Debtors' Chapter 11 cases.

2. On November 7, 2013, the United States Trustee for the District of Delaware (the "U.S. Trustee"), pursuant to Bankruptcy Code Section 1102(a)(1), appointed seven members to the Committee. The members of the Committee are: (i) ChemRock Technologies; (ii) Martin Energy Services LLC; (iii) National Oilwell Varco L.P.; (iv) Pel-State Bulk Plant, LLC; (v) Preferred Quality Chemicals, LLC; (vi) Preferred Sands of Wisconsin, LLC, Preferred Sands Sales, LLC, Preferred Pipeline, LLC and Preferred Resin of Genoa, LLC; and (vii) S.P.M. Flow Control, Inc.

3. On November 11, 2013, the Committee formally interviewed and reviewed qualification materials and fee proposals submitted by a number of candidates, and, at the conclusion of this process, the Committee selected Conway MacKenzie, Inc. ("CM") as its financial advisor.[2] Such selection was based on the Committee's determination that, in light of, among other things, CM's experience in the oil and gas industry as well as their familiarity with the Debtors' businesses, operations, and capital structure, CM is the best candidate to provide financial advisory services to the Committee. The Committee also believes that CM's proposed compensation structure is competitive, appropriate, and reasonable given the Committee's understanding of the facts and circumstances of these Chapter 11 cases and the proposals received from competing firms.

---

[2] Since its selection, CM has been actively representing the Committee as its proposed financial advisor.

**B.    CM's Background**

4.    CM is a turnaround and crisis management consulting firm specializing in corporate restructurings, operations improvement, litigation analytics and valuations. CM has extensive experience working with and for distressed companies in complex financial and operational restructurings, both out-of-court and in chapter 11 proceedings throughout the United States. CM professional have advised debtors, creditors and equity constituents in numerous reorganizations, which advisory services have included financial analysis and budgeting, forecasting, cash management, operational assessments and improvements, and the provision of interim management. CM has advised companies with annual sales ranging from $5 million to over $5 billion in a broad range of industries. In particular, CM has advised companies within the energy industry both inside and outside of the bankruptcy and restructuring context.

5.    Since CM was founded in 1987, it has provided advisory services to a number of clients involving energy related matters, including Bigler LP, Delta Petroleum Corporation, Marcus Oil & Chemical, Par Petroleum Corporation, TriDimension Energy, LP, Tri-Valley Corporation and GMX Resources. In addition, prior to joining CM, CM's professionals who will be providing services in connection with this matter have provided restructuring and other advisory services in a number of chapter 11 cases including, but not limited to, Cooperheat-MQS, Inc./International Industrial Services, Inc., The Pacific Lumber Company/The Scotia Pacific Company, Winn-Dixie Stores and WorldCom.

6.    In light of the size and complexity of these chapter 11 cases, the Committee requires the services of a seasoned and experienced financial advisor familiar with the energy industry to, among other things, assist the Committee in (i) understanding the Debtors' businesses and operations, (ii) executing its fiduciary duties and (iii) maximizing the value of the

Debtors' estates. Therefore, the Committee respectfully submits that the services of CM are necessary and appropriate to ensure that the Committee's interests are protected.

7. Accordingly, the Committee has executed an engagement letter with CM (the "Engagement Letter")[3], including the indemnification provisions attached thereto and incorporated therein as Schedule I (the "Indemnification Agreement"), setting forth the terms and conditions pursuant to which CM agreed to provide financial advisory services to the Committee. A copy of the Engagement Letter is attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

9. The statutory predicates for the relief sought herein are Bankruptcy Code sections 327, 328(a), and 1103, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## RELIEF REQUESTED

10. Pursuant to this Application, the Committee requests authority to employ and retain CM as its financial advisor, *nunc pro tunc* to November 11, 2013, in connection with the Debtors' Chapter 11 cases.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Engagement Letter.

## RETENTION OF CM

A. **Services to be Provided**

11. Subject to further order of this Court and consistent with the Engagement Letter, it is expected that CM will provide such advisory services to the Committee as it deems appropriate and feasible to advise the Committee in the course of these Chapter 11 cases, including, but not limited to, the following services:[4]

(a) Assistance in the analysis, review and monitoring of the restructuring process, including, but not limited to an assessment of potential recoveries for general unsecured creditors;

(b) Assistance in the review of financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

(c) Assistance with the review of the Debtors' analysis of core and non-core business assets and the potential disposition or liquidation of the same;

(d) Assistance with review of any tax issues associated with, but not limited to, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

(e) Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

(f) Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

(g) Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

---

[4] The description of the terms of the Engagement Letter set forth in this Application are intended solely for informational purposes. In the event of an inconsistency between such description and the Engagement Letter, the Engagement Letter shall control in all respects.

5

(h) Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

(i) Assistance in the evaluation, analysis, and forensic investigation of avoidance actions, including fraudulent conveyances and preferential transfers and certain transactions between the Debtors and affiliated entities;

(j) Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

(k) Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

**B. Compensation**

12. Bankruptcy Code section 328(a) provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. section 328(a).

13. Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, CM proposes to render its services on an hourly fee basis according to its customary hourly rates in effect when the services are rendered. It is anticipated that the lead CM professional who will be responsible for the overall engagement is John T. Young, Jr., Senior Managing Director, whose current hourly rate is $695. Other professionals will be providing additional support and will be billed at their respective standard hourly rates, which range from $200 (paraprofessional) to $695 (senior managing director).

14. CM will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger and telephone charges. CM will charge for these

expenses at rates consistent with charges made to other CM clients, and subject to the guidelines of the United States Trustee.

15. CM will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described above, in accordance with applicable rules and guidelines.

16. In light of the foregoing, the Committee believes that CM's fee structure is reasonable, market-based, and designed to fairly compensate CM for its work in these Chapter 11 cases and to cover fixed and routine overhead expenses.

### C. Indemnification

17. In the event that CM or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "Indemnified Persons" and each, an "Indemnified Person") becomes involved in any capacity in any claim, action, proceeding or investigation (collectively, "Actions") brought by or against any person, including equity holders of the Debtors, in connection with or as a result of either CM's engagement or any matter referred to in this Agreement, the Debtors periodically will advance to the Indemnified Persons amounts necessary to pay their reasonable out-of-pocket legal and other expenses (including the cost of any investigation and preparation) incurred in connection therewith; provided, however, that if it is finally found (in a non-appealable judgment) by a court of competent jurisdiction that any loss, claim, judgment, damage or liability of an Indemnified Person has resulted primarily from the gross negligence or willful misconduct of such Indemnified Person in performing the services that are the subject of this Agreement, such Indemnified Person shall repay such portion of the advanced amounts that is attributable to expenses incurred in relation to the act or omission of such Indemnified Person that is the subject

of such non-appealable judgment. The Debtors also will indemnify and hold the Indemnified Persons harmless from and against any and all losses, claims, judgments, damages or liabilities to which such Indemnified Person may become subject under any applicable law, or otherwise, that is related to, arising out of, or in connection with either CM's engagement or any matter referred to in this Agreement and without regard to the exclusive or contributory negligence of any Indemnified Person except to the extent that it is finally found (in a non-appealable judgment) that any such loss, claim, damage of liability resulted primarily from the gross negligence or willful misconduct bad faith of the Indemnified Persons in performing the services that are the subject of the Indemnification Agreement.

## BASIS FOR RELIEF

18.  By this Application, the Committee requests that the Court approve the compensation arrangements set forth in the Engagement Letter pursuant to Bankruptcy Code section 328(a). The compensation arrangements contained in the Engagement Letter are highly beneficial to the Debtors' estates as they provide the proper inducement for CM to act expeditiously and prudently with respect to the matters for which it will be employed. The compensation of CM shall be subject to the standard of review set forth in Bankruptcy Code section 328 and not subject to any other standard of review; _provided_, _however_, that CM's retention may be subject to review by the U.S. Trustee.

19.  The Committee has specifically selected CM to serve as its financial advisor because of its extensive experience in advising debtors, individual creditors, creditors' committees, and other constituents in large Chapter 11 cases.

20. Pursuant to Bankruptcy Code section 328(a), the Committee may retain CM on reasonable terms and conditions. The Committee submits that CM's terms of compensation and expense reimbursement as set forth in the Engagement Letter are reasonable.

21. As a material part of the consideration for the agreement of CM to furnish services to the Committee, the Committee also has agreed to certain indemnification obligations by the Debtors and their estates set forth in the Engagement Letter. The Committee believes that such indemnification provisions are customary and reasonable for financial advisors in Chapter 11 bankruptcy cases.

### DISINTERESTEDNESS; LACK OF ADVERSE INTEREST

22. To the best of the Committee's knowledge and based on the Young Affidavit, the Committee submits that CM is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). The Committee submits that CM currently neither holds nor represents any interest adverse to the Debtors' estates or the Committee, except as set forth in the Young Affidavit. Further, except as set forth in the Young Affidavit, CM has no connection with any Debtor, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

23. CM will not, while employed by the Committee, represent any other entity having an adverse interest in connection with the Debtors' Chapter 11 cases.

24. The Committee has been informed that CM is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that CM discovers any connection with any interested party or enters into any new relationship with any interested party, CM will promptly supplement its disclosure to the Court.

25.     The Committee submits that the employment of CM on the terms and conditions set forth in the Engagement Letter and summarized herein is in the best interests of the Debtors, their creditors, the Committee, and all parties-in-interest.

## NO PRIOR REQUEST

26.     No previous application for the relief requested herein has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit C**, authorizing the Committee to employ CM as its financial advisor in these cases *nunc pro tunc* to November 11, 2013 and granting such other and further relief in the Committee's favor as the Court may deem just, proper, and equitable.

Dated: December 5, 2013
      New York, New York

                        Respectfully submitted,

                        THE OFFICIAL COMMITTEE OF
                        UNSECURED CREDITORS FOR
                        GREEN FIELD ENERGY SERVICES, INC., *et al.*

                        By:   /s/ Ben D. Davis
                            Name: Ben D. Davis
                                Chairman of the Committee
                            For:    ChemRock Technologies, LLC