IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Green Field Energy Services, Inc., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 13-12783 (KG)<br><br>Jointly Administered<br><br>**Docket Ref. No. 229** |

**ORDER GRANTING APPLICATION FOR
EMPLOYMENT OF CONWAY MACKENZIE, INC.
AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS *NUNC PRO TUNC* TO NOVEMBER 11, 2013**

Upon the Application for Employment of Conway MacKenzie, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to November 11, 2013 (the "Application"),[2] filed on December 5, 2013 and upon consideration of the affidavit of John T. Young, Jr. filed in support thereof (the "Young Affidavit"); and the Court being satisfied with the representations made in the Application and the Young Affidavit that CM is a disinterested person to the extent required by Bankruptcy Code section 101(14), that CM represents no interest adverse to any of the Debtors' estates and that CM's employment is necessary and in the best interests of the Debtors, their creditors, the Committee, and all parties-in-interest; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

ORDERED, that the Application is granted as set forth herein; and it is further

ORDERED, that pursuant to Bankruptcy Code sections 328(a) and 1103, the Committee is authorized to employ and retain CM as financial advisor *nunc pro tunc* to November 11, 2013, pursuant to and on the terms and conditions set forth in the Engagement Letter, which is hereby approved in all respects, subject to the terms of this Order; and it is further

ORDERED, that CM shall file applications and be compensated in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED, that the indemnification provisions of the Engagement Letter are approved, subject, during the pendency of these chapter 11 cases, to the following:

   a. CM shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

   b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify CM, or provide contribution or reimbursement to CM, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from CM's gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of CM's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to CM's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which CM should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

   c. If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, CM believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, CM must file an application therefor in this Court, and the Debtors may not pay any such amounts to CM before the entry of an order by this Court approving the payment. This subparagraph c. is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by CM for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors'

obligation to indemnify CM; and

  d. Any limitation on liability or any amounts to be contributed by the parties to the Engagement letter under the terms of the Engagement Letter shall be eliminated;

and it is further

ORDERED, that the Committee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that notwithstanding the terms of the Engagement Letter, the Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order; and it further

ORDERED, that notwithstanding any provision to the contrary in this Order, the United States Trustee shall have the right to object to CM's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code, and the Court shall consider any such objection only by the United States Trustee under section 330 of the Bankruptcy Code; and it is further

ORDERED, that to the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

Dated: January 9, 2014

              /s/ Kevin Gross
              THE HONORABLE KEVIN GROSS
              CHIEF UNITED STATES BANKRUPTCY JUDGE

WCSR 31692273v3