**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| GREEN FIELD ENERGY SERVICES, INC., *et al.*,[1] | Case No. 13-12783 (KG) (Jointly Administered) |
| | |
| | Objection Deadline:  January 14, 2014 extended by agreement for the United States Trustee to January 24, 2014 |
| | Hearing Date:  February 4, 2014 at 2:00 pm |
| Debtors. | Re:  Docket No. 299 |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE DEBTORS' MOTION
PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 FOR AN ORDER AUTHORIZING THE DEBTORS TO
ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER A RESTRUCTURING
SUPPORT AGREEMENT WITH THE MORENO ENTITIES, TURBINE POWERED
TECHNOLOGY, LLC, SWEPI, LP AND CONSENTING NOTEHOLDERS**

Roberta A. DeAngelis, the United States Trustee for Region 3 ("United States

Trustee"), by and through her undersigned attorney, hereby objects to the relief sought in Green

Field Energy Services, Inc.'s (the "Debtors") *Motion Pursuant to Section 105 and 363 of the*

*Bankruptcy Code and Bankruptcy Rule 9019 for an Order Authorizing the Debtors to Enter into*

*and Perform their Obligations Under a Restructuring Support Agreement with the Moreno*

*Entities, Turbine Powered Technology, LLC, SWEPI, LP and Consenting Noteholders* (Docket

No. 299) (the "Restructuring Support Agreement Motion").  In further support of this Objection,

the United States Trustee states as follows:

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035).  The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

**Jurisdiction**

1.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

2.      Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.      Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the Restructuring Support Agreement Motion and the issues raised in this Objection.

**Background**

*General*

4.      On October 23, 2013 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors provide utility grade power conversion solutions for the renewable energy market, primarily for large-scale commercial and utility-scale solar photovoltaic markets.  *Declaration of Earl J. Blackwell in Support of Chapter 11 Petitions and First Day Motions* (Docket No. 2), at ¶ 6.  The Debtors are an independent oilfield services company that provides a wide range of services to oil and natural gas exploration and production

companies to help develop and enhance the production of hydrocarbons. *Id.* The Debtors'
services include, among other things, hydraulic fracturing, as well as cementing, coiled tubing,
pressure pumping, acidizing, and other pumping services. *Id.*

6.      The Debtors remain in possession of their assets and continue to manage
their business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy
Code.

7.      On November 7, 2013, the United States Trustee appointed an official
committee of unsecured creditors. *See* Docket No. 111.

8.      On January 5, 2014, the Committee filed a *Motion of the Official
Committee of Unsecured Creditors for Appointment of an Examiner Pursuant to Section 1104(c)
of the Bankruptcy Code* (Docket No. 304) (the "Examiner Motion").

9.      Following the hearing on the Examiner Motion, on January 13, 2014, the
Court determined that the appointment of an examiner was required and appropriate pursuant to
section 1104(c) of the Bankruptcy Code.

10.     On January 14, 2014, the Court entered the *Order Under 11 U.S.C. §
1104(c) Authorizing Appointment of an Examiner* (Docket No. 383) ("Examiner Order").

11.     On January 17, 2013, the United States Trustee filed the *Notice of
Appointment of Chapter 11 Examiner* (Docket No. 409) and an *Application for Order Approving
Appointment of Examiner* (Docket No. 410).

12.     On the same date, the Court entered the *Order Approving Appointment of
Steven A. Felsenthal, Esq. as Examiner* (Docket No. 413).

13.     The Examiner Order directs the Examiner to:

investigate and prepare a report providing his/her factual and legal conclusions respecting whether the estates hold valuable claims or causes of action against any of the parties that would receive a release if the Chapter 11 Plan described in the RSA is confirmed and whether the value being contributed by the parties to the RSA (the "RSA Parties") justifies granting such releases.

*See* Examiner Order, ¶ 3.

14.      The Examiner Order also directs the Examiner to file his report regarding the RSA by March 4, 2014.

### The Restructuring Support Agreement Motion

15.      On December 31, 2013, the Debtors filed the Restructuring Support Agreement Motion.  Pursuant to the Restructuring Support Agreement Motion, the Debtors are seeking authority to enter into and perform their obligations under the Restructuring Support Agreement ("RSA").[2]

16.      The RSA is a "settlement of various claims and causes of action and the treatment of the Debtors' outstanding indebtedness, liabilities, and equity interests (the "Restructuring")" between the Debtors, the Moreno Entities, Turbine Powered Technology, SWEPI, LP and Consenting Noteholders.  *See* RSA, p. 2; Plan Term Sheet (defined below).  The RSA also includes releases between the RSA Parties and from the Debtors' estates.  *See* Plan Term Sheet.

17.      According to the terms of the RSA, "the Restructuring is to be realized through a chapter 11 plan of reorganization that is consistent with the term sheet . . . (the "Plan Term Sheet") and otherwise reasonably acceptable to the Debtors, the Moreno Entities, Shell, TPT and the Consenting Noteholders."  *See* RSA, p. 2.

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Restructuring Support Agreement Motion and exhibits attached thereto.

18.    The settlements contemplated by the RSA are "subject to the conditions set forth in the Plan Term Sheet." *See* RSA, p.3.

19.    The Plan Term Sheet, which is attached as Exhibit A to the RSA, provides that the document "sets forth the principal terms of a proposed restructuring . . . of existing debt and other obligations of Green Field Energy Services, Inc. and its wholly owned subsidiaries (the "Companies") through a plan of reorganization of the Companies . . . containing the terms and conditions described herein." *See* Plan Term Sheet, p.1.

## Limited Objection

20.    A hearing on the Restructuring Support Agreement Motion to approve the RSA should not occur prior to confirmation of the Plan.  The Court has appointed the Examiner to investigate and file, by March 4, 2014, a report regarding "whether the estates hold valuable claims or causes of action against any of the parties that would receive a release if the Chapter 11 Plan described in the RSA is confirmed, and whether the value being contributed by the parties to the RSA  . . . justifies granting such releases."  *See* Examiner Order, ¶ 3.  The Examiner's report will be helpful to the Court and other parties in interest in their consideration of the Restructuring Support Agreement Motion and the RSA.  The Court and parties in interest should have an opportunity to review the Examiner's report in advance of a hearing on the Debtors' Restructuring Support Agreement Motion.   If the Court approves the Restructuring Support Agreement Motion prior to the filing of the Examiner's report, as the Debtors have asked it to do, the Examiner's report would not be able to serve the purpose for which it was intended, and could effectively be rendered moot.

21.    Moreover, the terms of the RSA, the Plan Term Sheet, and the settlement contained therein are subject to the confirmation of the Debtors' plan, which has not yet been

filed, let alone voted upon. This Court's consideration of whether the Debtors should be permitted to enter into and perform their obligations under the RSA should not be done outside the Debtors' disclosure statement/plan process. Absent a confirmation hearing following solicitation of the plan and tabulation of votes, it is unclear what the effect (if any) will result from Court approval of the Restructuring Support Agreement Motion, especially as to non-RSA Parties. The Court's consideration of the Restructuring Support Agreement Motion in advance of confirmation of such a plan is not only premature, but could result in the Debtors incurring needless costs.

22.    In support of their request for approval of the Restructuring Support Agreement Motion and for the proposition "entry into the RSA is appropriate under applicable Delaware law," the Debtors cite and rely upon this Court's ruling in *In re Indianapolis Downs, LLC*. 486 B.R. 286 (Bankr. D. Del. 2013). In the Indianapolis Downs' case, the debtors filed their restructuring support agreement, and on the same date filed their proposed plan and disclosure statement. *Indianapolis Downs*, 486 B.R. at 292. "Under its terms, the RSA was binding upon execution by its non-Debtor signatories . . . [and] would become binding upon the Debtors upon approval by the Court of a disclosure statement." *Id*.

23.    In the Indianapolis Downs' case, unlike the Debtors' proposal, the restructuring support agreement was considered by the Court in the context of the Debtors' disclosure statement/plan process. In contrast, the Debtors in these cases are seeking Court approval of the RSA prior to, and outside of, the disclosure statement/plan process.

24.    Undertaking a hearing relating to the Restructuring Support Agreement Motion prior to and separate from the confirmation hearing would not only be premature, but it would likely cause the Debtors to incur needless costs. Based on the history of this case, it is

likely that the hearing on the RSA Motion will be a contested hearing. It is also likely that parties will set forth evidence to support or object to the terms of the RSA, specifically whether the proposed settlements and releases contained therein are justified. Although the Debtors assert in the Restructuring Support Agreement Motion that they "are not asking the Court to approve any aspect of the Chapter 11 Plan contemplated by the RSA at the hearing on the [Restructuring Support Agreement] Motion" it is likely that the evidentiary record will resemble the evidentiary record of a confirmation hearing. *See* Restructuring Support Agreement Motion, ¶ 13. Thus, having a separate hearing to approve the Restructuring Support Agreement Motion prior to confirmation will needlessly increase the administrative costs to these estates.

### Conclusion

25. Therefore, the United States Trustee requests that the Court postpone its ruling on the Restructuring Support Agreement Motion (a) until after the Examiner has issued his report; and (b) the Debtors' disclosure statement/plan process has begun.

26. The United States Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

**WHEREFORE,** for the foregoing reasons, the United States Trustee respectfully requests that this Court postpone its ruling on the Restructuring Support Agreement Motion.

Dated: January 24, 2014
        Wilmington, Delaware

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By: */s/ Tiiara N. A. Patton*     .
    Tiiara N. A. Patton
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)