IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Green Field Energy Services, Inc., | ) Case No. 13-12783-KG |
| aka Green Field Energy Services, LLC, | ) Chapter 11 |
| aka Hub City Industries, LLC, | ) Jointly Administered |
|  | ) |
| Debtors. | ) Ref. No. 482, 483, 488 |

**OBJECTION TO AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' MOTION FOR ORDER (1) UNDER 11 U.S.C. §§105(a), 363, 365, 503, 507 AND 1146 (a), FED. R. BANKR. P. 2002, 6004, 6006, 9007 AND 9014 AND DEL. BANKR. L.R. 2002-1, 6004-1 AND 9006-1 AUTHORIZING AND APPROVING (A) BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS OF THE DEBTORS, (B) AGENT BID PROTECTIONS, (C) THE FORM AND MANNER OF NOTICE OF THE SALE HEARING AND (D) RELATED RELIEF; AND (II) UNDER 11 U.S.C. §§105 (a), 363, 365,503, 507, AND 1146(a), FED. R. BANKR. P. 2002, 6004, 6006, 9007, AND 9014 AND DEL. BANKR.L.R. 2002-1, 6004-1, AND 9006-1 AUTHORIZING (A) THE SALE OF CERTAIN ASSETS OF THE DEBTORS FREE AND CLEAR OF ALL CLAIMS, LIENS, LIABILITIES, RIGHTS, INTERESTS AND ENCUMBRANCES EXCEPT FOR PERMITTED ENCUMBRANCES IN CERTAIN CIRCUMSTANCES; (B) THE DEBTORS TO ENTER INTO AND PERFORM THEIR OBLIGATIONS UNDER THE GBCI AGENCY AGREEMENT OR AN ALTERNATIVE SALE TRANSACTION; (C) THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES; AND (D) RELATED RELIEF</u>**

Ford Motor Credit Company LLC (hereinafter "Ford Credit"), by and through its undersigned counsel, hereby respectfully submits this Objection and Reservation of Rights (hereinafter collectively referred to as "Objection") with respect to the Debtors' Motion for Order (1) under 11 U.S.C. §§105(a), 363, 365, 503, 507 and 1146 (a), FED. R. BANKR. P. 2002, 6004, 6006, 9007 and 9014 and DEL BANKR. L.R. 2002-1, 6004-1 and 9006-1 Authorizing And Approving (A) Bidding Procedures In Connection With The Sale Of Certain Assets Of The Debtors, and other relief including sale of certain assets of the Debtors Free and Clear of all Claims, Liens, Liabilities, Rights, Interest, and Encumbrances (hereinafter "Motion"), and in support hereof, Ford Credit respectfully states as follows:

**BACKGROUND**

1.     On October 27, 2013 (the "Petition Date"), the above captioned debtors each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.  The Debtors continue to operate and manage their business as debtors in possession.  The Court ordered the appointment of an examiner on January 13, 2014.

2.     Prior to the bankruptcy filing, the Debtors and Ford Credit entered into seventy-one (71) Vehicle Retail Installment Contracts for the purchase of several Ford Vehicles (hereinafter "Vehicles").  Ford Credit perfected its first lien position on all Vehicles by notation of its lien on each Certificate of Title.  A summary of the Vehicles is attached hereto as Exhibit "A" and identifies the year, make, model, and vehicle identification number of each Vehicle, as well as the current balance on each loan.

3.     In connection with entering into these contracts with Ford Credit, the Debtors executed a Cross-Collateral Cross-Default Agreement (hereinafter "Cross-Agreement") which, by its terms, is incorporated into and amends each retail installment contract or lease entered into by the parties for business or commercial use at any time.  The Cross-Agreement provides that upon default of any contract or lease covered by the Cross-Agreement, any amounts received by Ford Credit for any reason in excess of amounts owing with respect to a contract may be applied by Ford Credit to any other contract or contracts.  The Cross-Agreement executed by the Debtor and Ford Credit is attached hereto as Exhibit "B".  The Debtors ceased making payments on these accounts, which constitutes a default.  The Debtors now seek to sell the vehicles, and Ford Credit is entitled to the protections afforded in the Cross-Agreement.

4. Upon information and belief, the Debtors are in possession of seventy (70) of the Vehicles. After the bankruptcy was filed, Ford Credit was informed that one Vehicle, a 2012 Ford F150, VIN 1FBSS3BL4CDB12636, was damaged in an accident and taken by a Debtor employee or representative to a collision repair facility where it has been stored for over a year. Upon information and belief, significant storage fees have accrued of approximately $11,000, and it does not appear at this time that the insurance check that had been issued was tendered to the repair shop. Any amounts that Ford Credit may be required to expend in order to recover the vehicle are added to the balance per the Installment Sales Contract for that respective Vehicle. Ford Credit is attempting to obtain additional information regarding this vehicle but its current condition is unknown and the balance due has not been established.

5. The parties also entered into one lease agreement for a 2012 Ford Fusion, 3FAHP0JA6CR414304. This lease was rejected and the vehicle has been recovered. It is not yet known whether there is a deficiency balance.

6. On February 7, 2014, the Debtors filed the within Motion on shortened notice, which seeks approval of bidding procedures for the sale of assets free and clear of all liens and encumbrances. Schedule 1, Fixed Assets and Inventory, appears to list the majority, if not all, of the Vehicles on which Ford Credit has liens as assets that the Debtors intend to sell. The Debtors list the net book value for the assets, which appears to reflect there is equity in certain of the Vehicles above the balance owed on the contract; however, Ford Credit has not inspected the vehicles to date and no condition reports or details concerning mileage or mechanical condition have been provided that verify the existence of equity.

7. The best way to determine the extent of equity is the sale of the Vehicles. Ford Credit wishes to sell the Vehicles (rather than having the Vehicles sold via bidding procedures for

the sale of assets pursuant to the Debtors' Motion) because of default in payment by Debtors and because it has a well-established vehicle auction process that effectively minimizes sale costs while maximizing the sale prices achieved. However, the Debtors now seek court approval to sell the Vehicles as part of the global sale of assets.

8. The debtors' Motion seeks to compel secured creditors who are holding title assets to relinquish such title to the Debtors within seven (7) Business Days of the Debtors' request subsequent to entry of the Bidding Procedures Order and to take such other steps so that the Debtors can transfer the titled assets, such as providing a release of lien letter. Ford Credit objects to this provision and objects to such treatment.

9. Pursuant to 11 U.S.C. §365 (f), the Debtors must meet at least one of five conditions in Section 363(f) in order to be granted leave to sell assets free and clear of liens:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

10. Ford Credit does not consent to sale of its Vehicles free and clear of its liens, and Ford Credit asserts that the Debtors have not yet established that any of the other conditions have been met. Accordingly, Ford Credit should not be compelled to surrender titles to its Vehicles.

11. The Debtors' Bidding Procedures Motion provides for the order in which sale proceeds are to be distributed. If there are insufficient proceeds after distributions to Senior Noteholder claims or other creditors, then there would not be enough funds to which Ford Credit's liens would attach. This would not fully protect or satisfy Ford Credit's security

interests and the benefit of Ford Credit's bargained-for Cross-Agreement.  In order to prevent such a dissipation of liened proceeds, Ford Credit respectfully requests that it be granted a "carve-out" of proceeds obtained through sale of its Vehicles. This would entail a segregation of sale proceeds from the Vehicles until it is certain that Ford Credit's claims have been paid in full as contemplated by the proposed Chapter 11 plan.

12. Ford Credit's claim is an "Other Secured Claim" and, as such, is to receive 100% of the unpaid claim in cash or its collateral in full satisfaction.  To the extent that there is any disagreement as to the intent or viability of the Cross-Agreement, segregation of the funds would assure that sufficient sale proceeds remain to pay Ford Credit's claims and would allow the parties to present this discrete legal issue to the Court.

13. Ford Credit objects to relinquishing its certificates of title prior to receipt of payment in full or in the absence of a carve-out of enough funds to pay its claims in full.  The Debtors have not shown entitlement to such a request per Section 363(f) and such a mandate unnecessarily jeopardizes Ford Credit's security interest in the event that there are not enough sale proceeds remaining for Ford Credit's liens to fully attach and its claims to be paid in full. Ford Credit requests that any order entered require a resolution without delay of the effect of the Cross-Agreement so that Ford Credit will not be unfairly deprived of its liens by the dissipation of sale proceeds.

WHEREFORE, Ford Credit respectfully requests that it be permitted to sell its Vehicles. In the alternative, Ford requests that the relief sought by the Debtors be permitted only if the proceeds generated by sale of the Vehicles are clearly identified and placed in a separate or

segregated account pending a determination of regarding the effect of the Cross-Agreement, and for such other and further relief as the Court may deem just.

Date:  2/14/14                                                WHITTINGTON & AULGUR

                                       By:     __/s/ Kristi J. Doughty_____
                                                  Robert T. Aulgur, Jr. (No. 165)
                                                  Kristi J. Doughty (No. 3826)
                                                  651 N. Broad Street, Ste 206
                                                  P.O. Box 1040
                                                  Middletown, DE 19709-1040
                                                  Attorneys for Ford Motor Credit Company