# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :    Chapter 11
                                                           :
GREEN FIELD ENERGY SERVICES, INC., et                      :    Case No. 13-12783 (KG)
al.,                                                       :
                                                           :    Jointly Administered
          Debtors.[1]                                      :
                                                           :    **Docket Ref. No. 548**
---------------------------------------------------------- X

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING NOTICE AND OBJECTION PROCEDURES FOR THE DISCLOSURE STATEMENT HEARING, (III) DETERMINING DATES, PROCEDURES AND FORMS APPLICABLE TO SOLICITATION PROCESS, (IV) ESTABLISHING VOTE TABULATION PROCEDURES, AND (V) ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING TO CONSIDER CONFIRMATION OF PLAN

Upon the motion (the "**Motion**")[2] of the Debtors for an order pursuant to Bankruptcy Code Sections 105(a), 365(a) and (b), 1123(b)(2), 1125(b), 1126(b) and 1128, Bankruptcy Rules 2002, 3017, 3018 and 3020, and Local Rule 3017-1 (a) approving the proposed disclosure statement, (b) approving the notice and objection procedures for the hearing on approval of the Disclosure Statement, (c) approving the dates, procedures and forms applicable to the solicitation and plan noticing process, (d) approving certain vote tabulation procedures and (e) establishing the deadline for filing objections to the plan and scheduling the hearing to consider confirmation of the plan, all as more particularly described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion, in the proposed *Second Amended Joint Plan of Liquidation of Green Field Energy Services, Inc., et al.* (as may be amended, modified or supplemented, the "**Plan**") or the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Green Field Energy Services, Inc., et al.* (as may be amended, modified or supplemented, the "**Disclosure Statement**").

01:15026656.8

*Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this matter constituting a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1.   The Motion is GRANTED as set forth herein.

A.   <u>Approval of Disclosure Statement</u>

2.   Any and all objections to approval of the Disclosure Statement, to the extent not previously resolved or withdrawn, are overruled. Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement in the form attached hereto as <u>Annex 1</u>, as it may be further modified pursuant to this Order, is approved and found to contain "adequate information" within the meaning of Bankruptcy Code Section 1125(a). Prior to the commencement of solicitation, the Debtors are authorized to make additional correcting, conforming and finalizing changes to the Disclosure Statement and to the corresponding Plan.

3.   The form and manner of notice of the time set for filing objections to, and the time, date and place of the Disclosure Statement Hearing to consider the approval of the Disclosure Statement and other relief requested in the Motion, as set forth in <u>Exhibit A</u> to this Order, was adequate and comports with due process and no further notice is necessary.

B.   Voting Agent

4.   Prime Clerk LLC is authorized to serve as the Debtors' solicitation and noticing agent to assist the Debtors in mailing solicitation packages and notices, receiving and tabulating ballots cast on the Plan, and certifying to the Court the results of the balloting (the "**Voting Agent**").

C.   Voting Record Date

5.   The record date for determining the holders of Claims and Interests, including the holders of Senior Noteholder Claims, entitled to vote to accept or reject the Plan and to receive solicitation and noticing materials as provided herein is March 11, 2014 (the "**Voting Record Date**"). Only the holders of Claims and Interests as of the Voting Record Date are entitled to the voting and notice rights provided for herein.

6.   With respect to any transferred Claim, the transferee will be entitled to receive a Solicitation Package and cast a ballot on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. Each transferee shall be treated as a single creditor for purposes of the numerosity requirements in Section 1126(e) of the Bankruptcy Code and other procedures set forth in this Order.

D.   Voting Deadline

7.   The date by which all ballots cast to accept or reject the Plan must be received by the Voting Agent is April 15, 2014 at 4:00 p.m. (Eastern Time) (the "**Voting Deadline**"). As set forth in the Plan, the Plan Supplement shall be filed no later than ten (10) days prior to the Voting Deadline. The Debtors may extend the Voting Deadline, at any time

01:15026656.8

before or after the Voting Deadline, in favor of any voter, any Class of voters or all voters without the necessity of filing a notice of such extension(s) with the Court. Ballots not received by the Voting Deadline, or by any extended voting deadline as provided for herein, shall not be counted.

E. Ballots

8. The forms of ballots attached to this Order as Exhibit B-1, B-2 and B-3 for the holder of the Shell Secured Claim in Class 3, Shell Other Claim in Class 5 and General Unsecured Claims in Class 6 and the forms of Beneficial Owner Ballots and Master Ballots attached to this Order as Exhibit C-1 and C-2, for holders of Senior Noteholder Claims in Class 4 are approved, subject in all cases to the right of the Debtors to make additional correcting, conforming and formatting non-material changes to such forms of ballots.

F. Solicitation Letter

9. The solicitation materials may include a solicitation letter proposed by the Debtors, as set forth in Exhibit D to this Order (the "**Debtors' Solicitation Letter**"), and a solicitation letter proposed by the Official Committee of Unsecured Creditors, as set forth in Exhibit J to this Order (the "**Committee's Solicitation Letter**"). No other solicitation letters are authorized.

G. Solicitation of Votes in Classes 3, 4, 5 and 6

10. No later than March 18, 2014 (the "**Solicitation Commencement Date**"), the Debtors, through the Voting Agent, shall commence the solicitation and noticing process by mailing the solicitation materials and notices approved herein by first class postage prepaid mail.

11. The solicitation materials to be transmitted on or before the Solicitation Commencement Date to those holders, as of the Voting Record Date, of the Shell Secured Claim in Class 3, Senior Noteholder Claims in Class 4, the Shell Other Claim in Class 5 and General

Unsecured Claims in Class 6 that are entitled to vote on the Plan (as described in paragraph 12 below), shall include the following: (a) the Debtors' Solicitation Letter and the Committee's Solicitation Letter, each in paper form; (b) the Confirmation Hearing Notice (as defined below), in paper form; (c) a CD containing this Order, the Disclosure Statement and all exhibits thereto, including the Plan; (d) an appropriate ballot (as described in paragraph 8), in paper form; and (e) a pre-addressed, pre-paid return envelope (collectively, the "**Solicitation Package**").

12. The following holders of Claims classified within Classes 3, 4, 5 and 6 are entitled to vote on the Plan and thus to receive the Solicitation Package:

(a) record and beneficial holders (if applicable), as of the Voting Record Date, of the Shell Secured Claim in Class 3, the Senior Noteholder Claims in Class 4, and the Shell Other Claim in Class 5, subject to the special procedures outlined in paragraph 17;

(b) holders, as of the Voting Record Date, of General Unsecured Claims in Class 6:

(i) who have filed proofs of claim in the amounts asserted in such proofs of claim; provided that such proofs of claim (w) have not been disallowed by an order of the Court entered on or before the Voting Record Date, (x) are not the subject of an objection to the entirety of the Claim pending as of the Voting Record Date (with voting permitted only with respect to the amount thereof that is not subject to objection), (y) are not listed on a notice of satisfaction filed by the Voting Record Date (with voting permitted only with respect with the amount thereof that is not satisfied) or (z) do not allege Claims that are wholly contingent or wholly unliquidated (with voting permitted only with respect to the amount thereof that is fixed and not contingent); or

(ii) who have not filed proofs of claim but whose Claims are scheduled in the Debtors' schedules of liabilities (or any amendments thereto) and are not designated therein as contingent, unliquidated or disputed or listed therein as zero or unknown in amount, in the amounts set forth in the schedules of liabilities (or any amendments thereto); provided that such scheduled Claims have not been paid and are not listed on a notice of satisfaction filed by the Voting Record Date;

provided, however, that any voting creditor who has filed duplicate or amended proofs of claims with respect to a single Claim against one or more Debtors shall be entitled to receive only one Solicitation Package and one ballot for voting such Claim, and any voting creditor who has filed

multiple proofs of claim asserting different Claims shall receive a Solicitation Package for each such proof of claim.

H.  Treatment of Contingent, Unliquidated or Disputed Claims in Classes 3, 4, 5 and 6

13.  Any holder of the Shell Secured Claim in Class 3, a Senior Noteholder Claim in Class 4, the Shell Other Claim in Class 5 or a General Unsecured Claim in Class 6 whose Claim is (a) asserted as wholly unliquidated or wholly contingent in a timely proof of claim, (b) scheduled in the Debtors' schedules of liabilities (or any amendments thereto) and are designated therein as contingent, unliquidated or disputed, (c) asserted in a proof of claim as to which an objection to the entirety of the Claim is pending as of the Voting Record Date or (d) asserted in a proof of claim as to which a Notice of Disputed Claim Status is received as set forth below (collectively, the "**Disputed Claimants**") shall not be permitted to vote on the Plan except as provided herein.  On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to each of the Disputed Claimants a package that includes the following: (a) a notice in substantially the form attached to this Order as Exhibit E (the "**Notice of Disputed Claim Status**"), in paper form; and (b) a CD containing the Disclosure Statement and all exhibits, including the Plan (collectively, the "**Disputed Claimant Package**").  Disputed Claimants shall be permitted to obtain from the Voting Agent a ballot for voting on the Plan only by filing a motion under Fed. R. Bankr. P. 3018(a) seeking to have their Claims temporarily allowed for voting purposes (a "**Rule 3018 Motion**").  Any such Rule 3018 Motion must be filed with the Court and served upon the Debtors' counsel and the Voting Agent by no later than the later of (a) April 4, 2014 at 4:00 p.m. (Eastern Time) and (b) five (5) business days after an objection to a claimant's proof of claim is filed by the Debtors (the "**Rule 3018 Motion Deadline**").  Any party timely filing and serving a Rule 3018 Motion shall be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan.  If and to the extent that

01:15026656.8

the Debtors and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline, then at or before the Confirmation Hearing, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

14. Nothing herein affects the Debtors' right (or any other party's right, if applicable) to object to any proof of claim after the Voting Record Date. With respect to any such objection filed after the Voting Record Date, the Debtors may request, on notice, that any vote cast by the holder of the disputed Claim not be counted in determining whether the requirements of Bankruptcy Code Section 1126(c) have been met. In the absence of any such request by the Debtors, the holder of a Claim subject to an objection filed after the Voting Record Date shall be entitled to vote in accordance with its rights as of the Voting Record Date.

I.  Notices of Non-Voting Status

15. On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to holders of Administrative Claims, Fee Claims, Priority Tax Claims, DIP Claims, Other Secured Claims in Class 1 and Priority Non-Tax Claims in Class 2 (collectively, the "**Unimpaired Holders**"), a notice in substantially the form attached to this Order as Exhibit F (the "**Notice of Non-Voting Status**"), in lieu of a Solicitation Package. The Notice of Non-Voting Status satisfies the requirements of Fed R. Bank. P. 3017(d) with respect to Unimpaired Holders.

J.  Notice of Deemed Rejecting Status

16. On or before the Solicitation Commencement Date, the Voting Agent shall mail, first class postage prepaid, to holders of Subordinated Other Claims in Class 7, Subordinated Stock Claims in Class 8, GFES Interests in Class 9 and Subsidiary Interests in Class 10 (collectively, the "**Deemed Rejecting Holders**"), a notice in substantially the form attached to this Order as Exhibit G (the "**Notice of Deemed Rejecting Status**"), in lieu of a

01:15026656.8

Solicitation Package. The requirements of Bankruptcy Rule 3017(d) are waived with respect to the Deemed Rejecting Holders, and the Deemed Rejecting Notice is deemed to satisfy any solicitation or noticing needs of the Deemed Rejecting Holders.

K.  Special Procedures for Holders of Senior Noteholder Claims

17. The following voting procedures with respect to soliciting votes from the Senior Secured Noteholders are approved:

(a) To the extent there are any directly registered beneficial owners of Senior Noteholder Claims, the Senior Secured Notes Indenture Trustee shall provide to the Voting Agent, by a date that is no later than two (2) days after the Voting Record Date, an electronic file containing the names, addresses and principal amounts of such directly registered Senior Secured Noteholders as of the Voting Record Date (the "**Directly Registered Owners**"), unless otherwise agreed to by the Debtors and the Voting Agent.

(b) The Voting Agent shall transmit the Solicitation Packages to each Directly Registered Owner by no later than the Solicitation Commencement Date. In addition, with respect to beneficial owners (the "**Beneficial Owners**") that hold their Senior Noteholder Claims through a bank, dealer, agent or other nominee (collectively, the "**Nominees**"), the Voting Agent shall transmit sufficient copies of the Solicitation Packages to the Nominees for distribution to the Beneficial Owners of the Senior Noteholder Claims.

(c) The Nominees (or their agents) shall distribute the Solicitation Packages to their respective Beneficial Owners within five (5) business days after receipt of the Solicitation Packages from the Voting Agent and in a manner customary in the securities industry so as to maximize the likelihood that Beneficial Owners will receive the materials and be given the opportunity to exercise their rights in a timely fashion.

(d) The Voting Agent shall distribute to the Nominees, approximately seven calendar days or less after the initial distribution of the Solicitation Packages and in accordance with customary procedures with respect to soliciting votes from holders of securities, a Master Ballot substantially in the form attached to this Order as Exhibit C-2.

(e) Each Nominee (or its agent) is hereby ordered to solicit votes from its respective Senior Secured Noteholders via one of the following two procedures:

(i) (a) forwarding the Solicitation Packages to Beneficial Owners of Secured Noteholders Claims for voting with a Beneficial Owner Ballot and either a return envelope provided by and addressed to the Nominee or other return

instruction; (b) after receiving the Beneficial Owner Ballots back from the Senior Secured Noteholders, summarizing the individual votes of the Senior Secured Noteholders from the Beneficial Owner Ballots on a Master Ballot substantially in the form of Exhibit C-2; and (c) returning the Master Ballot to the Voting Agent by the Voting Deadline; or

(ii)    (a) pre-validating a Beneficial Owner Ballot (a "**Pre-Validated Ballot**") by signing and indicating on the Pre-Validated Ballot the Beneficial Owner of the Senior Secured Notes, the principal amount held by such Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived; (b) forwarding the Solicitation Package, including the Pre-Validated Ballot for voting and, if provided, a return envelope addressed to the Voting Agent, to the Beneficial Owner; and (c) instructing the Beneficial Owner to return the Pre-Validated Ballot directly to the Voting Agent by the Voting Deadline.

18.    The Debtors are authorized to reimburse the Nominees for the Nominees' reasonable and customary out-of-pocket expenses incurred in performing the tasks related to soliciting votes from the Senior Secured Noteholders upon a Nominee's written request. For the avoidance of doubt, (i) the Senior Secured Notes Indenture Trustee is not a Nominee, (ii) the Debtors shall not distribute the Solicitation Package (or any ballot) to the Senior Secured Notes Indenture Trustee, and (iii) the Senior Secured Notes Indenture Trustee shall not be responsible for the distribution, completion, tabulation, or return of any Solicitation Packages or ballots.

L.    No Notice or Transmittal Necessary

19.    No Solicitation Packages or other notices approved herein shall be transmitted to (a) holders of Claims listed on the schedules of liabilities (or any amendment thereto) that have already been paid in full during these cases or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court, (b) any holder of a Claim listed on a notice of satisfaction by the Voting Record Date unless the holder thereof has filed an objection thereto by the applicable objection deadline and such objection has been sustained by this Court, (c) any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for

filing proofs of Claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors or their agents have been informed in writing by such person of, or have otherwise ascertained, that person's new address, or (d) any holder of a Claim that was disallowed in full by order of this Court.

M.  Tabulation of Votes

20. Unless otherwise directed by this Court, the Voting Agent shall follow the guidelines set forth below in tabulating the votes to accept or reject the Plan:

(a) Subject to subparagraph (f) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

(b) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, then such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

(c) The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtors (in their sole and absolute discretion) have granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible or contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a Claim in a Class as of the Voting Record Date that is entitled to vote to accept or reject the Plan; (iv) any ballot cast by a Disputed Claimant who has not filed a Rule 3018(a) Motion by the Rule 3018(a) Motion Deadline, or who has timely filed a Rule 3018(a) Motion that has not been granted by the Court; (v) any ballot that does not indicate an acceptance or a rejection or that indicates both an acceptance and a rejection; (vi) any ballot sent to this Court, the Debtors, the Debtors' agents, advisors or representatives (other than the Voting Agent); (vii) any ballot that partially accepts and partially rejects the Plan (excluding Master Ballots); (viii) any unsigned ballot or ballot that has a non-original signature (except as provided in (g) below for Master Ballots returned via e-mail with a non-original signature); (ix) any ballot that does not contain an amount denominated in U.S. currency; and (x) any ballot not otherwise cast in accordance with the procedures approved in this Order.

(d) Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same Claim prior to the Voting Deadline, or after the Voting Deadline with the written consent of the Debtors, the last properly completed ballot

received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior received ballots, without prejudice to the Debtors' right to object to the validity of the second ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first received ballot for all purposes.

(e) Claim or Interest splitting on a ballot shall not be permitted and will not be counted. Creditors who vote must vote all of their Claims within a particular Class to either accept or reject the Plan. Notwithstanding the foregoing, a Master Ballot may indicate acceptances or rejections consistent with the directions on each Beneficial Owner Ballot that is represented on the Master Ballot.

(f) Any party who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline or, with the written consent of the Debtors, after the Voting Deadline. A notice of withdrawal, to be valid, must (a) contain the description of the Claim(s) to which it relates and the amount of such Claim(s), (b) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (c) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn and (d) be received by the Voting Agent prior to the Voting Deadline or, with the written consent of the Debtors, after the Voting Deadline.

(g) Ballots sent via facsimile or electronic mail shall not be accepted by the Voting Agent, *provided*, *however*, that a Master Ballot that is sent via e-mail and timely received by the Voting Agent prior to the Voting Deadline will be accepted by the Voting Agent.

(h) For purposes of the numerosity requirement of Bankruptcy Code Section 1126(c), separate Claims held by a single creditor (creditor names that are not identical, as determined by the Voting Agent in consultation with the Debtors, shall not be considered to be a single creditor) in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

(i) In the event any Claim that was entitled to vote as of the Voting Record Date is paid prior to the Voting Deadline, based upon information provided by the Debtors as to Claim payments and whether or not listed on a notice of satisfaction, then such Claim shall no longer be entitled to vote to the extent of the payment, provided that any ballot returned representing such paid Claim shall be noted in the Vote Declaration (as defined below).

(j) Ballots cast in amounts in excess of their allowed amount will be counted only to the extent of the creditors' allowed Claim.

(k) Any duplicate ballot will only be counted once.

21. The following procedures are approved for tabulating votes cast with respect to the Senior Secured Noteholders:

(a) Nominees electing to use the Master Ballot voting process shall retain for inspection by the Court the ballots cast by Beneficial Owners for at least one (1) year following the Voting Deadline. Nominees using Pre-Validated Ballots must keep a list of the Beneficial Owners to whom they sent Pre-Validated Ballots for at least one (1) year following the Voting Deadline.

(b) Votes cast by Senior Secured Noteholders and transmitted through a Nominee (or its agent) by means of a Master Ballot or a Pre-Validated Ballot shall be applied against the applicable positions held by such Nominee as of the Voting Record Date with respect to the Senior Secured Notes (as evidenced by the record and depository listings) (a "**Record Date Position**").

(c) Votes submitted by a Nominee (or its agent) on a Master Ballot or a Pre-Validated Ballot shall not be counted in excess of the Record Date Position held by such Nominee.

(d) To the extent that conflicting votes or overvotes are submitted on a Master Ballot or Pre-Validated Ballots, the Voting Agent shall use reasonable efforts to resolve the conflict or overvote.

(e) To the extent that overvotes on a Master Ballot or Pre-Validated Ballots are not reconcilable prior to the preparation of the declaration of vote results filed with this Court (the "**Vote Declaration**"), the Voting Agent shall count votes in respect of such Master Ballot or Pre-Validated Ballots in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or Pre-Validated Ballots that contained the overvote, but only to the extent of the applicable Nominee's Record Date Position in the Senior Secured Notes.

(f) Nominees are authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the latest received Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot, subject to the Debtors' right to object to the validity of the second Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if such objection is sustained, the first received Master Ballot will then be counted.

(g) Each Beneficial Owner of a Senior Secured Note is deemed to have voted the full principal amount of its Claim relating to such Senior Secured Note, notwithstanding anything to the contrary on any ballot, although the Voting Agent may be asked to adjust the principal amount voted to account for any interest or accretion factor.

22. None of the Debtors, the Voting Agent or any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered ballots, nor will any of them incur any liability for failure to provide such notification. The Voting Agent may either disregard, with no further notice, defective ballots, or it may attempt to have defective ballots cured. In addition, the Debtors, subject to any contrary order of the Court entered subsequent to this Order, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline in their sole discretion; *provided, however*, any such waiver shall be documented in the Vote Declaration, which Vote Declaration shall be filed with the Court by no later than two (2) business days after the Voting Deadline.

23. Subject to the provisions of this Order, any ballot not cast in accordance with the procedures approved in this Order shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected.

N. The Confirmation Hearing

24. The hearing to consider confirmation of the Plan shall be held on April 23, 2014 at 2:00 p.m. (Eastern Time), and the deadline for filing objections to confirmation of the Plan shall be April 15, 2014 (Eastern Time) (the "**Plan Objection Deadline**"). Objections to the confirmation of the Plan must be in writing and must:

(a) (i) state the name and address of the objecting party and the nature of the Claim or Interest of such party, (ii) state with particularity the basis and nature of any objection to or proposed modification of the Plan; and (iii) be filed with the Clerk's Office, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 together with proof of service, on or before the Plan Objection Deadline; and

(b) be served, so as to be actually received on or before the Plan Objection Deadline, upon (i) the Office of the U.S. Trustee for the District of Delaware, attn: Tiiara Patton, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801 (ii) Latham & Watkins LLP, attn: Josef Athanas, Caroline Reckler and Matthew Warren, 233 S. Wacker Drive, Suite 5800, Chicago, IL 60606, (iii) Young Conaway Stargatt & Taylor, LLP, attn: Michael Nestor, Kara Hammond Coyle, 1000 North King Street, Wilmington, DE 198901,

(iv) Greenburg Traurig, LLP, attn: David Kurzweil, 3333 Piedmont Road, NE, Suite 2500, Atlanta, GA 30305, (v) Brown Rudnick LLP, attn: Robert Stark, ~~One Financial Center, Boston, MA 02111~~ [Seven Times Square, New York, NY 10036], (vi) Jones Day, attn: Paul D. Leake, Richard H. Engman and Michael J. Cohen, 222 East 41st Street, New York, NY 10017, (vii) Richards, Layton & Finger, P.A., attn: William A. Romanowicz, One Rodney Square, 920 North King Street, Wilmington, DE 1980, (viii) Liskow & Lewis, attn: Michael D. Rubenstein, First City Tower, 1001 Fannin Street, Suite 1800, Houston, TX 77002, (ix) Potter Anderson & Corroon LLP, Laurie Selber Silverstein, 1313 North Market Street, Wilmington, DE 19899, (x) Cole, Schotz, Meisel, Forman & Leonard, P.A., attn: Norman L. Pernick, 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, (xi) TPT, attn: Craig Ryan, 298 Louisiana Road, Franklin, LA, 70538, (xii) Katten Muchin Rosenman LLP, attn: John J. Ramirez, 575 Madison Avenue, New York, NY 10022, (xiii) Cousins Chipman & Brown, LLP, attn: Scott Cousins and Ann Kashishian, 1007 North Orange Street, Suite 1110, Wilmington, DE 19801, and (xiv) such other parties as the Bankruptcy Court may order.

25. The form of notice of the confirmation hearing date and objection deadline attached to this Order as Exhibit H (the "**Confirmation Hearing Notice**") is hereby approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages mailed to holders of Claims in Classes 3, 4, 5 and 6 (subject to the other provisions of this Order) and to each person on the 2002 Service List, and shall be posted on the Voting Agent's website, available via http://cases.primeclerk.com/gfes.

26. On or about the Solicitation Commencement Date, a notice in substantially the form of Exhibit I attached to this Order shall be published in the Wall Street Journal (global edition) and the Lafayette Advertiser.

27. Publication of the Confirmation Hearing Notice as described herein shall constitute sufficient notice of the Confirmation Hearing to Persons who do not otherwise receive notice by mail as provided for in this Order.

28. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

01:15026656.8

29. Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

30. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

31. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, the ballots, the notices and related documents without further order of the Court, including without limitation changes to correct typographical and grammatical errors, insert dates and to make conforming changes among the Disclosure Statement, the Plan, the ballots, the notices and any other materials in the Solicitation Package prior to mailing.

Dated: Wilmington, Delaware
       March 14, 2014

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE