IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :  Chapter 11
                                                             :
GREEN FIELD ENERGY SERVICES, INC., et                        :  Case No. 13-12783 (KG)
al.,                                                         :
                                                             :  Jointly Administered
            Debtors.[1]                                      :
------------------------------------------------------------ x  Ref. Docket No. 722 & 748

**ORDER AUTHORIZING (A) THE SALE OF DEBTORS' MEMBERSHIP INTERESTS
IN TURBINE POWERED TECHNOLOGY, LLC FREE AND CLEAR
OF ALL CLAIMS, LIENS, LIABILITIES, RIGHTS, INTERESTS AND
ENCUMBRANCES; (B) THE DEBTORS TO ENTER INTO AND PERFORM
THEIR OBLIGATIONS UNDER THE TPT MEMBERSHIP INTEREST
PURCHASE AGREEMENT; AND (C) RELATED RELIEF**

Upon consideration of the motion (Docket No. 722, dated March 17, 2014) (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, 365, 503 and 507 of Title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of orders approving, among other things, the sale of certain assets of the Debtors; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax or organizational identification number, are: Green Field Energy Services, Inc. (2539); Hub City Tools, Inc. (2827); and Proppant One, Inc. (6035). The above-captioned Debtors' mailing address is 4023 Ambassador Caffery Parkway, Suite #200, Lafayette, LA 70503.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the MIPA (defined below).

01:15194324.2

18981939

cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby FOUND that:

A. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. Except as otherwise determined in any other order of this Court, this Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Notice of the Motion and of the Sale Hearing was given in accordance with the directive of the Court and as otherwise required by applicable law, as evidenced by the affidavits of service on file with the Clerk of the Court.

D. The notice provided of the Motion and of the Sale Hearing was adequate and sufficient under the circumstances, and any otherwise applicable notice requirement is hereby waived and dispensed with.

E. A reasonable opportunity to object or be heard regarding the relief requested in the Motion and the transactions provided for MIPA (as defined below) has been afforded to all interested parties, including, without limitation, the following (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel to the Noteholders; (d) counsel to the Indenture Trustee (as defined below); (e) counsel to Shell; (f) counsel to the DIP Lenders; (g) all taxing authorities

having jurisdiction over any of the Membership Interests, including the Internal Revenue Service; and (h) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.

F. Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion or the Membership Interest Purchase Agreement attached hereto as Exhibit 1 (the "MIPA").

G. As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing, and the representations of counsel made on the record at the Sale Hearing, the Debtors and the Buyer have negotiated and undertaken their respective roles leading to the entry into the MIPA in a diligent, noncollusive, fair, and good faith manner.

H. The Debtors, their management, and their respective directors, employees, agents and representatives, and TPT Acquisition, Inc. ("Buyer"), its members and their respective officers, directors, employees, agents and representatives, acted in good faith. The MIPA was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud. Neither the Debtors, the Buyer, nor the Indenture Trustee have engaged in any conduct that would cause or permit the MIPA, or any related action or the transactions contemplated thereby, to be avoided or give rise to any right to other relief under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) of the Bankruptcy Code. The Buyer and the Indenture Trustee have not violated section 363(n) of the Bankruptcy Code by any action or inaction. Specifically, the Buyer and the Indenture Trustee have not acted in a collusive manner with any person and was not controlled by any agreement among bidders. The Buyer's prospective performance and tender of consideration and related

requirements of the Indenture Trustee pursuant to the MIPA are in good faith and for valid business purposes and uses.

I. The Buyer is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code. No common identity of directors or controlling stockholders exists between the Buyer and the Debtors.

J. The offer of the Buyer, upon the terms and conditions set forth in the MIPA, including the form and total consideration to be realized by the Debtors pursuant to the MIPA, (i) is the only offer received by the Debtors for the Membership Interests; (ii) is fair and reasonable; and (iii) is in the best interests of the Debtors' creditors and estates. There is no legal or equitable reason to delay entry into the MIPA, and the transactions contemplated therein, including, without limitation, the Sale (as defined below).

K. The Debtors' decisions to (i) enter into the MIPA and (ii) perform thereunder are a reasonable exercise of the Debtors' sound business judgment consistent with their fiduciary duties and are in the best interests of the Debtors, their estates, their creditors and all other parties in interest.

L. Consummating the transactions contemplated in the MIPA (the "Sale") will provide an efficient means for the Debtors to dispose of the Membership Interests.

M. The Debtors have represented to this Court that they are neither selling nor leasing personally identifiable information as such term is defined in section 101(41A) (or assets containing personally identifiable information) pursuant to the Motion.

N. Time is of the essence in effectuating the MIPA and proceeding with the Sale as contemplated therein without interruption. Based on the record of the Hearing and the Motion, the Sale must be commenced as soon as practicable to maximize the value that the Buyer may

01:15194324.2

4

18981939

realize from the Sale and the value that the Debtors may realize from entering into the MIPA. Accordingly, cause exists to modify the stay to the extent necessary, as contemplated by Bankruptcy Rule 6004(h), and permit the immediate effectiveness of this Order.

O. A sale of the Membership Interests other than one free and clear of liens, claims, liabilities, rights, interests and encumbrances, to the fullest extent of the law, in each case, of any kind or nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy Code), whether pre-petition or post-petition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, statutory or non-statutory, matured or unmatured, legal or equitable (collectively, "Encumbrances") and without the protections of this Order would hinder the Debtors' ability to obtain the consideration provided for in the MIPA and, thus, would impact materially and adversely the value that the Debtors' estates would be able to obtain for the sale of such Membership Interests. But for the protections afforded to the Buyer under the Bankruptcy Code and this Order, the Indenture Trustee would not have offered to tender the consideration contemplated in the MIPA. Approval of the MIPA and the consummation of the Sales free and clear of Encumbrances is appropriate pursuant to section 363(f) of the Bankruptcy Code and is in the best interests of the Debtor's estate, its creditors and other parties in interest.

P. The consideration to be paid by the Buyer under the MIPA was negotiated at arm's length and constitutes reasonably equivalent value and fair and adequate consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and the laws of the United States, any state, territory, possession thereof, or the District of Columbia. The terms and conditions set forth in the MIPA are fair and reasonable

under these circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Debtors or any of their creditors under any applicable laws.

Q.  No sale, transfer, or other disposition of the Membership Interests pursuant to the MIPA or the Buyer's entry into the MIPA will subject the Buyer to any liability for claims, obligations, encumbrances, or interests asserted against the Debtors by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories. To the extent permitted by applicable law, the Buyer is not and shall not be deemed a successor to the Debtors or their estates.

R.  Each of the Debtors (i) has full corporate or other power to execute, deliver and perform any obligations under the MIPA and all other transactions contemplated thereby, and entry into the MIPA has been duly and validly authorized by all necessary corporate or similar action, (ii) has all of the corporate or other power and authority necessary to consummate the transactions contemplated by the MIPA, and (iii) has taken all actions necessary to authorize and approve the MIPA and the transactions contemplated thereby. No consents or approvals, other than those expressly provided for herein or in the MIPA, are required for the Debtors to consummate such transactions.

S.  Entry into and assumption of the MIPA and the transactions contemplated thereby neither impermissibly restructure the rights of the Debtors' creditors, nor impermissibly dictate the terms of a liquidating plan of reorganization for the Debtors. Entry into the MIPA does not constitute a *sub rosa* chapter 11 plan.

T.  The MIPA is not an executory contract.

01:15194324.2

18981939

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein. All objections to the Motion to the extent not previously withdrawn or resolved or sustained as set forth herein are denied.

2. The Debtors are hereby authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to consummate the Sale of the Membership Interests in accordance with the MIPA.

3. The Debtors are hereby authorized and empowered to enter into the MIPA (and each of the transactions contemplated therein), and the MIPA is hereby approved in its entirety and is incorporated herein by reference. The failure to include specifically any particular provision of the MIPA in this order (the "Order") shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the MIPA and all of its provisions, payments and transactions, be authorized and approved in their entirety. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

4. Subject to the provisions of this Order, (i) the Debtors and the Buyer are hereby authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to consummate the Sale in accordance with the MIPA; (ii) Wilmington Trust, National Association, in its capacities as trustee and collateral agent (in such capacities, the "Indenture Trustee") under that certain Indenture, dated as of November 15, 2011 (as amended, supplemented, or modified from time to time), among Green Field Energy Services, Inc., as issuer, Hub City Tools, Inc., as guarantor, and Wilmington Trust, National Association, in its capacities as trustee and collateral agent, is hereby authorized and empowered to credit bid the Credit Bid Notes pursuant to section 363(k) of the Bankruptcy Code in connection with the Sale, as directed pursuant to the Direction; and (iii) the Buyer is authorized to (A) act as the designee of the Indenture Trustee in connection

with consummating the Sale and (B) take unconditional title, ownership, and control of the Membership Interests as designee of the Indenture Trustee.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors, the Buyer, and each of their respective officers, employees, and agents are hereby authorized and directed to execute such documents and to do such acts as are necessary or desirable to consummate the Sale. The MIPA is approved pursuant to section 363 of the Bankruptcy Code. The Debtors are hereby authorized and empowered to perform under the MIPA, and the Indenture Trustee is authorized and empowered, upon Closing, to deliver, or cause to be delivered, to the Seller, the Depository Trust Company ("DTC"), any designee of DTC, or any other party any instruments, agreements, or documents necessary to release and surrender the Credit Bid Notes or do such acts as are necessary to effect such release or surrender, as directed pursuant to the Direction.

6. This Order and the terms and provisions of the MIPA shall be binding on all of the Debtors' creditors, the Debtors, the Buyer, and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting an interest in the Membership Interests, notwithstanding any subsequent appointment of any trustee, party, entity or other fiduciary under any section of the Bankruptcy Code with respect to the forgoing parties, and as to such trustee, party, entity or other fiduciary, such terms and provisions likewise shall be binding.

7. Nothing in this Order or the MIPA and none of the Buyer's actions taken in respect of the Sale shall be deemed to constitute an assumption by Buyer of any of the Debtors' obligations relating to any of the Debtors' employees, nor shall Buyer become liable under any collective bargaining or employment agreement or be deemed a joint or successor employer with respect to such employees.

8. Entry into the MIPA was undertaken by the parties thereto in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and the Buyer shall be protected by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal. The reversal or modification on appeal of the approval provided herein of the MIPA and to consummate the transactions contemplated thereby shall not affect the validity of such transactions, unless such approval is duly stayed pending such appeal. The Buyer is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code. The transactions contemplated by the MIPA are not subject to avoidance or any right to other relief pursuant to section 363(n) of the Bankruptcy Code.

9. If any person or entity that has filed financing statements, mortgages, construction or mechanic's liens, *lis pendens* or other documents or agreement evidencing any Encumbrances on, in or with respect to the Membership Interests shall not have delivered to the Debtors, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of any Encumbrances which the person or entity has with respect to the Membership Interests, each such person or entity is hereby directed to deliver all such statements, instruments and releases and the Debtors and the Buyer are hereby granted power of attorney and authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity asserting the same and the Buyer is authorized to file a copy of this Order which, upon filing, shall be conclusive evidence of the release and termination of such interest. Each and every federal, state and local governmental unit is hereby directed to accept any and all documents and instruments necessary or appropriate to give effect to the Sale and related transactions.

10. This Court shall retain exclusive jurisdiction with regard to all issues or disputes in connection with the Order and the relief provided for herein, including, without limitation, to protect the Debtors and/or the Buyer from interference with the Sale, and to resolve any disputes related to the Sale or arising under the MIPA or the implementation thereof.

11. The Buyer shall not be liable for any claims against the Debtors.

12. The Debtors, the Buyer, the Indenture Trustee and each of their respective officers, employees and agents are hereby authorized to execute such documents and to do such acts as are necessary or desirable to consummate the Sale and effectuate the MIPA and the related actions set forth therein including, but not limited to, any amendment to the Operating Agreement (as defined in the MIPA).

13. This Order does not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state law.

14. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

15. Notwithstanding Bankruptcy Rules 6004 and 6006, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors, the Buyer, and the Indenture Trustee are free to perform under the MIPA at any time, subject to the terms of the MIPA, and the Buyer and the Indenture Trustee shall be afforded the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the MIPA if this Order or any authorization contained herein is reversed or modified on appeal.

16. The Buyer is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this MIPA and the conduct or consummation of the Sale.

17. The Debtors are authorized and directed to perform their obligations under the MIPA.

18. <u>AECA/ITAR</u>. Notwithstanding any provision to the contrary in the Motion, MIPA or this Order, the Debtors, the Indenture Trustee and the Buyer agree that the Membership Interests will be sold in compliance with the provisions of the Arms Export Control Act ("<u>AECA</u>") and the International Traffic in Arms Regulations ("<u>ITAR</u>") and the Debtors, the Indenture Trustee and the Buyer shall comply with applicable federal non-bankruptcy law, including but not limited to AECA and ITAR.

Dated: March 25, 2014

KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE